IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | |
| Plaintiff, | ) | No. 98-488 C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**SACRAMENTO MUNICIPAL UTILITY DISTRICT'S MOTION REGARDING THE TREATMENT OF DEPOSITIONS FROM OTHER SPENT NUCLEAR FUEL CASES**

**Introduction**

Plaintiff, Sacramento Municipal Utility District ("SMUD"), respectfully requests the Court to issue an order holding that the depositions and trial testimony of government witnesses and contractors taken in the other spent nuclear fuel ("SNF") cases should be treated, for evidentiary purposes, as if they were taken in this case. See RCFC 32(a); FRE 804(b)(1). SMUD files this motion now, before deposition discovery begins, to avoid having to impose significant additional burdens on, and retake the depositions of, every government witness who was previously deposed or testified in other SNF cases.

If the government is going to argue that the prior testimony is inadmissible in SMUD's case because it technically occurred in another SNF case, that issue needs to be resolved now both for judicial efficiency and the sake of the witnesses. Because the government had an opportunity and a similar motive in the other SNF cases to represent and develop the testimony of those witnesses by direct, cross, or redirect examination, Rule 32(a) of the Rules of the Court of Federal Claims ("RCFC") and Federal Rule of Evidence ("FRE") 804(b)(1) allow the prior testimony to be treated as if taken in this case. Plaintiff recognizes that it will still have to satisfy

the other requirements of the RCFC and FRE before particular depositions and testimony can be admitted into evidence at trial, but seeks to resolve now any issue regarding the fact that the prior testimony was taken in a different SNF case.[1]

## I. Both Judicial Efficiency And Common Sense Dictate That Prior Testimony Be Used.

In its Scheduling Order dated March 23, 2004, this Court expressly reminded the parties that "the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances 'as though the witnesses were then present and testifying.'" Scheduling Order ¶ 3 (quoting RCFC 32(a)). In another SNF case, South Carolina Elec. & Gas Co. v. U.S., No. 04-101 (Fed Cl.), Judge Lettow urged the parties "to draw upon discovery already had in the earlier filed spent-nuclear-fuel cases." See Order dated April 26, 2004 in Case No. 04-101 (attached hereto as Exhibit 1). Consistent with these directions, Plaintiff wrote to Defendant on April 23, 2004, to seek its consent to the use of the prior testimony and depositions in this case. See 4/23/04 Letter from T. Macdonald to R. Shultis, et al. (attached hereto as Exhibit 2). Plaintiff, however, has received no response, and is therefore filing this motion to resolve the issue prior to the commencement of deposition discovery in this case.

Plaintiff's request is in keeping with the government's own stated preference for enhancing the efficiency of the discovery process, as expressed in Defendant's Report in Response to Notice of Pre-Discovery Conference to be Convened on April 30, 2004 ("Defendant's Report"), filed with the Court on April 23, 2004. In Defendant's Report, the government emphasizes the importance of limiting unnecessary deposition-taking of government witnesses so as to avoid duplication and inefficiency. Defendant sought to "limit the number of

[1] Regardless of whether such prior testimony occurred in this or another case, certain portions of the testimony may be admissible in this case as a prior inconsistent or consistent statement under FRE 801(d)(1) or as a non-hearsay admission of a party-opponent or its agent under FRE 801(d)(2).

hours that any potential deponent would have to sit for deposition and the number of times that the deponent would have to appear." Defendant's Report at 11. The government also objects to multiple depositions of government witnesses, explaining that "[p]roceeding in such a manner will place burdens on the same individuals who are charged with constructing and opening a repository so that the DOE can meet its obligations pursuant to the Standard Contract at issue." Id. Finally, Defendant states that "[t]he government is prepared to provide these same documents, deposition transcripts, and access to counsel for the new plaintiffs and impose no conditions upon the use of this material outside the requirements and limitations imposed by the Court's rules and the rules of evidence." Id. at 12.

The order requested in the present motion would serve to avoid the same unnecessary duplication the government fears and would simply allow Plaintiff to use, subject to the other provisions of the RCFC and FRE, the depositions of government witnesses and contractors from other SNF proceedings as if they had been taken in this case.[2] There is ample authority for such an order under RCFC 32(a) and FRE 804(b)(1); the decision lies in the discretion of the Court. See Hub v. Sun Valley Co., 682 F.2d 776, 777-78 (9th Cir. 1982).

## II. The Prior Testimony Satisfies RCFC 32(a).

RCFC 32(a) provides that, at a trial, "any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof," in accordance with the remaining provisions of the subdivision. Defendant in the present case was represented at the taking of the depositions at issue.

[2] If the Court grants this motion, SMUD expects that it will be able to drastically reduce the number and scope of depositions of government witnesses and contractors who were previously deposed in another SNF case. Nonetheless, SMUD reserves the right to take the deposition of government witnesses if it is necessary based on the particular facts of SMUD's case.

Paragraph (4) directly addresses the situation where a party seeks to use depositions from a prior action in a subsequent action. The rule states in relevant part:

> [W]hen an action has been brought in any court of the United States or of any State and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor. A deposition previously taken may also be used as permitted by the Federal Rules of Evidence.

RCFC 32(a)(4).

This rule is identical to Fed. R. Civ. P. 32(a)(4), which has always been construed liberally "in light of the twin goals of fairness and efficiency." Hub, 682 F.2d at 778. Thus, courts have consistently held that the rule requires only a "substantial identity of parties and issues" between the cases for depositions to be admissible. Fullerform Continuous Pipe Corp. v. Am. Pipe & Constr. Co., 44 F.R.D. 453, 455 (D.C. Ariz. 1968) (quoting Batelli v. Kagan & Gaines Co., 236 F.2d 167, 169 (9th Cir. 1956)); see also 7 Moore's Federal Practice § 32.63[1] (3d ed. 2003). The underlying question for the Court is whether the interests and parties are sufficiently related that the original party had the same motive to cross-examine the deponent as the party in the later case against whom the deposition is to be used. Ikerd v. Lapworth, 435 F.2d 197, 205 (7th Cir. 1970); Hertz v. Graham, 23 F.R.D. 17, 22 (S.D.N.Y. 1958), aff'd 292 F.2d 443 (2d Cir. 1961). "The purpose of using prior depositions and testimony is to save the time, effort and money of the litigants and to expedite trials, with a view to achieving substantial justice." Hertz, 23 F.R.D. at 20.

The parties need not be identical. The main concern in determining whether there is "substantial identity of parties" is the party against whom the prior deposition is to be used. In the present case, the depositions are to be used against the same defendant as in the other cases, the government. Defendant was represented at these depositions, often by multiple counsel, and

had an opportunity to interpose objections, cross-examine the witnesses and/or conduct further questioning, which it often did. The fact that the plaintiff differs does not affect the analysis under Rule 32(a)(4). See Minyen v. Am. Home Assurance Co., 443 F.2d 788, 791 (10th Cir. 1971); Hertz, 23 F.R.D. at 20-22; see also Insul-Wool Insulation Corp. v. Home Insulation, 176 F.2d 502, 504 (10th Cir. 1949). As such, the requirement that there be "substantial identity of parties" between the two cases is met in the present case.

SMUD's case against the government also shares a "substantial identity of issues" with the other SNF cases.[3] SMUD's claim is based on a breach of the same "Standard Contract" with the government. The Federal Circuit has already held that "[t]he breach involved all the utilities that had signed the contract – the entire nuclear electric industry." Maine Yankee Atomic Power v. United States, 225 F.3d 1336, 1342 (Fed. Cir. 2000). As in Hertz, "the plaintiff alleges the same acts and omissions by the defendant, as were alleged in the prior … case. The defenses too are essentially the same." Hertz, 23 F.R.D. at 22. The government has filed nearly identical motions for partial summary judgment and motions to dismiss in all the relevant SNF cases. Thus, testimony relating to the government's actions and intentions that was relevant for determining the government's liability and the extent of that liability in other SNF cases will also be relevant for SMUD's case. Accordingly, the two requirements of Rule 32(a)(4) are satisfied and the depositions of government witnesses and contractors from other SMUD cases should be treated as if originally taken for the present case.

## III. The Prior Testimony Also Satisfies FRE 804(b)(1).

FRE 804(b)(1) provides that depositions from other proceedings may be admitted into evidence under an exception to the hearsay rule where the witness is unavailable to testify at trial

---

[3] The issues need not be identical to satisfy this requirement. Fullerform, 44 F.R.D. at 456.

and "the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." FRE 804(b)(1); The Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 751 (11th Cir. 2002); DeLuryea v. Winthop Labs., 697 F.2d 222, 227 (8th Cir. 1983).

This standard is similar to the requirements of RCFC 32(a)(4) already discussed above. The actual extent of cross-examination or further examination of the witness is not the key factor. Rather, "[o]pportunity and motivation to cross-examine are the important factors…" DeLuryea, 697 F.2d at 227. "If the party against whom [testimony is] now offered is the one against whom the testimony was offered previously, no unfairness is apparent in requiring him to accept his own prior conduct of cross-examination or decision not to cross-examine." FRE 804(b)(1) advisory committee's note. The fact that the offering party is not the same as the offering party in the other proceeding does not affect admissibility under FRE 804(b)(1). Id. Because the government was represented at each of the prior depositions and trial, and had an opportunity and similar motive to develop the testimony, the prior testimony satisfies the test under FRE 804(b)(1).

## Conclusion

Given the strong need to avoid the inefficiency of duplicating depositions and the government's self-stated desire to avoid this duplication, Plaintiff therefore respectfully requests the Court to rule that the government had an opportunity and similar motive to develop the prior testimony and depositions in the other SNF cases under FRE 804(b)(1) and that the depositions of government witnesses and contractors taken in other SNF cases may be treated as if they were taken for SMUD's case against the government under RCFC 32(a).

DATED this 6th day of May, 2004.

Respectfully submitted,

s/ Howard Cayne by s/ Timothy R. Macdonald
Howard Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5899
Counsel of Record for
Plaintiff Sacramento Municipal Utility District

Of Counsel:
David S. Neslin
Timothy R. Macdonald
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Sacramento Municipal Utility District's Motion Regarding the Treatment of Depositions From Other Spent Nuclear Fuel Cases, to be served electronically through the Court of Federal Claims Case Management / Electronic Case Filing System on May 6, 2004, upon the following:

Harold D. Lester, Jr.
Russell A. Shultis
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Timothy R. Macdonald