IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT, Plaintiff, | ) | |
| v. | ) | No.98-488C (Judge Braden) |
| UNITED STATES OF AMERICA Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION REGARDING THE TREATMENT OF DEPOSITIONS FROM OTHER SPENT NUCLEAR FUEL CASES**

Defendant, the United States, respectfully responds to plaintiff's motion regarding the treatment of depositions and trial testimony of Government witnesses and contractors taken in other spent nuclear fuel ("SNF") cases.

Defendant generally has no objection to plaintiff's request that plaintiff, Sacramento Municipal Utility District ("SMUD"), be permitted to use the depositions and trial testimony of Government witnesses and contractors taken in other SNF cases, for evidentiary purposes, as if they were taken in this case. However, as SMUD correctly recognizes, see Plaintiff's Mot. at 1-2, any order permitting the use of depositions or testimony from other cases should be predicated on the admissibility in this case of any such prior depositions or trial testimony pursuant to the other requirements of the Rules of the Court of Federal Claims and the Federal Rules of Evidence ("FRE"). For example, although SMUD asserts in its motion that the use of depositions from other cases satisfies FRE 804(b)(1), which it asserts allows depositions from other cases to "be admitted into evidence," Plaintiff's Mot. at 5-6, that rule requires the deponent to be unavailable as a witness at trial before FRE 804(b)(1) would permit admission of the deposition as a substitute for trial testimony, and SMUD would have to establish the unavailability of the

witness before it could use the deposition testimony as a substitute for live testimony.

Further, to the extent that SMUD seeks to introduce at trial in this case the deposition or trial testimony of the Government's expert witnesses from other cases, even if that expert has not been identified as a testifying expert in this case, such testimony constitutes inadmissible hearsay. Kirk v. Raymark Indus., Inc., 61 F.3d 147, 164 (3d Cir. 1995). Indeed, because expert witnesses in other cases are "expected to give [their] own honest, independent opinion[s]," the experts "remain[] autonomous" and cannot be considered agents of the Government pursuant to Federal Rule of Evidence 801(d)(2)(C). Glendale Federal Bank, FSB v. United States, 39 Fed. Cl. 422, 424 (1997). Unless an expert in a previous case is identified as an expert in this case, the Government will object to the use of such testimony for any purpose, and opposes SMUD's motion to the extent that it seeks permission to introduce testimony in this case from expert witnesses who testified in other cases but have not been designated to testify here.

For the foregoing reasons, we respectfully request that any order that the Court enters permitting SMUD to use deposition and trial testimony from Government fact witnesses in other SNF cases in this case require SMUD to satisfy any otherwise applicable admissibility requirements under the Rules of the Court of Federal Claims and the FRE. We also respectfully request that the Court deny SMUD's request to use deposition and trial testimony of those expert witnesses from other cases that have not been identified as testifying in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

May 19, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 19th day of May, 2004, a copy of "DEFENDANT'S RESPONSES TO PLAINTIFF'S MOTION REGARDING TREATMENT OF DEPOSITIONS FROM OTHER SPENT NUCLEAR FUEL CASES," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Russell A. Shultis