IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | |
| Plaintiff, | ) | No. 98-488 C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**SACRAMENTO MUNICIPAL UTILITY DISTRICT'S REPLY TO DEPENDANT'S RESPONSE TO PLAINTIFF'S MOTION REGARDING THE TREATMENT OF DEPOSITIONS FROM OTHER SPENT NUCLEAR FUEL CASES**

Plaintiff, Sacramento Municipal Utility District ("SMUD"), respectfully files this Reply to Defendant's Response to Plaintiff's Motion Regarding the Treatment of Depositions from other Spent Nuclear Fuel ("SNF") cases.

The government does not object to Plaintiff's request that the prior depositions and trial testimony of lay government witnesses and contractors taken in other SNF cases be treated as if they were taken in the present case under RCFC 32(a). The government also does not dispute that it had an opportunity and similar motive to develop the testimony of those witnesses in the other SNF cases as specified in FRE 804(b)(1). Accordingly, for the sake of judicial efficiency and to ease the burden on the government witnesses, SMUD's motion to treat those depositions as occurring in this case should be granted.

Defendant does, however, lodge an objection with respect to the prior testimony of government expert witnesses who have not been identified as experts in the present case. Defendant asserts that the prior sworn testimony of its experts should not be considered the admission of a party opponent under FRE 801(d)(2)(C). *See* Def. Resp. at 2 (citing Kirk v.

Raymark Indus., Inc., 61 F.3d 147, 164 (3d Cir. 1995) and Glendale Federal Bank, FSB v. United States, 39 Fed. Cl. 422, 424 (1997)). SMUD's motion, however, did not address or seek a ruling on the question of whether the prior testimony of a government expert witness is admissible as a non-hearsay admission of a party opponent under FRE 801(d)(2)(C). This issue, if it arises, will have to be considered based on the particular facts and testimony of the specific expert witness.

SMUD's motion simply sought an order clarifying that, during the prior depositions and testimony in other SNF cases of government witnesses, the government had an "opportunity and similar motive" to examine the witnesses under FRE 804(b)(1), and that the cases involved the same "subject matter" as the present case under RCFC 32(a)(4). This is true whether the testimony was by lay or expert witnesses. Indeed, the government does not allege that the other SNF cases present a different subject matter or dispute that it had the same motive and opportunity to examine its own expert witnesses.

Cases addressing FRE 804(b)(1) and RCFC 32(a)(4) make no distinction between lay and expert testimony for the purpose of determining whether prior depositions and testimony may be treated as if they were taken in the present case. See DeLuryea v. Winthrop Labs., 697 F.2d 222 (8th Cir. 1983); U.S. v. I.B.M. Corp., 90 F.R.D. 377 (S.D.N.Y. 1981). The government offers no principled basis for such a distinction, and no support for such a distinction exists in the Rules. The government was represented at the prior depositions (and during the prior testimony), and if it intends to disavow the prior testimony of its own experts in the present case, SMUD will address that at the appropriate time. But, the fact that certain prior testimony was taken by government experts should not affect the analysis under FRE 804(b)(1) or RCFC 32(a)(4).

The case on which Defendant relies for the proposition that prior expert testimony should be treated differently under FRE 804(b)(1) or RCFC 32(a)(4), Kirk v. Raymark Indus., Inc., 61 F.3d 147 (3d Cir. 1995), does not support its position. Kirk addressed the question of whether the testimony of an expert witness in a prior case qualified as a non-hearsay admission of a party-opponent under FRE 801(d)(2).[1] As explained above, SMUD has not sought any ruling on this issue at this time (and a ruling in the abstract, without the specific facts and particular testimony, would not be appropriate). The court in Kirk separately considered whether the objecting party had an "opportunity and similar motive" during the prior testimony to cross-examine the witness, as required by FRE 804(b)(1), which would allow admission if the witness was unavailable. Kirk, 61 F.3d at 164-66. In ruling on this issue, the Third Circuit did not distinguish between expert and lay testimony, but simply held that the requirements of FRE 804(b)(1) were not satisfied in that case because the district court failed to make findings as to "opportunity and similar motive" regarding the prior testimony. This is the very finding that SMUD is requesting in the present motion – and that the government has not disputed.[2]

Plaintiff has expressly recognized that the actual admission into evidence of particular testimony and depositions at trial will depend on compliance with other provisions of the RCFC and the FRE, including the unavailability requirements of FRE 804(b)(1) or RCFC 32(a)(3). At the present time, Plaintiff respectfully requests only that the Court find that the government had an opportunity and similar motive to develop the prior testimony and depositions of both lay and

---

[1] In Kirk, based on the facts of that case, the Third Circuit ruled that the prior expert testimony did not qualify as a party admission under FRE 801(d)(2)(C).

[2] The other case on which Defendant relies, Glendale Federal Bank, FSB v. U.S., 39 Fed. Cl. 422 (1997), also addresses only admissibility of prior testimony as a party opponent admission under FRE 801(d)(2). Plaintiff is not at the present time seeking admission of the government experts' prior testimony under FRE 801(d)(2), although it reserves the right to do so in the future with regard to particular testimony and depositions.

expert witnesses in the other SNF cases under FRE 804(b)(1) and that the prior cases involved the "same subject matter" under RCFC 32(a).

DATED this 28th day of May, 2004.

Respectfully submitted,

s/ Howard Cayne by s/ Timothy R. Macdonald

Howard Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5899
Counsel of Record for
Plaintiff Sacramento Municipal Utility District

Of Counsel:
David S. Neslin
Timothy R. Macdonald
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF FILING

I certify that I caused a copy of the foregoing Sacramento Municipal Utility District's Reply to Defendant's Response to Plaintiff's Motion Regarding the Treatment of Depositions From Other Spent Nuclear Fuel Cases, to be filed electronically through the Court of Federal Claims Case Management / Electronic Case Filing System on May 28, 2004. I understand that all parties may access the filing through the Court's CM/ECF System, including:

Harold D. Lester, Jr.
Russell A. Shultis
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Timothy R. Macdonald