IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | |
| Plaintiff, | ) | No. 98-488 C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEPENDANT'S MOTION FOR ENLARGEMENT OF TIME TO COMPLETE FACT DISCOVERY**

**Introduction**

Plaintiff, Sacramento Municipal Utility District ("SMUD"), respectfully files this response to "Defendant's Motion for Enlargement of Time to Complete Fact Discovery and for Clarification or Modification of March 23, 2004 Scheduling Order" ("Def's Mot."). Plaintiff opposes Defendant's preemptive request for a three-month enlargement of fact discovery, which sets forth no specific tasks that would require such a lengthy extension. In addition, SMUD has cooperated with the government throughout this litigation on modest extensions of time where necessary, and if the parties require extra days to complete certain discrete tasks after August 2, 2004, SMUD will continue that cooperation. Such extensions, however, should not disrupt the trial schedule established by this Court on March 23, 2004.

The government's motion acknowledges that "the parties have exchanged a great deal of information pursuant to [the Court's Scheduling] order" and that "a great deal of activity has occurred since March 23, 2004." Def's Mot. at 4, 7. Since the government filed its motion for enlargement on June 14, it has taken an additional six fact depositions of SMUD employees and

contractors.[1] Moreover, the government has scheduled at least ten other depositions of SMUD employees or former employees in the coming weeks. See Letter from V. Strohmeyer to T. Macdonald of 6/28/04 (attached as Exhibit 1). Similarly, SMUD is taking the deposition of DOE official Leroy Stewart on July 1, 2004, and the parties are scheduling at least seven other depositions of government officials for the next several weeks. SMUD does not anticipate that either side will require significantly more fact depositions than those currently scheduled. Nonetheless, if identified by the government, SMUD will continue to make additional employees available for deposition as necessary. A preemptive enlargement of time for fact discovery is, therefore, unnecessary.

An enlargement of 90 days would almost certainly delay all aspects of the pre-trial schedule and ultimately the trial itself, as Defendant itself recognizes. Def's Mot. at 8. A lesson learned from the other SNF cases is that granting wholesale extensions of time often begets subsequent requests for additional extensions. Given the numerous delays in this now six-year-old case, Plaintiff is opposed to a further delay in the trial of this action.

Finally, Plaintiff anticipates that it will seek a similar order to that issued by Judge Lettow in Tennessee Valley Authority v. U.S., Case No. 01-249-C, on June 2, 2004 (attached as Exhibit 2) that would allow SMUD to return to this Court to pursue later the damages that it incurs in future time periods. Assuming that the Court enters such an Order, there will be no issue of "future damages" in this case. Thus, the issues for discovery will be far narrower than was contemplated at the time of the Court's March 23, 2004 Scheduling Order, making a preemptive enlargement of time even more inappropriate.

---

[1] The government took the depositions of SMUD employees Bob Jones, Dennis Gardiner, and Jerry Delezenski on June 15-16, the depositions of former SMUD employees Ken Miller and Roger Powers on June 17 and 23, and the deposition of former SMUD contractor Sal Levy on June 22.

## I. The Parties Have Sufficient Time to Complete Fact Discovery Before August 2, 2004

Defendant already has taken six depositions in the last two weeks and is scheduling at least ten others in the weeks to come. See Ex. 1. In addition, in recent months the parties have exchanged thousands of pages of documents and responded to numerous interrogatories. This recent fact discovery is in addition to the extensive fact discovery already completed in 2001.

Following this Court's March 23, 2004 Scheduling Order, SMUD has spent an inordinate amount of time preparing its case and complying with the Court's schedule. On April 16, 2004, SMUD provided the government with its Preliminary Damages Information ("PDI") and hundreds of pages of detailed spreadsheets from its accounting system. For the past costs of constructing a dry storage system between 1997 and 2003, Plaintiff broke down the historical costs by year and, within each year, broke down the costs by individual "work order number." Supporting documents and spreadsheets for each entry were then organized by year and specific work order number. This information went far beyond that required by the RCFC and gave the government a significant head start on damages discovery.

Thereafter, the government did not serve requests for production or interrogatories related to the PDI until May 14 and May 19, 2004. In response, SMUD worked diligently to ensure that the government would have full access to all supporting documentation and data in an expedited fashion. SMUD made its electronic Accounting Software System, SAP, available to the government on June 8, 2004, and the government has taken advantage of that access. The government had four consultants working on SAP at SMUD's facility for more than a week (and it is still available for their review). A computer terminal was set up for their use, and SMUD provided a manual on how to access and use the system and allowed the government to both print and download data to a computer disk. When the government consultants had difficulty

understanding how to access certain data from SAP, SMUD counsel interrupted a deposition to participate in a conference call to allow SMUD personnel to walk the consultants through the SAP software to access the requested data.

In addition to providing Defendant with access to its Accounting Software System, Plaintiff provided Defendant with 200 boxes of original invoices, accompanied by a detailed index that allowed Defendant to locate particular invoices for particular companies for each year. See Index to Invoices (attached as Exhibit 3). The fact that SMUD staff created this index and provided it to the government again exceeds what is required by the discovery rules. SMUD also has provided its timecards and other business records requested by Defendant.

## II. Defendant's Justifications are Insufficient to Warrant an Enlargement of Time

Although Defendant complains of the burden arising from the number of SNF cases currently being brought against the government, Defendant has itself taken advantage of the similarity of these cases in its Requests for Production of Documents. On April 15, 2004, Defendant served Plaintiff with its Supplemental Request for Production of Documents Related to Damages, containing numerous requests that were not tailored to the particular facts of SMUD's claim against the government. Many of these generic Requests could have been served shortly after the Court's March 23 Order, thus saving time for both parties.

Plaintiff also objects to Defendant's argument that it requires a three-month extension because its "lead attorney," Russell Shultis, will be unavailable for much of July, 2004, due to his commitments on another SNF case scheduled to be in trial at that time. Plaintiff observes that four other Department of Justice attorneys have taken recent depositions in SMUD's case, and five paid consultants have assisted at those depositions or with the review of documents. In addition, the government has over 20 attorneys working on the various SNF cases. The possible

unavailability of one attorney should not preclude the government from completing its fact discovery in SMUD's case. The other SNF cases were already underway at the time the Court issued its March 23 Scheduling Order and the obligations of government counsel on these cases was foreseeable.

Finally, Plaintiff objects to Defendant's suggestion that Plaintiff is obliged to provide Defendant with "final damages calculations" in the midst of fact discovery and that its failure to do so warrants an enlargement of time. Plaintiff has already gone beyond the requirements of the Court's Scheduling Order and the RCFC with the submission of its PDI on April 16, 2004 in an effort to facilitate the government's review and move the case along quickly. SMUD also will provide expert reports and disclosures as required by the Court's Scheduling Order.

## III. Defendant Offers No Basis for the Requested Modifications to the Court's Scheduling Order

Plaintiff opposes Defendant's requests for modifications to the Scheduling Order, with the exception that Plaintiff would agree that Defendant be given 7 days to file responses to any motions filed by plaintiff on November 29, 2004. This is the same number of days that Plaintiff is given to respond to the motions that Defendant will file on December 23, 2004 (i.e. Plaintiff's due date for responses is December 30, 2004). Defendant does not explain why the government should be given 21 days to file its responses, while SMUD be given only 7 days.[2]

Defendant's request for additional time to identify its own expert witnesses is unjustified and has no support in the RCFC. See RCFC 26(a)(2). The government does not explain how knowing the identity of SMUD's experts for two weeks will affect whom it decides to use as an

[2] Plaintiff observes that days after the Court entered its March 23 Scheduling Order, Plaintiff suggested that Defendant have the same number of days for its response as were given to Plaintiff, 7 days. Defendant, however, failed to respond to Plaintiff's offer.

expert in this case. Further, Defendant already has multiple experts for the other SNF cases, some of whom will presumably be used again. Defendant cannot reasonably argue, therefore, that it is burdened by the need to disclose the identity of its expert witnesses on July 2, 2004 in accordance with the Court's Scheduling Order.

Defendant's request for modification of the date for supplemental discovery motions is unwarranted. Defendant has used such supplemental motions in other SNF cases to seek further delay and disruption to existing trial schedules. If the government believes there is additional discovery necessary, it should comply with the Court's Scheduling Order.

## Conclusion

The parties have already exchanged a great deal of information and have taken many depositions as part of the fact discovery process. They have sufficient time to complete this fact discovery within the time allotted by the Court in its Scheduling Order. If there is a specific need for an extension to take a few depositions beyond August 2, SMUD is willing to work with the government to facilitate that effort.

An enlargement of 90 days is unnecessary and would almost certainly delay the rest of the schedule set out in the Court's Scheduling Order, including the January 25, 2005 trial date. Plaintiff therefore respectfully requests the Court to deny Defendant's Motion for an Enlargement of Time and to deny Defendant's request for modifications to the Court's March 23 Scheduling Order.

DATED this 1st day of July, 2004.

Respectfully submitted,

s/ Howard Cayne by s/ Timothy R. Macdonald
Howard Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5899
Counsel of Record for
Plaintiff Sacramento Municipal Utility District

Of Counsel:
David S. Neslin
Timothy R. Macdonald
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF FILING

I certify that I caused a copy of the foregoing Sacramento Municipal Utility District's Reply to Defendant's Response to Plaintiff's Motion Regarding the Treatment of Depositions From Other Spent Nuclear Fuel Cases, to be filed electronically through the Court of Federal Claims Case Management / Electronic Case Filing System on July 1, 2004. I understand that all parties may access the filing through the Court's CM/ECF System, including:

Harold D. Lester, Jr.
Russell A. Shultis
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Timothy R. Macdonald