**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 98-488C<br>(Judge Braden) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO COMPLETE FACT DISCOVERY AND FOR CLARIFICATION OR MODIFICATION OF MARCH 23, 2004 SCHEDULING ORDER**

Defendant, the United States, hereby responds to the response that plaintiff, Sacramento Municipal Utility District ("SMUD"), filed to Defendant's Motion for Enlargement of Time to Complete Fact Discovery and for Clarification or Modification of March 23, 2004 Scheduling Order.[1] In our motion, the Government established that an enlargement of time to conduct fact discovery was proper because: (1) the current discovery schedule leaves the Government with inadequate time to complete fact discovery; (2) SMUD has to date failed to provide its final damage calculations to the Government; and (3) any appeals in Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.) will likely affect the damages issues involved in the discovery process in this case. In response to our motion, SMUD argues that the motion should be denied because: (1) SMUD is willing to consider providing modest extensions of time; (2) wholesale extensions of time only lead to more requests for extensions of time; (3) SMUD

[1] The Government also respectfully requests that its Motion for Enlargement of Time to Complete Fact Discovery and for Clarification or Modification of March 23, 2004 Scheduling Order be resolved on an expedited basis since the deadline set forth in the Court's March 23, 2004 scheduling order is quickly approaching and any delays in the adjudication of this motion could render the motion moot and deprive the Government of the relief it is seeking.

may agree to defer its future damages claim; and (4) sufficient time exists to complete fact discovery. As we set forth below, each of SMUD's arguments fail to demonstrate that the interests of justice would be served by denying the Government's motion.

## DISCUSSION

### SMUD HAS FAILED TO DEMONSTRATE THAT THE INTERESTS OF JUSTICE WILL BE SERVED BY DENYING THE GOVERNMENT'S MOTION

#### 1. Modest Time Extensions Will Not Remedy The Fundamental Inadequacy of Time Remaining For Completion Of Fact Discovery

SMUD states in its response that it is willing to grant "modest extensions of time" to the Government "to complete certain discrete tasks after August 2, 2004." Response, p. 1. However, "modest extensions of time" will not suffice in allowing the Government to fully complete its fact discovery. SMUD's offer to provide piecemeal extensions ignores the fundamental inadequacy of the time remaining for the completion of the Government's discovery given the current state of the discovery process. As a threshold matter, although the Court issued its scheduling order in late March, the parties were not able to decide upon the number of remaining depositions until late May.[2] The parties are now currently in the process of scheduling the

[2] The Government raised deposition scheduling issues with SMUD on May 21, 2004, but did not receive a response from SMUD until approximately two weeks later. The Government and SMUD have recently taken a number of depositions. The Government deposed Robert Jones on June 15, 2004; Jerry Delezenski on June 15, 2004; Dennis Gardner on June 15, 2004; Ken Miller on June 16, 2004; Saul Levy on June 22, 2004; and Roger Powers on June 23, 2004. SMUD deposed Department of Energy employees Leroy Stewart on July 1, 2004 and Ken Picha on July 7, 2004. Department of Energy employee Robert Burgoyne is scheduled for deposition on July 8, 2004. On July 7, 2004, SMUD's counsel canceled the deposition of SMUD contractor Thomas LaGuardia, which was scheduled for July 9, 2004.

remaining required and agreed upon depositions.[3] See Exhibit 1. This schedule makes it very difficult for both parties, particularly the Government which did not have the advantage of the consolidated discovery proceedings depositions like SMUD, to complete all of the depositions within the current framework of the Court's March 23, 2004 scheduling order.[4] This schedule dictates that the Government either take or defend a deposition virtually every day up to and including August 2, 2004.

Moreover, the parties are still actively engaged in written discovery, as demonstrated by SMUD's continued production of numerous boxes of documents as recently as June 29, 2004.[5] This continuing production means the Government is currently identifying potential deponents and discovery issues. This is particularly unfair to the Government since SMUD has been allowed to participate in discovery regarding schedule issues in the coordinated discovery proceedings. The Government did not take depositions during those proceedings, with the Court

[3] The deposition schedule is constantly evolving because of the short time frame for depositions, parties' availability, and travel issues.

[4] Plaintiff's statement that the Government has "over 20 attorneys working on the various SNF cases" is simply not true. Plaintiff's Response, p. 4. Currently, there are approximately 15 Government attorneys working on the 64 spent nuclear fuel cases and only five specifically working on the SMUD case, and many of the available attorneys are devoted to the trial in Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.); and Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.). See Government's Motion for Enlargement of Time to Complete Fact Discovery and for Clarification or Modification of March 23, 2004 Scheduling Order, p. 7.

[5] SMUD has produced many documents to the Government that are duplicates of previously produced documents and acknowledges that it is doing so. See Exhibits 2 and 3. Such a practice contributes to the already substantial burden on the Government of preparing for depositions. The Government must spend even more time determining which documents are duplicates and which have not been previously produced when preparing for depositions due to SMUD's continuing production of these documents.

expressly reserving the Government's right to take schedule depositions at a later time, and the Government will be prejudiced if it is not able to complete all of its fact discovery to the same extent that SMUD has in this matter. An extension of 90 days should provide the Government with adequate time to review the material obtained during the discovery process and adequately prepare for trial, especially given that SMUD is constantly revising its damages theories.

2. The Government's Enlargement Request Reflects Our Full Understanding Of Our Discovery Needs

In its response, SMUD suggests that granting the Government an enlargement of 90 days is just the beginning of "wholesale extensions of time [which] often begets subsequent requests for additional extensions." Response, p. 2. To the contrary, this enlargement request reflects the full amount of time for fact discovery necessary for the Government to prepare for trial. SMUD has provided no basis for its suggestion that granting the Government an additional 90 days to complete fact discovery will lead to subsequent requests for additional extensions. SMUD states that its warning is a "lesson learned from other SNF cases," but provides no example or authority for its assertion. Accordingly, this argument has no merit.

The Government has requested that the Court grant an enlargement of 90 days so that the Government will not have to ask the Court for an additional extension of time in the future to complete fact discovery. Rather, the Government has asked the Court for the full amount of time that the Government believes is required to fully and fairly complete all fact discovery activities. SMUD granting the Government "modest extensions of time . . . to complete certain discrete tasks" will not be sufficient to allow the Government adequately to defend against SMUD's damages claims.

3. Removal Of SMUD's Future Damages Claim From The Case Does Not Obviate The Need For An Enlargement

SMUD also states in its response that it intends to seek an order related to future damages similar to the one issued by Judge Lettow in Tennessee Valley Authority v. United States, No. 01–249C (Fed. Cl., June 2, 2004). Plaintiff's Response, p. 2. Discovery on the issue of future damages involves only a fraction of the damages sought by SMUD, and removing this claim from the litigation does not dramatically alter the amount of fact discovery required by the Government.[6] In addition, SMUD has not formally withdrawn its future damages claims and is instead assuming that the Court will issue an order similar to Judge Lettow in Tennessee Valley Authority. This argument for opposing the enlargement of time for fact discovery fails because it involves a minor portion of the total fact discovery, regardless whether SMUD obtains the order that it states it intends to seek.

4. SMUD's Assertion Regarding The Sufficiency Of Time To Complete Fact Discovery Ignores The Discrepancy Of Fact Discovery Completed To Date, Discovery Advantages Utilized By SMUD, And Other Discovery Obstacles

SMUD asserts that the parties have sufficient time to complete fact discovery by August 2, 2004. Plaintiff's Response, p. 3. Although the parties have been diligently working to schedule and complete the required and remaining depositions in this case, it is not practicable for all of the required depositions to be completed by the close of fact discovery. As discussed above, SMUD participated in the consolidated discovery proceedings, which SMUD references

---

[6] By attempting to remove the future damages issue at this point of the case, SMUD demonstrates that it continues to revise and alter its claims against the Government. This periodic revision of claims by SMUD further necessitates additional time for fact discovery since the Government continually has to change its activities in defending SMUD's claims based upon the changes that SMUD continues to make to its claims.

as the "extensive fact discovery already completed in 2001," and was able to obtain much of its discovery during those proceedings. Response, p. 3. The Government did not have the same opportunity as SMUD to obtain information during the consolidated discovery proceedings.

SMUD also states that it provided the Government and its consultants with access to its electronic Accounting Software System ("SAP"). Response, p. 3. The volume of accounting information contained in SMUD's SAP system requires that the Government be allotted additional time adequately to review this information to allow it an adequate opportunity to prepare a defense to SMUD's damages claims. The Government also spent a considerable amount of time simply trying to access the information when working at SMUD's facility. In addition, cross-country travel is required for the Government's consultants to review SMUD's accounting information, and SMUD's facility is closed every Friday. Thus, because of travel issues and SMUD closures, the Government is limited to reviewing SMUD's accounting information on mainly Tuesdays, Wednesdays and Thursdays of each week.[7]

Further, it is hardly surprising that the Government will be unable to complete fact discovery by August 2, 2004. This matter is a breach of contract case of significant complexity that involves SMUD's damages claim totaling approximately $65 million. These types of cases involve many issues and require the involvement of many witnesses adequate to defend against a plaintiff's claims. The deadline for the close of fact discovery – like all deadlines – is subject to enlargement for good cause shown. See RCFC 6(b). The practicality of adequately completing discovery in an extremely short time frame and the need to provide both parties with a fair

---

[7] Additionally, cross-country travel and SMUD closures on Fridays, along with SMUD's refusal to produce any employees for depositions on Fridays, complicates the Government's attempts to complete its depositions within the time specified in the scheduling order.

opportunity fully and fairly to adjudicate the respective interests in this matter necessitates the enlargement of the previously set date for the close of fact discovery.

<u>THE NEED FOR ADDITIONAL TIME TO COMPLETE FACT DISCOVERY</u>

The time to complete fact discovery, currently scheduled to close on August 2, 2004, needs to be enlarged so that the parties can practically complete all necessary discovery in this matter. The parties agreed on or about May 21, 2004, that the Government shall be allowed to take at least 22 fact witness depositions, not including any depositions that the Government takes pursuant to Rule 30(b)(6), while SMUD shall be permitted to take an additional 12 fact witness depositions in addition to the 13 depositions that SMUD has already taken in the coordinated discovery proceedings.[8] Allowing SMUD to complete its fact discovery, through its advantage of participation in the coordinated discovery proceedings, but not allowing the Government fully to complete its fact discovery to allow it adequately to defend itself in this matter would unfairly prejudice the Government.

The parties now have less than 30 days to complete the nearly 30 remaining and agreed-upon depositions, plus the Government's Rule 30(b)(6) depositions, and to gather and produce requested documents. Additionally, the Government has very little time to process and analyze that information, to respond to SMUD's expert reports, and to prepare the Government's

[8] As the Government stated in its motion filed May 19, 2004, the Government generally has no objection to SMUD's request to use the depositions and trial testimony of Government witnesses and contractors taken in other SNF cases for evidentiary purposes, as if they were taken in this case, subject to the admissibility of the testimony under the Federal Rules of Evidence and the Rules of the Court of Federal Claims. However, as we also stated in our motion, the Government opposes the use at trial of the deposition or trial testimony of the Government's expert witnesses from other cases, where the expert has not been identified as a testifying expert in this case.

expert reports, which are currently due on August 23, 2004. It is clear that those tasks cannot be properly completed within the scheduled time.

REQUEST FOR CLARIFICATION OR MODIFICATION
OF THE COURT'S MARCH 23, 2004 SCHEDULING ORDER

The Government also respectfully seeks clarification of several aspects of the Court's March 23, 2004 scheduling order. The Government's requests for clarification are fully described in its motion.

CONCLUSION

For the foregoing reasons and the reasons stated in our motion, the Government respectfully requests that the Court grant its motion for an enlargement of time and for clarification or modification of the March 23, 2004 scheduling order. The Government also requests that this motion be resolved on an expedited basis since the deadline set forth in the Court's March 23, 2004 scheduling order is quickly approaching.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

s/ Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax:: (202) 307-2503

July 7, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 7th day of July 2004, a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO COMPLETE FACT DISCOVERY AND FOR CLARIFICATION OR MODIFICATION OF MARCH 23, 2004 SCHEDULING ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Russell A. Shultis