IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | |
| Plaintiff, | ) | No. 98-488 C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR AN ORDER REGARDING SUBSEQUENT ACTIONS FOR FUTURE DAMAGES, PLAINTIFF'S REQUEST TO STAY DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S RECOVERY OF FUTURE DAMAGES, and PLAINTIFF'S REQUEST FOR EXPEDITED CONSIDERATION**

## Introduction

Plaintiff, Sacramento Municipal Utility District ("SMUD"), respectfully files this Motion to request an Order reserving Plaintiff's right to bring subsequent actions before this Court on claims for damages accruing subsequent to the time period encompassed by the trial, notwithstanding any final judgment entered by the Court following such trial. The Order requested would be similar to Judge Lettow's recent order in another Spent Nuclear Fuel ("SNF") case, Tennessee Valley Authority v. U.S., 60 Fed. Cl. 665 (Fed. Cl. 2004) ("TVA"). It would narrow the issues for trial and reduce the burden on the Court and parties in this litigation.

If the requested Order is granted, Plaintiff will withdraw its claim for future damages in this action. This will moot Defendant's June 7, 2004 Motion for Partial Summary Judgment regarding such damages ("Defendant's Motion"). Plaintiff therefore requests that the Court stay action on Defendant's Motion, pending resolution of Plaintiff's request for the Order, and allow Plaintiff to file a further opposition to Defendant's Motion in the event the Order is not granted.

Plaintiff also requests that the Court expedite consideration of this Motion, holding a telephonic hearing if necessary, so that the parties may avoid unnecessary discovery on future damages if that claim is withdrawn. Plaintiff has consulted the government on this matter, but the government has not yet informed Plaintiff of its position.

## Background

It is undisputed that the government will not begin performance under the contract at issue in this case until at least 2010. See Yankee Atomic Elec. Co. v. U.S., Case No. 98-126 C, Order of June 28, 2004, at 2, 3 (attached as Exhibit 1). SMUD is seeking damages for this non-performance, including damages to compensate for its future operations, security, and maintenance costs. In response, the government has sought partial summary judgment on those future damages, requesting that the Court rule as a matter of law that SMUD cannot recover such damages in this case. See Defendant's Motion.

The ability of SNF plaintiffs to recover future damages has been addressed in three recent decisions in other cases. See Yankee, Ex. 1; Indiana Michigan v. U.S., 60 Fed. Cl. 639 (Fed. Cl. 2004); TVA, 60 Fed. Cl. at 665. In all three decisions, the Court has recognized the plaintiff's ability to recover future damages in a future action. See Yankee, Ex. 1, at 3 (quoting Corbin on Contracts' proposition that a non-breaching party in an action for partial breach may "maintain a second suit in case a further breach occurs"); Indiana Michigan, 60 Fed. Cl. at 664 (reserving the plaintiff's right to bring subsequent actions for recovery of future losses caused by the government's breach as related cases); TVA, 60 Fed. Cl. at 676-79 (reserving the plaintiff's right to bring subsequent actions for recovery of losses incurred after the time period encompassed by the trial).

Two of these cases, however, have diverged on the question of whether the plaintiff may recover future damages in the present litigation. In the Yankee case, Judge Merow determined that the plaintiff may recover future damages notwithstanding that their claim is for partial breach of contract. See Yankee, Ex. 1, at 2-5. Judge Merow rejected the government's argument that future damages are recoverable only on a claim for total breach. Id. at 2 (citing 9 Corbin on Contracts § 956 (2003 Fall Cumulative Supp.)). He also observed that, since it is undisputed that the government will not perform before 2010, there is "no risk of windfall" and "no possibility that future government performance [would] ameliorate or eliminate expenditures caused by defendant's failure to take actions necessary to commence performance in 1998 and perform through 2010." Id. at 3. By contrast, in dicta in Indiana Michigan, Judge Hodges stated that future damages are not recoverable in a claim for partial breach of a contract. See Indiana Michigan, 60 Fed. Cl. at 642, 664.[1] In the third SNF case, TVA, the plaintiff did not seek future damages but instead requested an order similar to that proposed in this Motion, which Judge Lettow granted. See TVA, 60 Fed. Cl. at 676-78.

Thus, these decisions have resolved this issue in different ways, although all have recognized that plaintiffs may bring subsequent actions for damages accruing in the future. Consistent with this authority, and to simplify the legal and factual issues for trial, SMUD is willing to withdraw its claim for future damages in the present action, provided that SMUD's right to bring subsequent actions to recover these damages is reserved.

[1] Judge Hodges' statements on this subject were dicta because Judge Hodges held that the plaintiff had not proven the necessary causation for such damages. Indiana Michigan, 60 Fed. Cl. at 642.

## Argument

### A. Plaintiff is Entitled to the Order Requested

Plaintiff requests that the Court issue an Order expressly reserving Plaintiff's right to bring subsequent actions before this Court from time to time for the recovery of damages accruing in the future as a result of Defendant's breach of contract, notwithstanding the entry of a final judgment in this case. Plaintiff further requests that the Order provide that such future actions be treated as related to this case, thus ensuring that they will be assigned to Your Honor.[2]

#### 1. The Requested Order is Expressly Authorized by the Restatement (Second) of Judgments

An Order like the one requested by Plaintiff is expressly contemplated in the Restatement (Second) of Judgments, which has long guided the Federal Circuit in this area and which guided Judge Lettow in his decision in TVA. See TVA, 60 Fed. Cl. at 676-78; Ammex, Inc. v. U.S., 334 F.3d 1052, 1056 (Fed. Cir. 2003); Young Eng'rs, Inc. v. U.S Int'l Trade Comm'n, 721 F.2d 1305, 1314 (Fed. Cir. 1983). Section 26(1) of the Restatement provides that, in certain circumstances, the general bar on splitting claims will not apply and "part or all of the claim

[2] Contrary to Defendant's preference, Defendant's Motion at 7-8, 10, SMUD's damages should not be limited to those incurred prior to the filing of its complaint in 1998. Such a limitation was rejected by Judges Merow, Lettow, and Hodges in their recent SNF decisions. See Yankee, Ex. 1, at 2-4 (holding that the plaintiff could claim future damages up to 2010); TVA, 60 Fed. Cl. at 678 (holding that the plaintiff could claim damages through the end of its most recently completed fiscal year before trial); Indiana Michigan, 60 Fed. Cl. at 642 (citing authority for the view that, in an action for partial breach of a contract, a party may recover damages up to the time of trial). This approach is in keeping with the general principles of contract law that damages should place the injured party in as good a position as they would have been but for the breach. See, e.g., Hughes Communications Galaxy, Inc. v. U.S., 271 F.3d 1060, 1066 (Fed. Cir. 2001). As Judge Lettow explained in TVA, allowing a plaintiff to recover damages incurred through the end of its most recent fiscal year before trial makes "presentation and analysis of evidence more convenient and efficient for the parties and the Court without inflicting prejudice on either party." TVA, 60 Fed. Cl. at 678 n.16. SMUD has previously provided the government with detailed information and documentation on its damages through 2003 and the government has obtained discovery on these damages. Thus, the government will suffer no hardship from including damages up to, at the very least, the end of 2003. By contrast, if SMUD's damages claim were limited to the time of filing, this would require SMUD to file serial actions to recover successive amounts accruing between the time of each filing to the time of each trial.

subsists as a possible basis for a second action by the plaintiff against defendant." These circumstances include a situation where:

> (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action; or
>
> …
>
> (e) For reasons of substantive policy in a case involving a continuing or recurring wrong, the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of suit, and chooses the latter course; …

Restatement (Second) of Judgments § 26(1)(b), (e) (1982).[3]

Thus, the Court has authority under § 26(1)(b) to issue the Order requested. Moreover, the situation presented in SMUD's case against the government for partial breach of the Standard Contract is expressly recognized in § 26(1)(e) of the Restatement and its accompanying comments.[4] In an action for partial breach, the judgment "does not preclude a further action by [plaintiff] for a breach occurring after that date." Restatement (Second) of Judgments § 26 cmt. g; see also id., illus. 7; TVA, 60 Fed. Cl. at 677 (relying on § 26(1)(b) and (e) of the Restatement for an order maintaining TVA's right to bring subsequent actions for future damages). As Judge Lettow recognized, TVA's claim against the government for partial breach is a "limited claim, that, by its nature, does not embrace all of TVA's rights and claims for redress with respect to the ongoing TVA Contract." TVA, 60 Fed. Cl. at 677. This is equally true of SMUD's claim against the government here.

The requested Order also comports with statements by Judge Merow in the Yankee case and by Judge Hodges in the Indiana Michigan case. Both Judges recognized that in claims for

---

[3] In addition, the parties may agree to the splitting of claims, or the defendant may acquiesce. See Restatement (Second) of Judgments § 26(1)(a).

[4] In TVA, Judge Lettow relied on both § 26(1)(b) and § 26(1)(e). TVA, 60 Fed. Cl. at 678.

partial breach, the plaintiff may recover future damages in subsequent actions, quoting Corbin on Contracts for the proposition that a non-breaching party "may elect to regard the breach as partial, proceed with his own performance, sue for the partial injury, *and maintain a second suit in case a further breach occurs*." 9 Corbin on Contracts § 949 at 720 (interim ed.) (emphasis added). See Yankee, Ex. 1, at 3; Indiana Michigan, 60 Fed. Cl. at 664; see also TVA, 60 Fed. Cl. at 677. In Indiana Michigan, Judge Hodges even directed the Clerk of Court to treat such claims as related cases. Indeed, the government has itself suggested that SMUD may recover future damages in future actions. "To the extent that additional partial breaches occur in the future, SMUD can attempt to resolve any claims arising from those partial breaches without litigation as they arise or, alternatively, *may maintain another suit based upon those partial breaches*." Defendant's Motion at 11-12 (emphasis added); see also id. at 10; Indiana Michigan, 60 Fed. Cl. at 664 (observing that the government "represented before trial that such causes of action would be appropriate if applicable").

2. The Requested Order Will Narrow the Issues for Trial and Reduce the Burden on the Court and the Parties

Plaintiff seeks this Order to narrow the issues for trial and reduce the burden on the Court and the parties associated with determining future damages arising out of Defendant's breach. In the absence of such an Order, SMUD will be forced to seek its future damages in the present case. That will require a number of additional issues to be resolved, both legal and factual.

To begin with, the Court would need to resolve the legal question of the availability of future damages in the present case. As noted above, the Judges in the other SNF cases have reached dissimilar results on this question. Judge Merow determined that such damages are available given the unique facts of the SNF litigation. See Yankee, Ex. 1, at 2-5 (finding that the certainty that the government would not perform before 2010 warrants a claim for future

damages). By contrast, Judge Hodges stated in dicta that such damages are unavailable. See Indiana Michigan, 60 Fed. Cl. at 642, 664. Plaintiff submits that Judge Merow's opinion better reflects the law on future damages for partial breach as applied to the facts of the SNF litigation and that SMUD's case against the government can be distinguished from Indiana Michigan on its facts. Nevertheless, the Order requested would avoid the need for resolution of this issue.

In addition, in the absence of the requested Order, the Court would need to resolve a number of factual questions. For example, the Court may need to determine the likely date the government will begin performance of the Standard Contract. The government has conceded that it will not begin performance until at least 2010; the start date, however, will likely be later. In addition, the Court would need to determine the future costs that SMUD will incur as a result of the government's delay, including costs accruing a decade or more in the future. The Court may also need to decide on appropriate inflation and discounting rates. Although all of these issues can be resolved at trial, the requested Order would render this unnecessary, thereby reducing the burden on the Court and the parties.

**B. The Court Should Stay Action on Defendant's Motion Pending Resolution of the Requested Order**

Defendant's Motion requests partial summary judgment on Plaintiff's right to claim future damages in the present case. The requested Order would grant Plaintiff the right to bring subsequent actions for this purpose and enable Plaintiff to withdraw its pending claim for future damages. This would render Defendant's Motion moot. "An issue is moot when it is no longer 'live' or the parties lack a legally cognizable interest in the outcome." NEC Corp. & HSNX v. U.S., 151 F.3d 1361, 1369 (Fed. Cir. 1998); United Payors & United Providers Health Servs., Inc. v. U.S., 55 Fed. Cl. 323, 332 (Fed. Cl. 2003). Under these circumstances, Plaintiff respectfully requests the Court to stay action on Defendant's Motion pending a decision on the

requested Order. This stay would further judicial economy and efficiency. If the Court issues the requested Order, no action on Defendant's Motion will be necessary. If the Court does not grant the requested Order, Plaintiff will promptly file its opposition to Defendant's Motion and accompanying Proposed Findings of Fact.[5]

**C. Expedited Review of this Motion is Appropriate to Gain the Full Benefit of the Order Requested and Limit Unnecessary Discovery**

Fact discovery regarding damages is currently underway and set to end on August 2, 2004, pursuant to the Court's March 23, 2004 Scheduling Order.[6] By the time the parties have filed their responses and replies to this Motion under the usual deadlines, this fact discovery will most likely be complete. In order to save the parties unnecessary time and effort gathering information regarding future damages if Plaintiff's claim for such damages is withdrawn, Plaintiff requests that the Court grant expedited consideration to this Motion, including an expedited telephonic hearing if necessary. Both parties will benefit from knowing the Court's position on future damages as soon as possible.

---

[5] As Judge Merow pointed out in his recent Order in the Yankee case, there is no doubt that the government will not commence performance until 2010, at the earliest. As such, Plaintiff's recovery of future damages is appropriate as "there is no risk of windfall" and "no possibility that future government performance will ameliorate or eliminate expenditures caused by defendant's failure to take actions necessary to commence performance in 1998 and perform through 2010." Yankee, Ex. 1, at 3. Judge Merow's decision in Yankee correctly notes that the government's reliance on Corbin on Contracts for the proposition that future damages are inconsistent with a claim for partial breach is misplaced. See id. at 2. The 2003 Fall Cumulative Supplement observes that "[i]t is not true that future damages are inconsistent with a partial breach." See Yankee, Ex. 1, at 2; 9 Corbin on Contracts § 956 (2003 Fall Cumulative Supp.). Further, Corbin on Contracts stresses that the terms "total breach" and "partial breach" should be seen as rendering useful service, but "do not in themselves determine the result that a court should reach." 9 Corbin on Contracts § 946 at 721 (interim ed.). The Court should weigh the circumstances of the case before it in reaching its decision, rather than allowing the terms to dictate the outcome. Id. In the present case, as Judge Merow recognized, the circumstances of the case demonstrate that future damages are appropriate.

## Conclusion

An Order by the Court expressly reserving Plaintiff's right to bring subsequent claims before this Court for damages accruing after the time period encompassed by the trial will significantly reduce the number of factual and legal issues in dispute during discovery and trial. Such an Order would render Defendant's Motion moot, since Plaintiff would no longer pursue its claim for future damages in this action.

Plaintiff therefore respectfully requests the Court to issue an Order declaring that Plaintiff shall retain the right to bring subsequent actions before this Court on claims for damages accruing after the period encompassed by the trial, notwithstanding any final judgment entered by the Court following such trial. Further, Plaintiff respectfully requests the Court to stay consideration of Defendant's Motion for Summary Judgment regarding Plaintiff's claim for future damages without prejudice. Finally, Plaintiff respectfully requests that the Court give this Motion expedited consideration.

---

Footnote continued from previous page

[6] Defendant has moved for an enlargement of time for fact discovery. However, Plaintiff has opposed this enlargement as unwarranted and unnecessary.

DATED this 8th day of July, 2004.

Respectfully submitted,

s/ Howard Cayne by s/ Timothy R. Macdonald
Howard Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5899
Counsel of Record for
Plaintiff Sacramento Municipal Utility District

Of Counsel:
David S. Neslin
Timothy R. Macdonald
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF FILING

I certify that I caused a copy of the foregoing Plaintiff's Motion for an Order Regarding Subsequent Actions for Future Damages, Plaintiff's Request to Stay Defendant's Motion for Partial Summary Judgment Regarding Plaintiff's Recovery of Future Damages, and Plaintiff's Request for Expedited Consideration to be filed electronically through the Court of Federal Claims Case Management / Electronic Case Filing System on July 8, 2004. I understand that all parties may access the filing through the Court's CM/ECF System, including:

Harold D. Lester, Jr.
Russell A. Shultis
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Timothy R. Macdonald