IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT, Plaintiff, | ) | No. 98-488 C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S RECOVERY OF FUTURE OR PROSPECTIVE DAMAGES**

In response to the Government's Proposed Findings of Uncontroverted Fact in Support of its Motion for Partial Summary Judgment regarding Plaintiff's Recovery of Future or Prospective Damages, Plaintiff, Sacramento Municipal Utility District ("SMUD"), states as follows:

1. Sacramento Municipal Utility District ("SMUD") is a municipal utility district that owns Rancho Seco Nuclear Generating Station Unit 1, a nuclear-powered plant situated near Sacramento, California. Compl. ¶ 4.[1]

RESPONSE: Plaintiff agrees that SMUD is a municipal utility district, that it owns Rancho Seco Nuclear Generating Station, and that this facility is a nuclear-powered plant situated near Sacramento, California. Plaintiff further clarifies that Rancho Seco is no longer an operating nuclear-powered plant.

[1] "Compl ¶ ____" refers to the complaint filed in this action on June 9, 1998.

2. On June 14, 1983, SMUD entered into the "Standard Contract for Disposal of Spent Nuclear Fuel And/Or High-Level Radioactive Waste" with the Department of Energy ("DOE"). Compl. ¶ 23.

RESPONSE: Plaintiff agrees that it entered into the Standard Contract with DOE on June 14, 1983.

3. DOE did not begin accepting spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") from SMUD under the Standard Contract by January 31, 1998. On June 9, 1998, SMUD filed a lawsuit against DOE alleging a breach of the Standard Contract.

RESPONSE: Plaintiff agrees that DOE did not begin accepting SNF and/or HLW from SMUD under the Standard Contract by January 31, 1998, and that on June 9, 1998 SMUD filed a lawsuit against DOE alleging a breach of the Standard Contract. Plaintiff further states that DOE has conceded that it will not begin picking up SNF and/or HLW from any utility until 2010 at the earliest. See, e.g., Yankee Atomic Elec. Co. v. U.S., 2004 WL 1535688, *1-4 (Fed. Cl. June 28, 2004); Office of Civilian Radioactive Waste Management, U.S. Dep't of Energy, DOE/RW-0567, Acceptance Priority Ranking & Annual Capacity Report 2 (July, 2004) (Appendix, at 1-8); Klein Dep. Tr. April 24, 2002 at 239: 13-16 (Appendix, at 9-20).

4. In paragraph 48 of its complaint in this action, SMUD contended that its "claims in this action are for the amounts related to the government's failure to make timely performance. SMUD insists the Government meet its obligation to dispose of SMUD's SNF. If the government further repudiates its obligations, and demonstrates an intention permanently to refuse to dispose of SMUD's SNF, SMUD reserves all rights to assert new and separate claims founded upon such action." (Emphasis added).

RESPONSE: Plaintiff agrees that paragraph 48 of SMUD's complaint contained the sentences quoted by the government, without the emphasis added by the government. Plaintiff objects, however, that this is inappropriate as a finding of fact because it is a single quote taken from a larger document that is the best evidence of its meaning and contents.

5. On March 26, 2004, SMUD provided the Government with its initial disclosures, in which SMUD has asserted that it is entitled to recover damages "caused by the government's minimum twelve-year delay in performing under the contract, including, but not limited to, the costs of its dry storage system and Independent Spent Fuel Storage Installation ("ISFSI"), the labor and equipment costs related to the project, the costs of operating and maintaining ("O&M") the system during the government's delay, and the costs of decommissioning the system." See SMUD Initial Disclosures, dated March 26, 2004 (Appendix, at 1-5).[2]

RESPONSE: Plaintiff agrees that it provided the Government with its initial disclosures on March 26, 2004 and that these disclosures included the quoted language. However, Plaintiff objects that this language is inappropriate as a finding of fact because it is a single quote taken from a larger document that is the best evidence of its meaning and contents.

6 In a letter dated April 16, 2004, counsel for SMUD provided the Government with SMUD's "preliminary damages information" pursuant to the Court's scheduling order dated March 23, 2004 (Appendix 6-10). This information was divided into two spreadsheets. The first reflected an estimate of past costs that SMUD claimed it incurred for its dry storage project as a result of the Government's breach of the Standard Contract. Id. The second spreadsheet reflected an estimate of annual Operating, Maintenance and Security ("OS&M") costs for

[2] The Appendix to Defendant's Proposed Findings is not attached.

SMUD's Independent Spent Fuel Installation ("ISFSI"), and indicated that SMUD expected to incur these costs "for at least the 12 years resulting from the government's breach." Id.

RESPONSE: Plaintiff agrees that it provided Defendant with the "preliminary damages information" referred to in this finding of fact on April 16, 2004. Plaintiff objects to the government's narrative description of this information, including the spreadsheets and supporting material, in this finding of fact. The documents themselves are the best evidence of their contents. Plaintiff further clarifies that Plaintiff's letter of April 16, 2004 accompanying its preliminary damages information expressly reserved its right to modify, refine, or change this preliminary information as discovery continues, and that the first spreadsheet indicates that during the years 1999 through 2003 SMUD incurred over $54 million in past dry storage costs resulting from the government's breach of the Standard Contract.

DATED this 16th day of August, 2004.

Respectfully submitted,

s/ Howard Cayne by s/ Timothy R. Macdonald
Howard Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5899
Counsel of Record for
Plaintiff Sacramento Municipal Utility District

Of Counsel:
David S. Neslin
Timothy R. Macdonald
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF FILING

I certify that I caused a copy of the foregoing Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Fact in Support of its Motion for Partial Summary Judgment regarding Plaintiff's Recovery of Future or Prospective Damages to be filed electronically through the Court of Federal Claims Case Management / Electronic Case Filing System on August 16, 2004. I understand that all parties may access the filing through the Court's CM/ECF System, including:

Harold D. Lester, Jr.
Russell A. Shultis
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Timothy R. Macdonald