IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | |
| Plaintiff, | ) | No. 98-488 C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

JOINT STIPULATION AND ORDER REGARDING THE TREATMENT OF DEPOSITIONS FROM OTHER SPENT NUCLEAR FUEL CASES

Background

1. On May 6, 2004, Plaintiff, Sacramento Municipal Utility District ("SMUD") filed its Motion Regarding the Treatment of Depositions from Other Spent Nuclear Fuel Cases ("Motion"). Plaintiff requested the Court to issue an order holding that the depositions and trial testimony of Government witnesses taken in other spent nuclear fuel ("SNF") cases be treated, for evidentiary purposes, as if they were taken for SMUD's present lawsuit before the Court. Plaintiff also requested the Court to find that the Government had an opportunity and similar motive to develop the prior testimony of Government witnesses in the other SNF cases.
2. On May 18, 2004, Defendant filed its Response to SMUD's Motion, in which it objected to SMUD's motion with respect to the depositions and trial testimony of Government expert witnesses, but not Government lay witnesses.
3. Plaintiff filed its Reply on May 28, 2004.

Stipulation and Order

4. In the interest of resolving the above-stated issues regarding Government lay witnesses in a mutually acceptable fashion, the parties hereby stipulate to the following and the Court orders that:

   a. All deposition and trial testimony of Government lay witnesses in other SNF cases will be treated for evidentiary purposes as if such testimony were taken or given in the present lawsuit, and all such deposition testimony will be treated as taken in the present lawsuit under Rule 32(a) of the Rules of the Court of Federal Claims ("RCFC").

   b. The Government had an opportunity and similar motive to develop the prior deposition and trial testimony of Government lay witnesses taken in other SNF cases under Rule 804(b)(1) of the Federal Rules of Evidence ("FRE").

   c. The admissibility at trial in the present lawsuit of particular deposition or trial testimony from other SNF cases remains subject to the other requirements of the RCFC and FRE.

5. The parties are unable to resolve the above-stated issues regarding Government expert witnesses or to reach any stipulation regarding them. Therefore, with respect to Government expert witnesses, the Court will defer ruling upon the Motion for the time being and will decide it in a subsequent order.

Dated: September 27, 2004

s/Howard Cayne by s/Timothy Macdonald
Howard Cayne
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5999

Attorneys for Plaintiff

s/Harold D. Lester, Jr.
Harold D. Lester, Jr.
Assistant Director

s/Russell A. Shultis
Russell A. Shultis
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-7561

Attorneys for Defendant

IT IS SO ORDERED.

s/Susan G. Braden
Judge