**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

SACRAMENTO MUNICIPAL UTILITY DISTRICT,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 98-488C
(Judge Braden)

**DEFENDANT'S ANSWER TO AMENDED**
**COMPLAINT AND AFFIRMATIVE DEFENSES**

For its answer to the amended complaint that plaintiff, Sacramento Municipal Utility District ("SMUD"), filed in this case, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 1. The allegations contained in the third, fourth, fifth, sixth, seventh, and eighth sentences of paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in the first, second, and third sentences of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fourth sentence of paragraph 4.

5. The allegations contained in paragraph 5 are conclusions of law and plaintiff's characterization of its case to which no response is required.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent they are supported by the referenced Standard Contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. The allegations contained in the first, second, and third sentences of paragraph 8 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph.

9. The allegations contained in paragraph 9 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 are conclusions of law and plaintiff's

characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained the first and second sentences of paragraph 14 to the extent they are supported by the referenced standard contract and statute, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 14. The allegations contained in the third and fourth sentences of paragraph 14 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. Admits.

16. Denies.

17. Admits the allegations contained in paragraph 17 to the extent they are supported by the referenced statute, which is the best evidence of its contents; otherwise denies these allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent they are supported by the referenced statute, Federal Register notice, and contract, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in the first sentence of paragraph 19 to the extent they are supported by the referenced Federal Register notice, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 19. The allegations contained in the second sentence of paragraph 19 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in paragraph 20 to the extent they are supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in the first and second sentences of paragraph 21 to the extent they are supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 21. Admits the allegations contained in the third sentence of paragraph 21.

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent they are supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 22. Admits the allegations contained in the second sentence of paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent they are supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. The allegations contained in paragraph 24 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied.

25. Denies.

26. Denies.

27. The allegations contained in paragraph 27 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. Admits the allegations contained in paragraph 28 that the government has deposited the standard contract fees it receives from utilities, including SMUD, into the Nuclear Waste Fund; admits the remaining allegations contained in paragraph 28 to the extent they are supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. The allegations contained in the first, second, third, and fourth sentences of paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent that they are supported by 42 U.S.C. § 10222, which is the best evidence of its contents; defendant otherwise denies the allegations contained in the first, second, third, and fourth sentences of paragraph 29. Admits the allegations contained in the fifth sentence of paragraph 29.

30. Admits.

31. The allegations contained in paragraph 31 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Denies.

35. Denies the allegations contained in paragraph 35; avers in response to the second sentence of paragraph 35 that the Department of Energy did not "disregard" priority for shutdown reactors, but, instead made a reasoned decision not to grant that priority..

36. Denies.

37. Denies.

38. Denies.

39. Admits the allegations contained in paragraph 39 to the extent they are supported by the text of the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent they are supported by the petition for review cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent they are supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent they are supported by the written announcement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43 to the extent they are supported by the petition for review cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent they are supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent they are supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

49. The allegations contained in the first sentence of paragraph 49 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 49.

50. The allegations contained in paragraph 50 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

51. Denies.

52. Denies the allegations contained in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53. Denies the allegations contained in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. Denies.

55. Denies the allegations contained in paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56. Denies.

57. Denies the allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58. The allegations contained in paragraph 58 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

59. Defendant's response to paragraphs 1 through 58 of the amended complaint are incorporated by reference.

60. The allegations contained in paragraph 60 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 are conclusions of law and plaintiff's

characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. Defendant's response to paragraphs 1 through 58 of the amended complaint are incorporated by reference.

64. The allegations contained in paragraph 64 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

66. Defendant admits the allegation contained in paragraph 66 that SMUD has paid certain fees required under the terms of its contract; the remaining allegations contained in paragraph 66 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied..

67. The allegations contained in paragraph 67 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 are conclusions of law and plaintiff's characterization of the case to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied.

70 - 80. The allegations contained in Count IV relate to plaintiff's takings claims, to which the defendant is not required to respond at this time pursuant to this Court's order dated October 8, 2004.

81 - 83. The allegations contained in Count V relate to plaintiff's takings claims, to which the defendant is not required to respond at this time pursuant to this Court's order dated October 8, 2004.

84. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 83, or any relief whatsoever.

85. Denies each and every allegation not previously admitted or otherwise qualified.

## FIRST AFFIRMATIVE DEFENSE

84. Plaintiff has failed to satisfy a condition precedent to defendant's liability.

## SECOND AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred for failure to exhaust its administrative remedies as required by its contract with the Department of Energy.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the amended complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax:: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

October 15, 2004

CERTIFICATE OF FILING

I hereby certify that on this 15th day of October, 2004, a copy of foregoing "DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Todd J. Cochran