IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | |
| Plaintiff, | ) | No. 98-488 C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**SACRAMENTO MUNICIPAL UTILITY DISTRICT'S MOTION FOR LEAVE TO FILE DESIGNATED DEPOSITION TESTIMONY OF DAVID LANGSTAFF AS SUBSTANTIVE EVIDENCE PURSUANT TO FRE 801(d)**

Plaintiff, Sacramento Municipal Utility District ("SMUD"), previously filed on February 18, 2005, a motion for leave to file designated deposition and trial testimony as substantive evidence in SMUD's affirmative case. Plaintiff inadvertently failed to include the deposition testimony of Government lay witness, David Langstaff. Plaintiff seeks the admission of designated portions of the deposition testimony of Mr. Langstaff under Rule 801(d) of the Federal Rules of Evidence ("FRE").[1] The designated deposition testimony is included as Exhibit 1 to this motion, together with a chart identifying the page and line numbers designated.

SMUD also moves to add Mr. Langstaff as a "may call" witness pursuant to the Witness List that SMUD filed on February 17, 2003.

[1] Under the terms of RCFC Appendix A, ¶ 15(b), Plaintiff is not required to file a motion for leave to file deposition testimony admissible under FRE 801(d). See RCFC Appendix A, ¶ 15(b); Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91, 96 (2004); Weaver-Bailey Contractors, Inc. v. United States, 19 Cl. Ct. 474, 482-483 (1990). Plaintiff files this motion as a courtesy to the Court and Defendant. Plaintiff reserves the right to seek the admission of additional trial and deposition testimony under FRE 801(d), as contemplated by RCFC Appendix A, ¶ 15(b).

## Argument

I. Proffered Testimony from Government Lay Witness David Langstaff is Admissible as Substantive Evidence Under FRE 801(d)

SMUD seeks the admission of the deposition testimony of Government lay witness David Langstaff as substantive evidence under FRE 801(d)(2)(D). Under FRE 801(d)(2), "a statement made by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is an admission by a party-opponent and admissible as non-hearsay. The deponent need not be unavailable for these statements to be admitted. Globe Sav. Bank, 61 Fed. Cl. at 94-95. FRE 801(d)(2) provides an independent ground for admission of testimony and the party seeking admission is not also required to satisfy the requirements of RCFC 32. Globe Sav. Bank, 61 Fed. Cl. at 95-96.

"It is a 'widely-accepted rule that admissions of a party-opponent under Rule 801(d)(2) are accorded generous treatment in determinations of admissibility.'" Id. at 96-97 (quoting Aliotta v. National R.R. Passenger Corp., 315 F.3d 756, 761 (7th Cir. 2003). A statement is admissible as a non-hearsay admission of a party-opponent if: (1) the statement is offered against a party; (2) the statement concerns a matter within the scope of the declarant's agency or employment; and (3) the statement is made during the existence of the relationship. See FRE 801(d)(2)(D); Globe Sav. Bank, 61 Fed. Cl. at 96-87.

The proffered deposition testimony attached in Exhibit 1 satisfies all three of these requirements. First, the statements are offered against a party, the Government. Second, the statements all concern matters within the scope of the declarant's employment. For this second prong of the test, "'[t]he only requirement is that the subject matter of the admission match the subject matter of the employee's job description.'" Globe Sav. Bank, 61 Fed. Cl. at 97 (quoting Aliotta, 315 F.3d at 762).

Third, the statements offered were all made while the declarant was an employee of the Government. Where the employer is the Government, satisfaction of the third prong of the test for admissibility under FRE 801(d)(2)(D) does not depend on which agency or division of the Government the declarant is with at either the time of the statement or the time to which the statement relates. "The Rule expressly concerns the declarant's relationship with the party-opponent, which in this case is the United States, not a particular agency." Globe Sav. Bank, 61 Fed. Cl. at 97; see also Long Island Sav. Bank v. United States, 63 Fed. Cl. 157, 165 (2004).

As set forth below, SMUD's proferred testimony from David Langstaff satisfies the requirements of FRE 801(d)(2)(D).

*David Langstaff*

At the time he was deposed, November 4, 2004, Mr. Langstaff was employed by the Department of Energy ("DOE") in the Richlands field office in Richland, Washington. Ex. 1 (11/4/04 tr. at 8:2-12). Mr. Langstaff has been employed by DOE since 1982. Id. From 1984 to 1996, Mr. Langstaff's responsibilities included overseeing the work done at Pacific Northwest Laboratory relating to the Office of Civilian Radioactive Waste Management ("OCRWM"). Id. (11/4/04 tr. at 38:5-15). Mr. Langstaff's work included support for the Standard Contract, annual evaluation of the adequacy of the nuclear waste fund fee, the fee adequacy reports, and transportation logistics. Id. at 30:7-16. Mr. Langstaff also worked on negotiating and implementing the DOE / SMUD Cooperative Agreement and took the lead for DOE on many of the technical aspects of that agreement. Id. at 91:13-92:2.

The designated testimony of Mr. Langstaff relates to his work on the DOE / SMUD Cooperative Agreement and the spent fuel program. This testimony falls within the scope of Mr. Langstaff's employment with the Government and is admissible under FRE 801(d)(2)(D).

**Conclusion**

For the reasons set forth above, this Court should grant SMUD's motion for leave to file the designated deposition testimony as substantive evidence.

DATED this 25th day of February, 2005.

Respectfully submitted,

s/ Howard Cayne by s/ Timothy R. Macdonald
Howard Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5899
Counsel of Record for
Plaintiff Sacramento Municipal Utility District

Of Counsel:
David S. Neslin
Timothy R. Macdonald
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Sacramento Municipal Utility District's Motion for Leave to File Designated Deposition Testimony of David Langstaff as Substantive Evidence Pursuant to FRE 801(d) to be served electronically through the Court of Federal Claims Case Management / Electronic Case Filing System on February 25, 2005 upon the following:

Harold D. Lester, Jr.
Russell A. Shultis
Alan Lo Re
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Timothy R. Macdonald