No. 98-488C
(Judge Braden)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SACRAMENTO MUNICIPAL UTILITY DISTRICT,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DESIGNATED DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FRE 801(d)

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel
JOSHUA E. GARDNER
SCOTT R. DAMELIN
TODD J. COCHRAN
ELIZABETH THOMAS
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

February 28, 2005

# TABLE OF CONTENTS

DISCUSSION . . . . . 2

I. SMUD HAS FAILED TO COMPLY WITH THE REQUIREMENTS OF THIS COURT'S RULES FOR ALLOWING THE USE OF DESIGNATED DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE AT TRIAL IN PLACE OF LIVE TESTIMONY . . . . . 2

A. THE PARTIES' JOINT STIPULATION DOES NOT RELIEVE SMUD OF COMPLYING WITH THE REQUIREMENTS OF THIS COURT'S RULES AND THE RULES OF EVIDENCE . . . . . 2

B. WHEN, AS HERE, THERE HAS BEEN NO SHOWING OF UNAVAILABILITY TO TESTIFY AT TRIAL, THERE IS A STRONG PREFERENCE FOR LIVE TESTIMONY . . . . . 6

C. SMUD'S RELIANCE UPON THIS COURT'S DECISION IN *GLOBE* IS MISPLACED . . . . . 8

D. IF THE COURT GRANTS SMUD'S MOTION, THE COURT SHOULD RULE UPON THE OBJECTIONS WITHIN THE DESIGNATIONS, REQUIRE SMUD TO READ THE DESIGNATED TESTIMONY INTO THE RECORD AT TRIAL, AND ALLOW THE GOVERNMENT AN OPPORTUNITY TO COUNTER-DESIGNATE . . . . . 11

II. CERTAIN CATEGORIES OF SMUD'S PROPOSED DESIGNATIONS SHOULD BE DENIED AS IN APPROPRIATE DESIGNATIONS . . . . . 12

A. THE TRIAL TESTIMONY OF EDWARD ABBOTT, THE GOVERNMENT'S EXPERT WITNESS IN ANOTHER CASE, IS NOT ADMISSIBLE AS AN ADMISSION AGAINST THE GOVERNMENT . . . . . 12

B. SMUD HAS DESIGNATED TESTIMONY BEYOND THE SCOPE OF NUMEROUS DEPARTMENT OF ENERGY EMPLOYEES' RCFC 30(B)(6) DEPOSITIONS . . . . . 14

CONCLUSION . . . . . 17

## TABLE OF AUTHORITIES

### FEDERAL CASES

Allegier v. United States, 909 F.2d 869 (6th Cir. 1990) . . . . . . . . . . 14

American Steel Works v. Hurley Construction Co., 46 F.R.D. 465 (D. Minn. 1969) . . . . . . . . . 7

Angelo v. Armstrong World Industrial, 11 F.3d 957 (10th Cir. 1993) . . . . . . . . . . 3, 14

Banks v. Yokemick, 144 F. Supp. 2d 272 (S.D.N.Y. 2001) . . . . . . . . . . 6

Carmen v. San Francisco Unified Sch. Dist., 54 F.3d 1026 (9th Cir. 2001) . . . . . . . . . . 13

Cortes v. Maxus Exploration Co., 977 F.2d 195 (5th Cir. 1992) . . . . . . . . . . 11

Delaware v. Van Arsdall, 475 U.S. (1991) . . . . . . . . . . 10

Glendale Federal Bank v. United States, 39 Fed. Cl. 422 (1997) . . . . . . . . . . 13

Globe Savings Banks, FSB v. United States, 61 Fed. Cl. 91 . . . . . . . . . . 8, 9

Grimna v. Makousky, 76 F.3d 151 (7th Cir. 1966) . . . . . . . . . . 7

Kirk v. Raymark Indus., Inc., 61 F.3d 147 (3rd Cir. 1995) . . . . . . . . . . 13

Kolb v. County of Suffolk, 109 F.R.D. 125 (E.D.N.Y. 1985) . . . . . . . . . . 4, 7

Long Island Savings Bank, FSB v. United States, 63 Fed. Cl. 157 (2004) . . . . . . . . . . 12

Michigan v. Lucas, 500 U.S. 145 (1991) . . . . . . . . . . 10

Napier v. Bossard, 102 F.2d 467 (2d Cir. 1939) . . . . . . . . . . 6

Northwestern Nat. Ins. Co. v. Baltes, 15 F.3d 660 (7th Cir. 1994) . . . . . . . . . . 14

Starr v. Pearle Vision, Inc., 54 F.3d 1548 (10th Cir. 1995) . . . . . . . . . . 13

United States v. Blum, 62 F.3d 363 (2d. Cir. 1995) . . . . . . . . . . 10

United States v. Holmes, 44 F.3d 1150 (2d Cir. 1995) . . . . . . . . . . 10

United States v. Mathis, 559 F.2d 294 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Young v. Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 522 (D. Utah 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**MISCELLANEOUS**

8A C. Wright, A. Miller, & R. Marcus,
Federal Practice and Procedure § 2142 (2d ed. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

McCormick, Evidence 2d § 244 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-488C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS FOR LEAVE TO FILE DESIGNATED DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FRE 801(d)

Defendant, the United States, respectfully submits this opposition to Sacramento Municipal Utility District's ("SMUD") Motions for Leave to File Designated Deposition and Trial Testimony as Substantive Evidence Pursuant to RCFC 32(a) and FRE 801(d), filed February 18, 2005 and February 25, 2005. SMUD seeks to introduce nearly 2,500 pages of deposition and trial testimony for use at trial in lieu of live testimony of up to 41 past and present Government employees and other witnesses.[1] We oppose SMUD's attempt to introduce massive

---

[1] In its motions, SMUD seeks to introduce by designation the deposition and trial testimony of Edward Abbott, Christopher Bajwa, Lake Barrett, Edward Benz, Rita Bowser, Alan Brownstein, Robert Burgoyne, Robert Campbell, James Carlson, Billy Cole, S. David Freeman, David Huizenga, Keith A. Klein, Susan Klein, William Knoll, Chris Kouts, David Langstaff, Michael Lawrence, Ron Milner, Robert L. Morgan, Stephen C. O'Connor, Tom Pollog, Robert Rosselli, Ben Rusche, Nancy Slater-Thompson, Leroy Stewart, Vic Trebules, Jeffrey Williams, Francis Young and Dave Zabransky. In addition, SMUD lists the following additional individuals in its witness list under the heading of individuals from which it "expects to designate deposition and trial testimony from many of these witnesses" at some point in the future: John Bartlett, Patrice Bubar, James Cavanagh, Thomas Isaacs, William Lemeshewsky, Patrick McDuffie, Loring Mills, Ken Picha, Bill Teer, Beth Tomasoni, and Robert Wells. See SMUD's Witness List. SMUD also states that it may be "necessary to call some of these witnesses at trial." See SMUD's Witness List. Furthermore, SMUD asks in its February 18, 2005 motion for leave to designate the testimony of Francis Young. See Pl. Mot., February 18, 2005, at 16. However, Mr. Young does not appear on SMUD's witness list. See SMUD's Witness List.

amounts of deposition and trial testimony, in lieu of live testimony, because SMUD has not met the requirements of section 15(b) of Appendix A of the Rules of the Court of Federal Claims ("RCFC"). In addition, SMUD has failed to overcome Federal courts' preference for live testimony. Further, the substantial volume of SMUD's deposition and trial designations places an unnecessary burden upon the Court and the Government as SMUD attempts to conduct a "trial by deposition." Accordingly, the Court should deny SMUD's motions. In the alternative, to the extent that this Court may grant SMUD's motions, or any part thereof, we respectfully request that the Court rule upon the objections that are contained in the testimony designated by SMUD, pursuant to RCFC 32(b), require SMUD to read the designated testimony into the record at trial, and allow the Government to counter-designate testimony, pursuant to FRE 106, after the conclusion of trial.

## DISCUSSION

### I. SMUD HAS FAILED TO COMPLY WITH THE REQUIREMENTS OF THE THIS COURT'S RULES FOR ALLOWING THE USE OF DESIGNATED DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE AT TRIAL IN PLACE OF LIVE TESTIMONY

#### A. The Parties' Joint Stipulation Does Not Relieve SMUD Of Complying With The Requirements Of This Court's Rules And The Federal Rules Of Evidence

In it February 18, 2005 motion, SMUD asserts that the September 27, 2004 Joint Stipulation And Order Regarding The Treatment Of Depositions From Other Spent Nuclear Fuel Cases ("Joint Stipulation") between the parties justifies SMUD's designation of nearly 2,500 pages of deposition and trial testimony from up to 41 witnesses at the forthcoming trial. See Pl. Mot., February 18, 2005, at 2. The stipulation between the parties only states that "[a]ll

deposition and trial testimony of Government lay witnesses in other [spent nuclear fuel] cases will be treated for evidentiary purposes as if such testimony were taken or given in the present lawsuit" and that "[t]he Government had an opportunity and similar motive to develop the prior deposition and trial testimony of Government lay witnesses taken in other [spent nuclear fuel] cases under Rule 804(b)(1) of the Federal Rules of Evidence. See Joint Stipulation, at 2. SMUD's motion fails to acknowledge that the stipulation between the parties specifically states that "[t]he admissibility at trial in the present lawsuit of particular deposition or trial testimony from other [spent nuclear fuel] cases remains subject to the other requirements of the [Rules of the Court of Federal Claims] and [Federal Rules of Evidence]." See Joint Stipulation, at 2 (emphasis added). SMUD has not satisfied all requirements of this Court's rules to permit the admission of thousands of pages of designated trial and deposition testimony as substantive evidence in this case.

Pursuant to section 15(b) of Appendix A of the Court's rules, SMUD must show "good cause" for using the designated deposition and trial testimony. See RCFC, App. A, § 15(b) ("Any party intending to present substantive evidence by way of deposition testimony . . . *shall show cause* why the deposition testimony should be admitted") (emphasis added)); see also Angelo v. Armstrong World Industrial, 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using deposition testimony at trial bears the burden of proving that it is admissible in lieu of live testimony under Rule 32 of the Federal Rules of Civil Procedure). SMUD has failed to meet this burden. In support of its motion, SMUD argues only that the Court should permit SMUD to designate the thousands of pages of deposition and trial testimony as evidence in this case in order to "expedite presentation of [SMUD's] case at trial." Pl. Mot. at 1. Such a reason does not

amount to sufficient "cause" to permit SMUD make the voluminous designations that it seeks in its motions in an effort to perform an "end run" around the Court's clear order regarding the length of the forthcoming trial.

SMUD's proposed designations will not "expedite" the trial, but, instead, will have the exact opposite effect upon the proceeding. SMUD seeks to designate approximately three times more witnesses by other than live testimony than the number of witnesses that SMUD expects to call at trial. See SMUD's Witness List, February 17, 2005. Twelve of the witnesses that SMUD seeks to designate by other than live testimony appear upon the Government's list of witnesses that we may call at trial.[2] See Government's Witness List, February 28, 2005.

Further, the Government is prepared to undertake every effort to make all former and current Government witnesses that appear upon SMUD's proposed designation list available for trial. Deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). SMUD should be required to present its case through live testimony at trial, and not avoid this obligation by forcing the Court and the Government to read and analyze thousands of pages of proposed testimony in addition to the evidence that SMUD puts forth at trial.

This Court's October 8, 2004 scheduling order specifically states that "[t]rial will be held

---

[2] The Government has listed the following individuals on its witness list that SMUD also seeks to utilize through designated testimony: Tom Pollog, Michael Lawrence, Robert L. Morgan, David Zabransky, Christopher Kouts, David Langstaff, Patrice Bubar, David Huizenga, Bernard Rusche, Jeffrey Williams, Leroy Stewart, and William Knoll. See Government's Witness List. In addition, the Government is willing to undertake every effort to ensure the appearance of all other witnesses that SMUD attempts to designate, with the exceptions of S. David Freeman, Rita Bowser, and Edward Abbott, at trial.

beginning March 21, 2005 through April 1, 2005." Pursuant to this scheduling order, substantive evidence presented by both sides must be presented within the ten days set forth in the scheduling order. SMUD has never objected to this order or indicated that it required more time to present its case. Instead, SMUD remained mute regarding its apparent inability to comply with the Court's scheduling order and now, on the eve of trial, attempts to "expedite" the proceedings by dumping upon the Court and the Government thousands of pages of unadmitted "testimony" for up to 41 witnesses that it apparently does not now plan to call at trial.[3] If SMUD is allowed to designate testimony from up to 41 witnesses in addition to presenting live evidence from the witnesses listed on its "may call" witness list, SMUD will be relying upon evidence from over 50 witnesses. The Government, by contrast, will only be able to present evidence from a fraction of the total number of witnesses proffered by SMUD. This Court and the United States should not be prejudiced by SMUD designating an extremely large amount of other than live testimony because SMUD is not able to manage its time in presenting its case at trial.

Moreover, SMUD requests that the Court review voluminous snippets of substantive testimony, replete with objections, forcing the Government to make voluminous counter-designations, themselves replete with objections, in order to introduce evidence before this Court. At first encounter, this approach may seem to "expedite" the trial, but, in fact, this exercise is inefficient because all of these objections must be decided and counter-designations considered. Merely designating snippets of substantive deposition and trial testimony is not the time honored or proper method for proving a case.

---

[3] Oddly, SMUD does not list any Government witnesses at all on its "may call" list. See SMUD's Witness List. Instead, SMUD attempts to designate all of the Government witness testimony needed to attempt to prove its case at trial.

B. When, As Here, There Has Been No Showing Of Unavailability To Testify At Trial, There Is A Strong Preference For Live Testimony

SMUD proffers no evidence, and makes no suggestion, that 39 of the 41 witnesses whose deposition and trial testimony it has designated have been or are unavailable to testify at the trial in this case.[4] Moreover, SMUD never inquired of the Government regarding the availability of these other witnesses to testify at trial.

SMUD's failure to even attempt to make a showing of unavailability flies in the face of established precedent. The preference that live testimony, when available, be presented at trial has been well-noted by the courts:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general

---

[4] SMUD seeks to admit as substantive evidence portions of the deposition testimony of SMUD witnesses, S. David Freeman and Rita Bowser. Pl. Mot. at 22. SMUD states that these designations are justified because Mr. Freeman is scheduled to be out of the country during the trial in this case, and Ms. Bowser resides in the United Kingdom. Pl. Mot. at 22-23. In light of Federal Rule of Evidence 801(b)(1), we do not object to these designations of testimony in this case. By contrast, the other designations that SMUD seeks in its motions, where the witnesses are available to appear and to testify at trial, are inappropriate and should not be allowed.

rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is necessary to provide this Court with an opportunity to evaluate the witnesses' demeanor during their discussion of the events in which they were involved. Obviously, the reading of a deposition transcript would not serve as an adequate alternative to evaluation the witnesses' testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) (observing that "[t]he taking of a deposition is not equivalent to having 'live' testimony."); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966) ("strong preference of Anglo-American courts for live testimony"); Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness . . . [c]learly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances."). The preference for live testimony is recognized in Rule 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds "it is not in the interests of justice, *with due regard to the importance of presenting the testimony of witnesses orally in open court* . . ." RCFC 32(a)(3)(E)(ii) (emphasis added).

The inquiry on the admissibility of deposition and trial transcripts under RCFC 32 is further informed by the "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing FRCP 32); see Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over hearsay," such as a witness' former testimony, and "tradition, founded in experience, uniformly

favors the production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination").

SMUD's method of attempting to introduce evidence by wholesale designations of other than live testimony deprives the Court of the opportunity to see witnesses respond to questions from both sides, fill in the gaps in their testimony, explain possible inconsistencies, and respond to the Court's questions. This Court possesses national jurisdiction and can summon witnesses to testify form throughout the United States when necessary. RCFC 63. Evidence from a cold paper record deprives the Court from observing the witnesses' demeanor and hearing the witnesses' tone of voice in determining the witnesses' credibility and assigning weight to the testimony. This Court should adhere to the strong preference for live testimony and deny SMUD's motions.

C. SMUD'S Reliance Upon This Court's Decision In *Globe* Is Misplaced

SMUD cites to The Globe Savings Bank, FSB v. United States, 61 Fed. Cl. 91 (2004), for the proposition that a deponent need not be unavailable for his or her statements in a deposition transcript to be admitted as substantive evidence at trial. Pl. Mot. at 3. The factual difference between the instant case and Globe is stunning and highlights the unreasonableness of SMUD's position. The plaintiff in Globe was successful in offering into evidence portions of the deposition testimony of a single individual as the admission of a party opponent. Globe, 61 Fed. Cl. at 95. However, in this case, SMUD seeks to admit the deposition and trial testimony of up to 41 individuals as substantive evidence. Indeed, SMUD is attempting to present the majority of its case, and circumvent the Court's scheduling order allowing two weeks for the presentation of

evidence at trial, by requiring the Court to read through thousands of pages of deposition and trial testimony, rule on the objections contained therein, consider the Government's counter-designations (if leave is granted to file them), and then rule on the objections contained within the counter-designations. Essentially, SMUD is obviating the need of conducting a trial by designating this amount of deposition and trial testimony in lieu of presenting its case through witnesses and documents at trial.

Further, other courts have recognized that deposition testimony conceded to be an admission under Federal Rule of Evidence 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb, 109 F.R.D. at 127. SMUD is attempting to conduct a "trial by deposition," which is disfavored in the Federal courts. Id. As previously mentioned, the Government intends to take all efforts to make available at trial all of the current and former Government employees whose deposition and trial testimony that SMUD seeks to admit, even during SMUD's case-in-chief. Thus, SMUD's use of deposition and trial testimony is unnecessary and improper.

Nevertheless, even if the Globe decision correctly permits the introduction of deposition testimony in place of available live testimony, the Globe decision did not involve the effort to introduce the massive amount of testimony that SMUD seeks to introduce here. Here, the testimony that SMUD seeks to introduce involves a range of different topics discussed by varying individuals with numerous different areas of responsibility. In Globe, the Court recognized that, before testimony is admissible under Federal Rule of Evidence 801(d)(2)(D), the testimony must concern "a matter with the scope of [the testifier's] agency or employment." Globe, 61 Fed. Cl. at 97 (quoting Fed. R. Evid. 801(d)(2)(D)). Here, before the Court can admit

all of the designated testimony, it would have to determine, through the evidence contained in the record, that every piece of designated testimony was within "the scope" of that individual's "agency or employment." The necessary work in which the Court would have to engage to review the massive designations that SMUD has proposed would be extraordinary.

Finally, even if the Court in Globe is correct that deposition testimony satisfying the requirements of Federal Rule of Evidence 801(d)(2) is admissible even if the witness is available to testify, this Court retains the discretion to preclude wholesale introduction of the massive amounts of deposition testimony that SMUD proposes to introduce, which threaten to transform this case into a document review case without testimony. See RCFC 1. Even in criminal cases, "[t]he right to present relevant testimony" and evidence "is not without limitation." Michigan v. Lucas, 500 U.S. 145, 149 (1991). A party's right to present its case in the manner that it desires "must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). "[J]udges are accorded 'wide latitude' in excluding evidence that poses an undue risk of 'harassment, prejudice [or] confusion of the issues' or evidence that is 'repetitive or only marginally relevant.'" Blum, 62 F.3d at 67 (quoting Van Arsdall, 475 U.S. at 679); see United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995) ("[a]bsent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence").

Federal Rule of Evidence 403 "gives trial courts the discretion to exclude relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

time, or needless presentation of cumulative evidence.'" Cortes v. Maxus Exploration Co., 977 F.2d 195, 201 (5th Cir. 1992) (quoting Fed. R. Evid. 403). The wholesale introduction of massive amounts of deposition and trial testimony, the vast majority provided in other cases, in place of live testimony creates a significant risk of prejudice to the Government. The massive amounts of testimony that SMUD has attempted to introduce make unclear the scope of issues and evidence to which the Government is expected to respond at trial. The wholesale substitution of written testimony, in place of live witnesses, precludes the Court from evaluating the credibility of up to 41 witnesses or from questioning those witnesses about "holes" that might otherwise exist in the questions that were previously asked as they relate to matters as they develop during trial. Further, both the Court and the Government will have to expend considerable resources to review all of the snippets of extensive deposition and trial testimony that SMUD has designated, and the Government will be required to expend substantial time and effort to attempt to identify appropriate counter-designations. Here, given that SMUD has not shown that any but two of the witnesses whose testimony is being designated are actually not available for trial, the Court should exercise its discretion to require live testimony from those individuals, in place of the wholesale substitution of a paper trial for that live testimony, or evidence that particular individuals are not available for trial.

### D. If The Court Grants SMUD's Motions, The Court Should Rule Upon The Objections Contained Within The Designations, Require SMUD To Read The Designated Testimony Into The Record At Trial, And Allow The Government An Opportunity To Counter-Designate

If the Court grants SMUD's motions, the Government respectfully request that the Court first rule upon the objections to that testimony indicated in the portions of the testimony

designated. RCFC 32(b). To the extent that deposition and trial testimony is admitted as substantive evidence in lieu of live testimony, SMUD should be required to read the designated deposition and trial testimony into the record. See Long Island Savings Bank, FSB v. United States, 63 Fed. Cl. 157, 166 (2004). The Court will have to rule on each of the objections made at the time of the deposition or trial and those objections specifically not waived during deposition. RCFC 32(d)(3)(A) ("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time").

In addition, the Government requests that the Court allow it to counter-designate testimony from these same deposition and trials. FRE 106. SMUD has designated a voluminous amount of testimony in its motions and it is unknown which portions of testimony, if any, SMUD will attempt to admit at trial. The Government would be prejudiced by being forced to counter-designate testimony prior to trial in response to all of SMUD's designations, particularly if SMUD only admits portions of its overall designated testimony. The Government requests that the Court allow it wait until after trial to counter-designate deposition and trial testimony in response to the testimony actually introduced by SMUD at trial and admitted by the Court.

## II. CERTAIN CATEGORIES OF SMUD'S PROPOSED DESIGNATIONS SHOULD BE DENIED AS INAPPROPRIATE DESIGNATIONS

### A. The Trial Testimony of Edward Abbott, The Government's Expert Witness In Another Case, Is Not Admissible As An Admission Against The Government

Among the litany of witnesses whose testimony SMUD seeks to introduce by designation

is Edward Abbott, to whom SMUD refers as "the Government expert witness . . . from the proceedings in Yankee Atomic Electric Co. v. United States." Pl. Mot. at 21. SMUD fails to mention that, although Mr. Abbott served as an expert witness in the three Yankee cases pending before Senior Judge Merow, he has never been identified as an expert of any sort in this case. Therefore, for purposes of this case, his deposition testimony is inadmissible hearsay:

> We are unwilling to adopt the proposition that the testimony of an expert witness who is called to testify on behalf of a party in one case can later be used against that same party in unrelated litigation, unless there is a finding that the expert witness is an agent of the party and is authorized to speak on behalf of that party.

Kirk v. Raymark Indus., Inc., 61 F.3d 147, 164 (3rd Cir. 1995). Moreover, because Mr. Abbott, as an expert witness, is "expected to give his own honest, independent opinion," he "remains autonomous" and cannot be considered an agent of the Government pursuant to Federal Rule of Evidence 801(d)(2)(C). See Glendale Federal Bank v. United States, 39 Fed. Cl. 422, 424 (1997) (discussing case law regarding admissibility of expert witness' prior deposition testimony in the same case for which testimony was given); see also Kirk, 61 F.3d at 164 ("[s]ince an expert witness is not subject to the control of the party opponent with respect to consultation and testimony he or she is hired to give, the expert witness cannot be deemed an agent").

Mr. Abbott has never been identified as an expert witness in this case. He cannot be considered an agent of the Government and has not been given the authority to speak for the Government with regard to SMUD's case. His deposition testimony is inadmissible hearsay. Rule RCFC 56 precludes the use of inadmissible deposition testimony. See Starr v. Pearle Vision, Inc., 54 F.3d 1548, 1555 (10th Cir. 1995); see also Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1028 n.4 (9th Cir. 2001) ("[t]he requirement of Rule 56(e) that affidavit

testimony be competent and admissible evidence applies with equal force to deposition testimony"). In addition, SMUD itself admits that the parties have not agreed to allow the use of expert witness deposition and trial testimony from other SNF cases in the instant case. See Pl. Mot. at 3, n. 2.

B. SMUD Has Designated Testimony Beyond the Scope of Numerous Department of Energy Employees' RCFC 30(b)(6) Depositions

In addition to being improper in general, certain individuals' testimony that SMUD attempts to designate is specifically inappropriate. SMUD seeks admission, pursuant to RCFC 32(a), of portions of the RCFC 30(b)(6) deposition testimony that Susan Klein, Thomas Pollog, and David Zabransky provided.[5] This subsection of RCFC 32(a) provides as follows:

> The deposition testimony of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under RCFC 30(b)(6) . . . to testify on behalf of a . . . governmental agency which is a party may be used by an adverse party for any purpose.

RCFC 32(a)(2). The party that seeks to introduce deposition testimony bears the burden of establishing that the deposition testimony complies with the requirements set forth in the Rules. See Angelo v. Armstrong World Indus., 11 F.3d 957, 963 (10th Cir. 1993); Allegier v. United States, 909 F.2d 869, 876 (6th Cir. 1990). If that burden is not satisfied, the designated deposition testimony must be excluded. Northwestern Nat. Ins. Co. v. Baltes, 15 F.3d 660 (7th Cir. 1994). As indicated by repeated objections during the depositions, much of Ms. Klein, Mr. Pollog, and Mr. Zabransky's designated testimony was beyond the scope of the RCFC 30(b)(6) depositions.

[5] Ms. Klein and Messrs. Pollog and Zabransky are on the Government's witness list and are expected to be available to testify at trial. See Government's Witness List.

By way of example, Ms. Klein was noticed to testify as a RCFC 30(b)(6) witness on the following matters:

> DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.
>
> DOE's consideration of its obligation to accept Greater-Than-Class-C waste.
>
> The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.
>
> The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

Klein Dep. Tr. April 24, 2002 at Ex. 1. Notwithstanding the limitations incorporated in the Notice of Deposition, SMUD now attempts to move into evidence testimony clearly beyond the scope of her notice to which the Government objected at the deposition. By its very nature, this evidence is inadmissible under RCFC 32(a), which provides for admission of deposition designations only "so far as admissible under the rules of evidence." This Court's consideration of any designated testimony beyond the scope of Ms. Klein's RCFC 30(b)(6) designations is improper.

SMUD's basis for admission pursuant to RCFC 32(a)(2) is Ms. Klein's status as a RCFC 30(b)(6) witness. In other words, testimony "beyond the scope" of the RCFC 30(b)(6) notice not only implicates admissibility of the evidence pursuant to RCFC 32(a) and the Federal Rules of Evidence, but, in addition, under RCFC 32(a)(2) raises a fundamental flaw in designation of her testimony because the basis for the designation is her status as a RCFC 30(b)(6) witness. In this instance, the "beyond the scope" objections are not merely routine evidentiary objections, but are

structural objections.

A substantial portion of Ms. Klein's designated testimony is subject to this objection, as evidenced below:

> Q: Do you know when the last time the DOE used the acceptance rates in the 1995 ACR for planning purposes?
>
> MS. POWELL: <u>Object to beyond the scope.</u> You can answer to your personal knowledge.
>
> THE WITNESS: No, I don't.

Klein Dep. Tr. April 24, 2002 at 62:9-14 (emphasis added).

> Q: Do you agree that the Nuclear Waste Policy Act contemplated that process of siting, licensing, and constructing a repository would have been completed by January 10, 1998?
>
> MS. POWELL: I object, <u>beyond the scope</u> and to the extent it calls for a legal conclusion. You can answer.
>
> THE WITNESS: I'm thinking. Yes.

Klein Dep. Tr. April 24, 2002 at 172:7-14 (emphasis added).

> Q: All right. Now let me just ask you in general. Is one of the purposes of the total system life cycle cost reports to determine the total cost of the Nuclear Waste Disposal Program?
>
> . . .
>
> MS. POWELL: <u>Beyond the scope</u>[]
>
> THE WITNESS: Yes.
>
> . . .
>
> Q: And is one of the reasons that that's done to make a determination whether the fees that are being charged to the utilities are sufficient?

> . . .
>
> MS. POWELL: Same objection. []
>
> THE WITNESS: I think that's required by the statute that we do that, yes.

Klein Dep. Tr. April 24, 2002 at 196:1-17 (emphasis added). The Court should not admit any of the testimony that it finds to be beyond the scope of the RCFC 30(b)(6) depositions.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny plaintiff's motions with respect to the deposition and trial testimony it has designated or, in the alternative, if plaintiff's motions are granted, in whole, or in part, that the Court also rule upon the objections and allow the Government to counter-designate testimony following the forthcoming trial in this matter.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

JOSHUA E. GARDNER
SCOTT R. DAMELIN
TODD J. COCHRAN
ELIZABETH THOMAS
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

February 28, 2005

CERTIFICATE OF FILING

I hereby certify that on this 28th day of February 2005, a copy of foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS FOR LEAVE TO FILE DESIGNATED DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FRE 801(d)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Todd J. Cochran