IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 98-488 C<br>(Judge Braden) |

**SACRAMENTO MUNICIPAL UTILITY DISTRICT'S MOTION FOR LEAVE TO FILE DESIGNATED DEPOSITION TESTIMONY OF SALOMON LEVY AND ROGER POWERS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a)**

Plaintiff, Sacramento Municipal Utility District ("SMUD"), respectfully files this motion for leave to file designated deposition testimony from two witnesses, Roger Powers and Salomon Levy, pursuant to Rule 32(a) of the Rules of the Court of Federal Claims ("RCFC").[1] Both witnesses live in different parts of California, more than 100 miles from the place of trial; both witnesses have had no relationship with SMUD for more than 15 years; both witnesses desire not to attend the trial; and both witnesses are in their late 60s or late 70s in age. Accordingly, SMUD has shown good cause for the use of the depositions pursuant to RCFC 32(a)(3) and Appendix A.

[1] The designated deposition testimony is included as Exhibits 1 and 2 to this motion, together with a chart identifying the page and line numbers designated.

## **Argument**

I. Proffered Testimony from Salomon Levy and Roger Powers is Admissible Under RCFC 32.

Under RCFC 32(a)(3)(E), the deposition of a witness may be used by any party for any purpose if the Court finds, upon application and notice, "that the witness is at a greater distance than 100 miles from the place of trial or hearing unless the court also finds (i) that the absence of the witness was procured by the party offering the deposition or (ii) that it is not in the interests of justice, with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."[2] Cf. Ueland v. United States, 291 F.3d 993, 996 (7th Cir. 2002) (noting that similar rule in FRCP "does not condition admissibility on the witness' inability to show up in court; 100 miles is a bright line"). The deposition testimony of Mr. Powers and Mr. Levy satisfies the requirement of RCFC 32(a)(3)(C), (E), and (F).

Mr. Powers is a former employee of SMUD who left employment with SMUD in 1988. 6/23/04 tr. at 16. Mr. Powers lives in San Juan Capistrano, California (near San Diego), more than 100 miles from Washington, D.C. Id. at 6. Mr. Powers has not done any work for SMUD for 17 years. Id. at 16. Mr. Powers is approximately 67 years old and his wife is disabled and suffering from pre-polio. She is confined to a wheelchair and Mr. Powers is her sole caregiver. Mr. Powers does not want to leave his wife to travel to Washington, D.C. for the trial in this matter.

---

[2] Similarly, under RCFC 32(a)(3)(C), a deposition may be used for any purpose if the Court finds "that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment." RCFC 32(a)(3)(F) provides for use of a deposition where "such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of presenting the testimony of witnesses orally in open court."

SMUD submits that it is in the interests of justice to allow the use of Mr. Powers' deposition pursuant to RCFC 32(a)(3)(C), (E), and (F). Furthermore, the designated testimony from Mr. Powers concerns a discrete issue regarding his understanding of the Standard Contract in 1983. If SMUD were to seek to subpoena Mr. Powers to testify at trial, his testimony would not last more than 30 to 60 minutes, at the most.[3] The government took Mr. Powers deposition regarding these issues and, therefore, the use of the deposition does not impose a burden on the government.

Similarly, Mr. Salomon Levy was a self-employed consultant who performed two discrete projects for SMUD more than fifteen years ago, in 1988 and 1990. 6/22/04 tr. at 23, 29. Mr. Levy lives in Campbell, California (near San Jose), more than 100 miles from the place of trial. Id. at 12, 35. Asking Mr. Levy to travel to Washington, D.C. for the purposes of trial would impose a heavy burden on him and his family. Mr. Levy is approximately 79 years old. As noted, he has not done any consulting or other work for SMUD since 1990, when he conducted a study of potential fuel storage options for SMUD. Id. at 29. The government took Mr. Levy's deposition in June 2004 and focused nearly the entire deposition on his 1990 fuel storage study. Thus, the designations are narrowly tailored and not extensive. The government's pre-trial memorandum characterizes and quotes extensively from Mr. Levy's fuel study, but ignores Mr. Levy's deposition testimony entirely. See Def's Mem. Fact & Law, at 5-7. SMUD has demonstrated good cause for allowing the use of Mr. Levy's deposition and use of such testimony satisfies RCFC 32(a)(3).

---

[3] SMUD listed Mr. Powers on its Witness List as one of the 11 witnesses it expected to call at trial. Based on recent conversations with Mr. Powers, he has made it clear that it would be a serious imposition on his family to require him to testify at trial.

## Conclusion

For the reasons set forth above, this Court should grant SMUD's motion for leave to file the designated deposition testimony as substantive evidence.

DATED this 7th day of March, 2005.

Respectfully submitted,

s/ Howard Cayne by s/ Timothy R. Macdonald
Howard Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004

(202) 942-5899

Counsel of Record for
Plaintiff Sacramento Municipal Utility District

Of Counsel:
David S. Neslin
Timothy R. Macdonald
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Sacramento Municipal Utility District's Motion for Leave to File Designated Deposition Testimony of Roger Powers and Salomon Levy as Substantive Evidence Pursuant to RCFC 32(a) to be served electronically through the Court of Federal Claims Case Management / Electronic Case Filing System on March 7, 2005 upon the following:

Alan Lo Re
Todd Cochran
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Timothy R. Macdonald