IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | |
| Plaintiff, | ) | No. 98-488 C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**SACRAMENTO MUNICIPAL UTILITY DISTRICT'S REPLY TO DEFENDANT'S RESPONSE TO SMUD'S MOTION FOR LEAVE TO FILE DESIGNATED DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FRE 801(d)**

Plaintiff, Sacramento Municipal Utility District ("SMUD"), respectfully submits this reply to Defendant's response to SMUD's motion for leave to file designated deposition and trial testimony as substantive evidence in this case. In its motion, SMUD seeks the admission of testimony from 29 Department of Energy ("DOE") officials or contractors as non-hearsay admissions of a party opponent under Federal Rule of Evidence ("FRE") 801(d)(2).[1] The government's response does not dispute the fact that the statements of these witnesses constitute non-hearsay admissions of a party opponent under FRE 801(d)(2), as SMUD's motion demonstrates.[2]

[1] Throughout its response, the government repeatedly states that SMUD is designating the testimony of "up to 41" individuals, see Gov. Resp. at 1, 2, 5, 6, 8, 11. In actual fact, SMUD has designated testimony from 29 government witnesses and 4 former SMUD employees or consultants. In its response, the government agrees to the admission of testimony from former SMUD employees S. David Freeman and Rita Bowser under RCFC 32(a)(3) because both will be outside the United States during trial. Gov. Resp. at 6 n.4. Government counsel further informed SMUD counsel this week that the government did not intend to object to the designations of Roger Powers and Salomon Levy, two individuals who are of advanced age and last did work for SMUD fifteen years ago. Thus, at issue for the Court is the designated testimony of the 29 government witnesses.

[2] A statement is admissible as a non-hearsay admission of a party-opponent if: (1) the statement is offered against a party; (2) the statement concerns a matter within the scope of the declarant's agency or employment; and (3) the statement is made during the existence of the relationship. See FRE 801(d)(2)(D); Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91, 96-98 (2004). The government's response does not dispute that these factors are satisfied, except for the testimony from its expert in the Yankee cases, Ed Abbott, which is discussed *infra* at p.7.

This acknowledgement should end the inquiry. Under the Rules of the Court of Federal Claims ("RCFC"), the FRE, and the decisions of this Court, non-hearsay statements are admissible without regard to the availability of the witness. See, e.g., Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 162-63 (2004); Globe Sav. Bank, 61 Fed. Cl. at 96. Thus, all of the designated statements are admissible as evidence in this case under FRE 801(d)(2).[3]

## Argument

### A. The Government's Assertion That The Admissibility Of Non-Hearsay Testimony Depends On The Unavailability Of The Witness Is Contradicted By The Plain Language Of FRE 801(d) And Multiple Decisions Of This Court.

The government argues that the admissibility of the non-hearsay statements of government officials must depend on a showing of the unavailability of the witness. Gov. Resp. at 4-10. In support of this proposition, the government relies primarily on the decision in Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985) and an assertion that the "common law" prefers live testimony. Gov. Resp. at 4, 7, 9. The government fails to note that the same argument and the decision in Kolb have been soundly rejected by this Court in a case that the government cites for a different proposition, Long Island Savings Bank, 63 Fed. Cl. at 163-64 (cited in Gov. Resp. at 12).

In Long Island Savings Bank, this Court allowed the admission of deposition testimony from 13 government officials as non-hearsay admissions under FRE 801(d)(2). 63 Fed. Cl. at

[3] In SMUD's motion, because of the potential for different legal arguments based on the scope of the witnesses' relationship with DOE, SMUD divided the 29 DOE officials into the following five groups: (1) twenty people who were current DOE officials at the time of their testimony, see SMUD Mot. at 3-17 & Exs. 1-20; (2) Susan Klein who was a current employee and designated as one of the government's 30(b)(6) witnesses, see id. at 17 & Ex. 21-22; (3) three individuals who were government contractors working for DOE's OCRWM program at the time of their testimony, see id. at 18-20 & Exs. 23-24, 28; (4) three officials who were former high-ranking DOE officials at the time of their testimony, see id. at 20 & Exs. 25-27; and, (5) the government's expert, Ed Abbott, who testified in the Yankee trial. See id. at 21 & Ex. 29. DOE employee David Langstaff falls into the first category as a current employee, but was inadvertently omitted from the initial motion. A separate motion was filed with regard to Mr. Langstaff on February 25, 2004.

164. The Court explained that "the government argues that the common law's preference for live testimony precludes admitting deposition testimony absent a showing that the witness is unavailable to testify personally at trial, an argument squarely rejected by this court in Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91, 94-95 (2004)." 63 Fed. Cl. at 164 (internal citation omitted). The Court continued: "As this court has previously had occasion to discuss in some detail, admissions of a party opponent are not hearsay. The common law's preference for live testimony has no bearing on the use of party admissions as evidence." Id. at 163 (citation omitted). The decision then squarely rejected the Kolb decision that the government relies on here:

> In all events, this court disagrees with the decision in Kolb and adheres to the reasoning set out in Globe Savings, 61 Fed. Cl. at 94-96. Notably, this court has been unable to locate any decision that has relied on Kolb for the propositions that Fed. R. Evid. 801(d)(2)(D) requires a showing of unavailability of the witness or that Fed. R. Evid. 801(d)(2)(D) is dependent upon RCFC 32(a). Those propositions contravene the plain and straightforward text of Fed. R. Evid. 801(d)(2)(D).

63 Fed. Cl. at 163-64.[4]

The government also misquotes the requirements of RCFC Appendix A, ¶15(b) in asserting that SMUD must show good cause before seeking the admission of non-hearsay admissions under FRE 801(d). See Gov. Resp. at 3. The government's response uses ellipses to delete the significant language of Appendix A, ¶15(b), which states in full: "Any party intending to present substantive evidence by way of deposition testimony, *other than as provided by Federal Rule of Evidence 801(d)*, shall serve and file a separate motion for leave to file the

[4] The government's response also relies upon three other cases that were rejected by this Court in the Long Island Savings Bank case as inapposite to the question of admissibility under FRE 801(d). In Long Island Savings Bank, the Court held that "[n]one of the four cases involves Fed. R. Evid. 801(d)(2)(D); rather, each addresses rules or statutes that explicitly require a showing of the unavailability of the witness. . . . Thus, these cases are inapposite to the issue presented here." 63 Fed. Cl. at 163 (citing Griman v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966); United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); compare Gov. Resp. at 6-7 (relying upon the same cases).

transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted . . . ." RCFC Appendix A, ¶15(b) (emphasis added to reflect language deleted by government). Here, SMUD's motion expressly sought to present testimony "as provided by Federal Rule of Evidence 801(d)." Id.; see SMUD Mot. 3, 18, 20, 21.[5] Thus, under the plain language of Appendix A, ¶15(b), SMUD need not file a motion or show cause to secure the admission of the statements at issue because they constitute non-hearsay admissions under FRE 801(d). Globe Sav. Bank, 61 Fed. Cl. at 96; Weaver-Bailey Contractors, Inc. v. United States, 19 Cl. Ct. 474, 482-483 (1990). This conclusion is further supported by the language of RCFC 32(a)(1), which provides that a deposition may be used "for any other purpose permitted by the Federal Rules of Evidence." Cf. Fed.R.Civ.P. 32(a)(1), Adv. Comm. Notes (1980) (noting that FRE 801(d)(2) "makes the statement of an agent or servant admissible against the principal").

In its effort to preclude the Court from reviewing the sworn testimony of DOE witnesses, the government repeatedly argues that the Court must evaluate the witnesses' demeanor and credibility to determine if they are reliable witnesses. Gov. Resp. at 7, 8, 11. The government's argument seems to forget that it is DOE's own witnesses that are at issue in this motion. SMUD presumes that the DOE officials were testifying truthfully and accurately at trial or their depositions. Their testimony refutes most of the litigation theories now put forward by the government. If the government wishes to question the credibility of its own witnesses, it can do so by calling them at trial.

The government further suggests that it was unfairly surprised or prejudiced by SMUD's designation of testimony from DOE's own witnesses. Gov. Resp. at 5, 11. The facts do not support this assertion. The very reason that SMUD sought the government's agreement and

---

[5] As noted, SMUD's motion also sought the admission of the testimony of two former SMUD employees under RCFC 32(a)(3)(B) and the 30(b)(6) testimony of DOE official Susan Klein under RCFC 32(a)(2).

stipulation that testimony from other spent fuel cases would be treated as if taken in the present case was so that the Court could consider the sworn testimony of DOE officials that contradicts the government's litigation positions. This was not a surprise to the government. In SMUD's Appendix to accompany its Cross Motion for Partial Summary Judgment on the Acceptance Rate filed more than two years ago, on December 16, 2002, SMUD included deposition testimony from 15 government witnesses on the government's acceptance rate and Delivery Commitment Schedule ("DCS") arguments. Similarly, in SMUD's Appendix to accompany its Opposition to Defendant's Motion Regarding Greater-Than-Class-C Radioactive ("GTCC") Waste Arguments (also filed December 16, 2002), SMUD included the deposition testimony of 8 government witnesses.

While SMUD recognizes that the designations here involve a substantial number of witnesses, the very point of these designations is that nearly every one of the DOE officials, employees, and contractors disagrees with the government's litigation theories on acceptance rate, DCSs, failed fuel, and GTCC.[6] The SNF program at issue in this case has spanned 22 years and involved $19 billion in fees. Thousands of DOE and NRC employees and contractors have been involved in running the program over this extended period. The designation of sworn statements from 29 witnesses for a case and program of this size is hardly disproportionate. Indeed, the breadth of experience in the designated DOE witnesses, and their contradiction of the government's litigation positions, is the reason why admission of this testimony is necessary and appropriate.

Finally, the government's complaint that SMUD has designated the testimony from too many witnesses rings hollow in light of the 1300 separate exhibits totaling more than 15,000

[6] The government has listed only 6 of the 29 witnesses as "will call" witnesses at trial, suggesting that it does not intend to clarify "holes" or "inconsistencies" in the witnesses' testimony.

pages that the government has designated on its Exhibit List. Moreover, the government's concern that the sworn testimony of 29 of its own witnesses will turn this case into a "document review case" or a "paper trial," Gov. Resp. at 10, 11, ignores the thousands of pages of exhibits it intends to offer into evidence. SMUD has designated a significant amount of testimony from DOE witnesses because that testimony directly conflicts with the litigation theories being advanced by government counsel. In short, these statements are non-hearsay evidence that the Court should consider in making its decision, just like the "voluminous" and "massive" number of documents the government intends to offer into evidence. Cf. id. at 1, 4, 5, 9, 10, 11, 12.

The government states that, if the testimony is admitted, "SMUD should be required to read the designated deposition and trial testimony into the record." Id. at 12. The government does not identify the benefit that would accrue to the parties or the Court to hear the testimony read aloud. In addition, the government's request that it be allowed to counter-designate testimony *after* trial, while requiring SMUD to read all designations aloud *during* trial, see id. at 2 & 12, suggests that it does not take its own proposal seriously. The Court, as the trier of fact, is fully capable of reviewing after trial the designations that the parties rely on or refer to in their proposed findings of fact, just as the Court indicated it would do with the thousands of pages of exhibits the parties have designated.

**B. The Trial Testimony Of Government Expert Witness Edward Abbott Is Admissible Under FRE 801(d)(2)(C).**

In its response regarding Edward Abbott, the government's expert who testified at trial in the Yankee cases, the government argues vigorously that Mr. Abbott is not an "agent" of the government under FRE 801(d)(2)(D). See Gov. Resp. at 13. SMUD's motion, however, recognized this fact and sought admission of Mr. Abbott's trial testimony as a person authorized to speak under FRE 801(d)(2)(C) – not as an agent under FRE 801(d)(2)(D). The government does not dispute that once the expert is called as a witness at trial by a party, his statements at

trial become those of someone authorized to speak for that party. See Glendale Fed. Bank v. United States, 39 Fed. Cl. 422, 424-5 (1997) ("At this point when an expert is put forward for trial it is reasonable and fair to presume they have been authorized."). The government does not address this argument or dispute the fact that Mr. Abbott, who testified as an expert witnesses in both of the prior SNF trials (Yankee Atomic and Indiana Michigan), was authorized to speak for the government in those cases.

The government's only assertion on this point is that Mr. Abbott "has not been given the authority to speak for the Government *with regard to SMUD's case*." Gov. Resp. 13 (emphasis added). The relevant inquiry, however, is not whether Mr. Abbott was authorized to speak in this case, but whether he was authorized to speak in the trial in which the government called him as an expert witness. See FRE 801(d)(2)(C) (providing that a statement is not hearsay if the *statement* is one authorized by the party). It is those statements, made at trial, that are non-hearsay statements of an authorized party. While the government is free to engage as many different expert witnesses as it deems necessary, it should not be allowed to keep the experts' trial testimony from this Court in an effort to pursue inconsistent theories.

**C. The Government's Rule 30(b)(6) Argument Ignores The Scope of Its Witnesses Employment.**

Although the government states that "SMUD has designated testimony beyond the scope of numerous Department of Energy employees' RCFC 30(B)(6) depositions," its response discusses only the testimony of one witness, Susan Klein. See Gov. Resp. at 14-16. The government mentions DOE officials Dave Zabransky and Tom Pollog in passing, but fails to identify any testimony from either individual that should not be admitted. It also fails to acknowledge that both individuals are current employees of the DOE in the Office of Civilian Radioactive Waste Management ("OCRWM") program, were employees at the time of their trial

testimony in the Yankee cases and their respective depositions, and that their designated testimony is admissible under FRE 801(d). See SMUD Mot. at 7-8.

With respect to Ms. Klein, the first example of testimony purportedly "beyond the scope" of the 30(b)(6) designation that the government identifies in its response (at p. 16) relates directly to the third topic for which she was designated. The three other questions and answers identified in the government's response are background or foundational questions for the other topics that are necessary to test the knowledge of the witness on the OCRWM program. In addition, Ms. Klein is a current DOE employee who was working as a senior policy advisor to the Director and Deputy Director of OCRWM at the time of her deposition. See SMUD Mot., Ex. 21 at p. 1750. Her responsibilities included work on DCSs and the spent fuel litigation. Id. at 1752. As such, in addition to her designation as a 30(b)(6) witness, her designated testimony should be admissible under FRE 801(d)(2)(D).[7]

[7] Because of an oversight in its preparation, SMUD's motion did not expressly seek admission of Ms. Klein's testimony under FRE 801(d)(2)(D), the only DOE witness for which this was the case. Her testimony does, however, satisfy the requirements of the FRE 801(d)(2)(D) and should be admitted on those grounds because, as noted supra, no motion is required for the admission of non-hearsay statements under FRE 801(d).

**Conclusion**

For the reasons set forth above, this Court should grant SMUD's motion for leave to file the designated deposition and trial testimony as substantive evidence.

DATED this 9th day of March, 2005.

Respectfully submitted,

s/ Howard Cayne by s/ Timothy R. Macdonald
Howard Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5899
Counsel of Record for
Plaintiff Sacramento Municipal Utility District

Of Counsel:
David S. Neslin
Timothy R. Macdonald
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Sacramento Municipal Utility District's Reply to Defendant's Response to SMUD's Motion for Leave to File Designated Deposition and Trial Testimony as Substantive Evidence Pursuant to RCFC 32(a) and FRE 801(d) to be served electronically through the Court of Federal Claims Case Management / Electronic Case Filing System on March 9, 2005 upon the following:

Alan Lo Re
Todd Cochran
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Timothy R. Macdonald