No. 98-488C

---

**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

---

SACRAMENTO MUNICIPAL UTILITY DISTRICT,
*Plaintiff,*

v.

THE UNITED STATES,
*Defendant.*

---

**AMICUS CURIAE BRIEF OF CONSUMERS ENERGY COMPANY SUBMITTED PURSUANT TO ORDER DATED APRIL 21, 2005**

---

Thomas O. Mason
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, VA 22102
(703) 760-5200

Harvey J. Messing (P23309)
Jeffrey S. Theuer (P44161)
LOOMIS, EWERT, PARSLEY, DAVIS
& GOTTING, P.C.
232 S. Capitol Avenue, Suite 1000
Lansing, MI 48933
(517) 482-2400

OF COUNSEL:

James E. Brunner (P28051)
Arunas T. Udrys (P21660)
Consumers Energy Company
212 West Michigan Avenue
Jackson, MI 49201
(517) 788-2151

# TABLE OF CONTENTS

INTRODUCTION.....1

LEGAL DISCUSSION.....3

A. Consumers Energy Concurs with NEI's *Amicus Curiae* Brief Submitted in this Case.....3

B. Restitution from the Nuclear Waste Fund May Violate the NWPA and Would Afford Incomplete Relief.....4

CONCLUSION.....7

# TABLE OF AUTHORITIES

**Case** **Page No.**

*Alabama Power Co. v. United States Department of Energy*,
307 F.3d 1300 (11th Cir. 2002)........4, 5

*Consumers Energy Company v United States*,
Case No. 02-1894-C (United States Court of Federal Claims) (Damich, C.J.)........2

*Consumers Energy Company v. United States*,
57 Fed. Cl. 278, 279 (2003)........3, 4

*Hansen-Bancorp, Inc. v United States*,
367 F.3d 1297, 1309 (2004)........6

*Land Grantors in Henderson, Union and Webster Counties Kentucky v United States*,
64 Fed. Cl. 661, 708 (2005)........6

*LaSalle Talman Bank, FSB v. United States*,
317 F.3d, 1363, 1376 (Fed. Cir. 2003)........6

*Maine Yankee Atomic Power Co. v United States*,
225 F.3d 1336 (Fed. Cir. 2000)........4

*Northern States Power Co. v. United States Department of Energy*,
128 F.3d 754, 756 (D.C. Cir. 1997)........3

*Sacramento Municipal Utility District v United States*,
65 Fed. Cl. 180, 184 (2005)........2, 4, 5, 6

*Yankee Atomic Electric Co. v United States*,
42 Fed. Cl. 223, 237 (1998), *aff'd on other grounds sub nom, Maine Yankee Atomic Power Co. v United States*, 225 F.3d 1336 (Fed. Cir. 2000)........4

**Statute/Misc.** **Page No.**

Nuclear Waste Policy Act
42 U.S.C. §10222........2, 4, 5

No. 98-488C

IN THE
UNITED STATES COURT OF FEDERAL CLAIMS

SACRAMENTO MUNICIPAL UTILITY DISTRICT,
*Plaintiff,*

v.

THE UNITED STATES,
*Defendant.*

**AMICUS CURIAE BRIEF OF CONSUMERS ENERGY COMPANY SUBMITTED PURSUANT TO ORDER DATED APRIL 21, 2005**

## I. INTRODUCTION

Consumers Energy Company ("Consumers Energy") is a Michigan utility company with its headquarters located in Jackson, Michigan. Consumers Energy owns the Big Rock Point Nuclear Plant ("Big Rock"), located in Charlevoix, Michigan, which operated from 1962 until it was shut down in August, 1997. The Big Rock facility has been dismantled, and all fuel that had been kept in the spent fuel pool has been discharged into dry storage casks located near the dismantled facility.

Consumers Energy also owns the Palisades Nuclear Plant ("Palisades"), located near Covert, Michigan. The Palisades plant is situated on approximately 490 acres on the eastern shore of Lake Michigan. Palisades began operations in approximately 1971, and continues to operate and generate Spent Nuclear Fuel ("SNF") and High Level Radioactive Waste ("HLW"). Palisades' SNF/HLW is stored in its spent fuel pool, and in dry cask storage on two separate Interim Spent Fuel Storage

Installations ("ISFSI") located on the site.

In December of 2002, Consumers Energy filed a Complaint in the United States Court of Federal Claims seeking compensation and damages for the Government's failure to begin accepting, transporting, and disposing of SNF/HLW on or before January 31, 1998, pursuant to the Standard Contract. *See Consumers Energy Company v United States,* Case No. 02-1894-C (United States Court of Federal Claims) (Damich, C.J.). That lawsuit remains pending.

On April 21, 2005, this Court authorized any "interested entity" to file an *Amicus* Brief on or before June 20, 2005 addressing the following issues:

> Therefore, the parties are ordered to show cause why the court should not hold that the June 14, 1983 Standard Contract with plaintiff is void and the Government be ordered to refund all monies paid to date by plaintiff into the Nuclear Waste Fund as restitution.

*Sacramento Municipal Utility District v United States*, 65 Fed. Cl. 180 (2005) (United States Court of Federal Claims, Order dated April 21, 2005) (referred to hereinafter as the "April 21, 2005 Order").

Consumers Energy concurs with the *Amicus Curiae* Brief filed by the Nuclear Energy Institute ("NEI") concluding that the Standard Contract should not be declared void, and further states that restitution from the Nuclear Waste Fund ("NWF") may violate provisions of the Nuclear Waste Policy Act ("NWPA"), including 42 U.S.C. §10222(d) and the restitution damages proposed in the April 21, 2005 Order may provide only incomplete relief.

The proposed relief in this case may result in the voiding of a Standard Contract substantially similar to the Standard Contract between Consumers Energy and the Government. Further, the requested relief may affect the timing or ability of the Government to comply with its obligations

under the Standard Contract and NWPA, and may also affect Consumers Energy's right to seek damages, or the amount of those damages, in Consumers Energy's lawsuit. As a result, Consumers Energy asserts that it is an "interested entity" within the meaning of this Court's April 21, 2005 Order.

## II. LEGAL DISCUSSION

### A. Consumers Energy Concurs with NEI's *Amicus Curiae* Brief Submitted in this Case.

Upon information and belief, NEI has, or intends to file an *Amicus Curiae* Brief arguing that the Court should not hold the Standard Contract void based on the following grounds:

A. Voiding the Standard Contract would be contrary to basic contract principles;

B. Voiding the Standard Contract would be contrary to the NWPA and would seriously impair the nuclear power program in the United States; and

C. Voiding the Standard Contract would have significant national security, energy, and environmental implications.

Consumers Energy concurs in NEI's reasoning on these issues. The NWPA was enacted to address the "national problem" of the accumulation of SNF from domestic sources. *See Consumers Energy Company v. United States*, 57 Fed. Cl. 278, 279 (2003), *citing, Northern States Power Co. v. United States Department of Energy*, 128 F.3d 754, 756 (D.C. Cir. 1997). Consumers Energy, like many other nuclear utilities, relied upon both the NWPA and the Standard Contract in planning its operations and storage for its SNF/HLW. Voiding the Standard Contract now, after more than 20 years, would disrupt the national policy relating to SNF storage and disposal, and simple restitution would not necessarily provide complete relief in all cases. Consumers Energy therefore concurs and

requests that the Court determine not to hold the Standard Contract void and order refund from the NWF as restitution for the reasons stated in NEI's *Amicus Curiae* Brief.

**B. Restitution from the Nuclear Waste Fund May Violate the NWPA, and Would Afford Incomplete Relief.**

Consumers Energy asserts that restitution from the NWF may constitute an unauthorized use of NWF money. The use of NWF monies for restitution violates statutory prohibitions on the use of nuclear waste fees. The Government is authorized to make expenditures from the NWF only "for purposes of radioactive waste disposal activities." 42 U.S.C. §10222(d)(1-5). Waste disposal activities that constitute "authorized expenditures" are specifically enumerated in subchapters I and II of the NWPA. *See* 42 U.S.C. §10222(d). These authorized expenditures do not include restitution.

As indicated in this Court's April 21, 2005 Order, at page 3-4, *Sacramento Municipal*, 65 Fed. Cl. at 182-83, restitution may be an appropriate remedy in certain cases where a contract is held void because of mutual mistake. It is also true that some obligations under the Standard Contract have been held to be contractual in nature. *See, e.g., Consumers Energy Company v United States*, 57 Fed. Cl. at 280 (January 31, 1998 deadline held to be a contractual obligation); *Yankee Atomic Electric Co. v United States*, 42 Fed. Cl. 223, 237 (1998), *aff'd on other grounds sub nom, Maine Yankee Atomic Power Co. v United States*, 225 F.3d 1336 (Fed. Cir. 2000) (obligation to begin disposing of SNF by January 31, 1998 is contractual). However, regulation of the NWF, and the specific purposes for which NWF monies may be expended are statutory, and not addressed in the Standard Contract. *See* 42 U.S.C. §10222 (d)(1-5).

The statutory nature of the NWF's regulatory scheme was also recognized in *Alabama Power Co. v. United States Department of Energy*, 307 F.3d 1300 (11th Cir. 2002). In that case, the

Department of Energy ("DOE") and Exelon Generation Company ("Exelon") entered into a settlement agreement resolving their SNF litigation. Under the agreement, DOE was to give Exelon an equitable adjustment to offset current storage costs against future payments that Exelon was obligated to make into the NWF. Other utilities challenged the settlement agreement, alleging that the agreement constituted an unauthorized use of NWF monies.

The United States Court of Appeals for the 11th Circuit agreed with the utilities, holding that the settlement agreement constituted an unauthorized expenditure of NWF dollars. *Alabama Power*, 307 F.3d at 1311-12. Restitution is a similarly unauthorized use. Although the *Alabama Power* Court did not specifically address restitution, the rationale that NWF monies may only be used for statutorily prescribed purposes will bar use of the NWF for a contractual remedy such as restitution.

In any event, restitution may not, in every case, constitute a complete remedy. Many utilities, such as Consumers Energy, made choices regarding storage of their SNF in reliance upon the contractual and statutory framework imposed by the NWPA, which ultimately would result in the Government accepting, transporting and disposing of each utilities' SNF. Some of those choices, such as purchasing transportable casks, or dual purpose transportation and storage casks, may have resulted in damages over and above simple restitution of funds paid into the NWF.

The Court, in its April 21, 2005 Order, orders the parties and interested entities to show cause why the Government should not be ordered to refund all monies paid to date into the NWF as restitution, and further requests information concerning why restitution is not an appropriate remedy in this case. *See Sacramento Municipal*, 65 Fed. Cl. at 184 (2005). Restitution has been referred to as a "fall-back position" by the Court of Appeals for the Federal Circuit "for the injured party who is unable to prove expectancy damages." *Hansen-Bancorp, Inc. v United States*, 367 F.3d 1297, 1309

(2004). Restitution is one available remedy for the Government's breach of contract with a private party. *See Land Grantors in Henderson, Union and Webster Counties Kentucky v United States*, 64 Fed. Cl. 661, 708 (2005) ("It is well settled that restitution is an available remedy for the Government's breach of contract with a private party."). The objective of restitution is "to return the parties, as nearly as practicable, to the situation in which they found themselves before they made the contract." *Hanson-Bancorp*, 367 F.3d at 1309, *quoting* Restatement (Second) of Contracts, Section 384, Comment a.

In the April 21, 2005 Order, the Court proposes restitution in the form of an order "to refund all monies paid to date by plaintiff into the Nuclear Waste Fund. . . ." *Sacramento Municipal*, 65 Fed. Cl. at 183. However, restitution as a general concept is not limited to disgorgement of monies paid to the breaching party. Instead, restitution may be measured either by the value of benefits received by the Defendant, or the cost of plaintiff's performance. The Federal Circuit has described the measure of restitution as follows:

> We have stated that restitution may be measured by either the *value of the benefit* received by the defendant due to the plaintiff's performance or the *cost* of the plaintiff's performance, which includes both the value of the benefits provided to the defendant and the plaintiff's other costs incurred as a result of its performance under the contract.

*Hanson-Bancorp, Inc.*, 367 F.3d at 1314 (*italics original,* internal quotes omitted). The non-breaching party may be restored to its pre-contract position through restitution "by returning [to it] as damages the costs incurred in reliance on the contract." *LaSalle Talman Bank, FSB v. United States*, 317 F.3d, 1363, 1376 (Fed. Cir. 2003).

Under the foregoing authority, a non-breaching party entitled to restitution damages may recover "costs incurred in reliance on the contract" in addition to the disgorgement of benefits

received by the defendant. In the present case, as well as many other SNF cases, including Consumers Energy's case, restitution in the form of returning payments made into the NWF may not restore the parties to their pre-contract positions. Plaintiffs, whether in this case or other SNF cases, should be allowed to present evidence of their damages "incurred in reliance on the contract". These damages may be significant, and in addition to disgorgement of NWF payments. Restitution damages should not be limited to return of NWF monies.

For these reasons, Consumers Energy respectfully asserts that damages, rather than restitution limited to return of NWF monies, is the appropriate remedy, and that restitution from the NWF would constitute an unauthorized expenditure of NWF dollars.

## III. CONCLUSION

For the foregoing reasons, Consumers Energy respectfully concurs in the *Amicus Curiae* Brief submitted by NEI, and requests that the Court determine not to hold the Standard Contract void.

Dated: 6/20/05

Respectfully submitted,

Thomas O. Mason
Williams Mullen P.C.
8270 Greensboro Drive, Suite 700
McLean, VA 22102
(703) 760-5200

Attorneys for Plaintiff

Harvey J. Messing (P23309)
Jeffrey S. Theuer (P44161)
LOOMIS, EWERT, PARSLEY, DAVIS
& GOTTING, P.C.
232 S. Capitol Avenue, Suite 1000
Lansing, MI 48933
(517) 482-2400
Attorneys for Plaintiff

OF COUNSEL:

James E. Brunner (P28051)
Arunas T. Udrys (P21660)
Consumers Energy Company
212 West Michigan Avenue
Jackson, MI 49201
(517) 788-2151

CERTIFICATE OF FILING

I certify that I caused a copy of the foregoing Amicus Curiae Brief of Consumers Energy Company Submitted Pursuant to Order Dated April 21, 2005 to be filed electronically through the Court of Federal Claims Case Management/ Electronic Case Filing System on June 20, 2005. I understand that all parties may access the filing through the Court's CM/ECF System, including:

Russell A. Shultis, Esq.
Alan J. Lo. Re, Esq.
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

Howard N. Cayne, Esq.
Arnold & Porter, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Thomas O. Mason