IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | : | No. 98-488C (Judge Braden) |

BRIEF *AMICI* CURIAE OF CERTAIN UTILITY PLAINTIFFS[1] IN SUPPORT OF SMUD'S RESPONSE TO ORDER TO SHOW CAUSE DATED APRIL 21, 2005

In an Order dated April 21, 2005, the Court directed the parties "to show cause why the court should not hold that the June 14, 1983 Standard Contract with plaintiff is void and the Government be ordered to refund all monies paid to date by plaintiff into the Nuclear Waste Fund as restitution. In addition, plaintiff is ordered to show cause how such an order could prejudice its interests . . . . Moreover, the court is interested to know why restitution is not an appropriate remedy in this case . . . ." Order at 4-5. The Order authorized any interested party to file an *amicus* brief on these issues. *Id.* at 6.

Like SMUD, *amici* are pursuing breach of contract claims before the Court on account of the government's failure to pick up their spent nuclear fuel. Amici are filing this brief to voice their agreement with the arguments made by SMUD in its response to the Court's Order to Show Cause. *Amici* agree with SMUD that the doctrine of mutual mistake of fact is inapplicable to the

[1] The utility plaintiffs on whose behalf this brief is being filed are the following: Yankee Atomic Electric Company (Case No. 98-126C), Connecticut Yankee Atomic Power Co. (Case No. 98-154C), Maine Yankee Atomic Power Co. (Case No. 98-474C), Pacific Gas & Electric Co. (Case No. 04-74C, into which has been consolidated Case No. 04-75C), Union Electric Co. (d/b/a Ameren UE) (Case No. 04-97C), TXU Generation Company LP (Case No. 04-98), Kansas Gas and Electric Co., Kansas City Power and Light Co., Kansas Electric Power Cooperative, Inc. (Case No. 04-99C), Texas Genco, LP, City of Austin, Texas, City of San Antonio, Texas, Acting Through the Public Service Board of San Antonio (Case No. 04-100C), Dairyland Power Cooperative (Case No. 04-106C).

spent fuel cases, as there has been no suggestion that the parties were mistaken regarding a fact in existence at the time of contracting. *Amici* also agree with SMUD that there is no basis for voiding the spent fuel contracts based on impracticability of performance.

In addition, *Amici* agree with SMUD that a plaintiff has a right of an election among available remedies. SMUD has elected to pursue breach of contract damages. Other plaintiffs may elect to pursue restitution, the remedy suggested by the Court in its Order to Show Cause. But the choice between these remedies should remain with the particular plaintiffs. Indeed, another Judge of this Court in a different spent fuel case has held that a plaintiff maintains this choice through trial, and that an election need only be made prior to a final judgment. *See Yankee Atomic Elec. Co. v. United States*, 2004 WL 1535688 at *5 (Fed. Cl.).

Given the thoroughness of SMUD's response to the Court's Order to Show Cause it is not necessary for *amici* to burden the record with repetition here of the details of the arguments identified above made by SMUD. And on the basis of those arguments, the Court should deem the Order to Show Cause discharged and should proceed to adjudicate SMUD's claim for breach of contract damages as presented at trial.

Dated: July 7, 2005

Respectfully submitted,

s/

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
(202) 331-3173
(202) 261-4751 (fax)
Counsel for *Amici*

*Yankee Atomic Electric Company,*
*Connecticut Yankee Atomic Power Co.,*
*Maine Yankee Atomic Power Co.,*
*Pacific Gas & Electric Co.,*
*Union Electric Co. (d/b/a Ameren UE),*
*TXU Generation Company LP,*
*Kansas Gas and Electric Co.,*
*Kansas City Power and Light Co.,*
*Kansas Electric Power Cooperative, Inc.,*
*Texas Genco, LP,*
*City of Austin, Texas,*
*City of San Antonio, Texas,*
*Acting Through the Public Service Board*
*of San Antonio ,*
*Dairyland Power Cooperative.*

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP