No. 98-488C
(Judge Braden)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SACRAMENTO MUNICIPAL UTILITY DISTRICT,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

# DEFENDANT'S PROPOSED FINDINGS OF FACT

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

RUSSELL A. SHULTIS
Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

JOSHUA E. GARDNER
SCOTT R. DAMELIN
TODD J. COCHRAN
ELIZABETH THOMAS
Trial Counsel

September 20, 2005

Attorneys for Defendant

## TABLE OF CONTENTS

I. THE NUCLEAR WASTE POLICY ACT AND THE PROMULGATION OF THE STANDARD CONTRACT . . . 1

II. OVERVIEW OF THE RANCHO SECO NUCLEAR FACILITY . . . 3

III. SMUD PURSUED DRY STORAGE IN 1990 FOR REASONS WHOLLY UNRELATED TO THE GOVERNMENT'S 1998 BREACH OF THE STANDARD CONTRACT . . . 5

A. As A Result Of Rancho Seco's Premature Shutdown In 1989, SMUD's Focus Was To Decrease The Size Of Its Nuclear Footprint . . . 5

B. SMUD's Board Of Directors Made The Decision In 1990 That SMUD Place Its SNF Into Dry Storage . . . 8

C. SMUD's Early Implementation Of Its Dry Storage Project . . . 11

D. SMUD Awards Dry Storage Contract To Pacific Nuclear . . . 20

E. SMUD's Reevaluation Of Its Decision To Place Its SNF Into Dry Storage Was Unrelated To The Government's January 31, 1998 Delay In SNF Acceptance . . . 24

IV. SMUD FAILED TO PROVE THAT DOE WAS CONTRACTUALLY OBLIGATED TO ACCEPT SNF AT AN ANNUAL RATE OF 3,000 MTUs . 36

V. SMUD's CLAIM THAT IT WOULD HAVE HAD EARLY ACCEPTANCE DATES BECAUSE DOE WOULD HAVE GRANTED IT PRIORITY AS A SHUTDOWN REACTOR AND/OR BECAUSE SMUD WOULD HAVE ENGAGED IN EXCHANGES OR TRANSPORTATION CAMPAIGNS IS UNSUPPORTED BY ANY EVIDENCE . . . 51

A. SMUD Failed To Meet Its Burden Of Establishing That It Would Have Obtained Priority As A Shutdown Reactor . . . 51

B. SMUD Failed To Establish That It Would Have Engaged In Exchanges Or, Or How Such Exchanges Would Have Affected Its Acceptance Rights . . . 55

C. SMUD Failed To Establish That It Would Have Engaged In Transportation Campaigns . . . . . 56

VI. SMUD's DAMAGES CLAIM IS FATALLY FLAWED . . . . . 58

A. SMUD Has Failed To Properly Mitigate Its Alleged Damages . . . . . 58

1. Had SMUD Left Its SNF In Its Wet Pool, It Would Have Incurred No Costs That Are Attributable To The Government's Breach . . . . . 58

2. Because The Government Is Obligated To Provide Transportation Casks Under The Standard Contract, SMUD's Pursuit Of Casks That Contain Transportation Features Cannot Constitute Proper Mitigation . . . . . 59

3. SMUD Could Have Pursued A Dry Transfer System, Which Would Have Allowed SMUD To Abandon Its Wet Pool And Pursue Store-Only Dry Storage . . . . . 60

4. Even If The Court Concludes That SMUD Acted Reasonably In The Pursuit Of Dual-Purpose Dry Storage, SMUD Chose A More Expensive Dual-Purpose System . . . . . 64

B. SMUD's Damages Claim Fails To Consider The Effect Of Multi-Element Sealed Canisters, Greater Than Class C Low Level Radioactive Waste, And Failed Fuel . . . . . 66

1. Because SMUD Has Placed Its SNF Into MESCs, Which Currently Are Unacceptable Under The Standard Contract, The Costs That SMUD Has Incurred For Dry Storage Would Have Been Incurred Regardless Of The Timing Of The Government's Acceptance Of SMUD's SNF . . . . . 66

2. Because DOE Is Not Responsible For The Acceptance Of GTCC Under The Standard Contract, The Cost SMUD Has Incurred For The Storage Of SNF Would Have Been Incurred Regardless Of The Timing Of DOE's Performance . . . . . 68

3. Because SMUD Possesses Failed Fuel, Which It May Possess Indefinitely, SMUD Would Have Incurred The Cost Of SNF Storage Regardless Of The Timing Of The Government's Acceptance Of SMUD's Standard SNF . . . . . . . . 69

C. SMUD May Not Recover The 2003 Operation & Maintenance Cost For Its ISFSI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

D. SMUD Is Responsible For The Costs Associated With The 88-Month Delay In Its Dry Storage Project . . . . . . . . . . . . . . . . . . . . . . . 75

E. SMUD's Damages Claim Includes Other Significant Flaws . . . . . . . . . . 79

1. SMUD Has Failed To Establish That Its Claimed Labor Costs Were Incremental To The Partial Breach . . . . . . . . . . . . . 81

2. SMUD Has Failed To Demonstrate That Its Claimed Labor Overhead Markups Were Incremental To The Partial Breach . . 84

3. Although SMUD Concedes That It Would Have Incurred Costs Associated With Its Dry Storage Project In The Non-Breach World, SMUD's Calculation Of The Proposed Offsets Is Understated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

a. Gantry Crane . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

b. On-Site Drop Mitigation Test . . . . . . . . . . . . . . . . . . . . . 87

4. SMUD's Inclusion Of The Cost Of Loading SNF Into Its ISFSI Should be Offset From Its Damages Claim . . . . . . . . . . . 88

5. SMUD's Damages Claim Fails To Consider Unavoidable Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

6. SMUD's Damages Claim Improperly Includes Costs Related To Premature Mobilization Of Its Labor Force Associated With The Loading Of Its ISFSI . . . . . . . . . . . . . . . . 89

7. SMUD's Damages Claim Fails To Provide A Proper Offset For The Substantial Cost Savings That SMUD Realized By Placing Its SNF Into Dry Storage . . . . . . . . . . . . . . . . . . . . . . . 90

8. SMUD's Damages Claim Fails To Account For The Savings Associated With Decommissioning Its Wet Pool . . . . . 91

9. Many Of SMUD's Claimed Incurred Costs Are Not Proper Damages For Multiple Reasons . . . . . . . . . . . . . . . . . . . . . . . . . . 92

VII. SMUD HAS FAILED TO MEET ITS BURDEN OF DEMONSTRATING THAT THE GOVERNMENT HAS BREACHED IT DUTY OF GOOD FAITH AND FAIR DEALING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93