No. 98-488C
(Judge Braden)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SACRAMENTO MUNICIPAL UTILITY DISTRICT,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO EXCLUDE CERTAIN DOCUMENTS NOT USED WITH A WITNESS BY PLAINTIFF AT TRIAL

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7561
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

JOSHUA E. GARDNER
SCOTT R. DAMELIN
TODD J. COCHRAN
ELIZABETH THOMAS
Trial Attorneys
Department of Justice

November 28, 2005

## TABLE OF CONTENTS


TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S MOTION TO EXCLUDE CERTAIN
DOCUMENTS NOT USED WITH A WITNESS BY PLAINTIFF AT TRIAL . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. CONTRACTOR DOCUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. NEWSPAPER AND JOURNAL ARTICLES . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. UNATTRIBUTABLE PAPERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV. CORRESPONDENCE FROM AND TO OTHER UTILITIES . . . . . . . . . . . . . . 8

V. MISCELLANEOUS HEARSAY OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . 8

VI. INCOMPLETE DOCUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VII. DOCUMENTS THAT SMUD SEEKS TO INTRODUCE POST-TRIAL . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

### CASES

Blue Water Environmental v. United States,
60 Fed. Cl. 48 (2004) ........ 3

Florida Power & Light Co. v. United States,
No. 48-483C, 2003 WL 24129961 (Fed. Cl. May 21, 2003) (unpublished) ........ 9

Horta v. Sullivan,
4 F.3d 2 (1st Cir. 1993) ........ 6

Marsee v. United States Tobacco Co.,
866 F.2d 319 (10th Cir. 1989) ........ 4

Mayor of The City of Philadelphia v. Educational Equality League,
415 U.S. 605 (1973) ........ 6

Power Auth. of the State of New York v. United States,
62 Fed. Cl. 376 (2004) ........ 9

United States v. Orleans,
425 U.S. 807 (1976) ........ 3, 4

Yankee Atomic Electric Co. v. United States,
No. 98-126C, 2004 WL 2450874 (Fed. Cl. Sept. 17, 2004) (unpublished) ........ 4

Zeus Enterprises, Inc. v. Alphin Aircraft, Inc.,
190 F.3d 238 (4th Cir. 1999) ........ 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.98-488C |
| v. | ) | (Judge Braden) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO EXCLUDE CERTAIN
DOCUMENTS NOT USED WITH A WITNESS BY PLAINTIFF AT TRIAL

Pursuant to this Court's scheduling order dated July 27, 2005, as amended November 10, 2005, defendant, the United States, respectfully requests that the Court exclude from the record in this case certain documents not used by plaintiff, Sacramento Municipal Utility District ("SMUD"), with a witness at trial.

SUMMARY OF ARGUMENT

As an initial matter, of the approximately 344 documents that SMUD seeks to retain in evidence in this case and did not use with a witness at trial,[1] SMUD only used 109 of these documents in its post-trial briefing. The Government is unaware of any basis for retaining these 235 documents in the record in this case, and the Court should exclude these documents.[2]

Further, of these 235 documents that SMUD did not use with a witness or in its post-trial briefing, at least 25 of these documents are from DOE contractors; 11 of these documents are

---

[1] In an effort to streamline the objection to documents, the parties previously exchanged lists of exhibits that the parties wished to keep in evidence. The Government's motion to exclude certain documents is predicated upon the list of exhibits that plaintiff previously provided to the Government. Should plaintiff seek to revise its list of exhibits that it seeks to introduce into evidence, we reserve the right to make additional objections to those documents.

[2] A list of the 235 documents that SMUD has identified that it seeks to retain in the record and did not use either at trial or post-trial is attached to this motion as Attachment 1.

from newspapers, magazines, or other similar sources; two of these exhibits are from unidentified sources; 14 of these documents are correspondence to and from other utilities; eight documents lack foundation and contain inadmissible hearsay; three documents are incomplete; and 16 of these documents were submitted post-trial in response to the Court's April 21, 2005 show cause order. Therefore, even if the Court generally decides to retain in evidence the 235 documents that were never used by SMUD either during or post-trial, the Court should exclude the 77 documents identified below because they are inadmissible.

## ARGUMENT

### I. CONTRACTOR DOCUMENTS

Despite the fact that the Government presented unrefuted testimony at trial that contractors of the Department of Energy ("DOE") do not speak for DOE unless DOE officially adopts the contractors' statements, SMUD seeks to introduce into evidence 25 contractor documents.[3] Because, with limited exception, contractors do not speak on behalf of DOE, these contractor documents do not constitute party admissions and, rather, are inadmissible hearsay.

At trial, Christopher Kouts, the director of the Office of Systems Analysis and Strategy Development within DOE's Office of Civilian Radioactive Waste Management, explained that DOE regards contractor reports as "essentially the view of the contractor, and unless the Department issues its own report under its own letterhead, with the DOE stamp, as well as a document number, that's not DOE position or DOE policy." Tr.2110:25-2111:6 (Kouts). Mr. Kouts stated that, until DOE issues its own report, DOE views contractor reports as simply

[3] These documents include: PX 7; PX 17; PX 60; PX 70; PX 94; PX 146; PX 168; PX 184; PX 192; PX 207; PX 212; PX 216; PX 254; PX 326; PX 366; PX 400; PX 475; PX 565; PX 636; PX 720; PX 722; PX 723; PX 732; PX 752; PX 831.

providing advice. Tr.2111:7-9 (Kouts). SMUD presented no testimony or evidence that contradicts Mr. Kouts' testimony.

To the extent SMUD asserts that activities performed by a contractor to an agency are the same as those performed by the agency itself, and that all contractor activities should be attributed to the agency, SMUD is simply wrong. First, these documents are not admissible under Federal Rule of Evidence 803(8)(A) as a public record or reports of DOE's activities, because they are not agency documents in any sense. In Blue Water Environmental v. United States, 60 Fed. Cl. 48 (2004), this Court held that a private contractor which operated a laboratory under an M&O contract with the Department of Energy could not be deemed a Federal "agency" for purposes of Tucker Act bid protest jurisdiction even if, as alleged, DOE exercised day-to-day supervision of the contractor's activities. Id. at 52. The Court further determined that, even if such supervision was sufficient to establish "agency," evidence was required to establish that DOE supervised or directed the subcontracting process about which the plaintiff was complaining. Id. In sum, the plaintiff was required to prove that an agency relationship was established by the contract, and that it created an agency relationship with regard to the specific work about which agency was being claimed, before the contractor could be deemed an "agent" for purposes of that work.

In United States v. Orleans, 425 U.S. 807 (1976), the Supreme Court explained that the critical element in distinguishing an "agency" of the Federal Government from a "contractor" for purposes of the Federal Tort Claims Act is the power of the Federal Government to control the detailed physical performance of the contractor. Therefore, the issue is not whether the entity receives Federal money and must comply with Federal regulations, but whether its daily

operations are supervised by the Federal Government. Id. at 814. The Supreme Court explained that any contrary finding would be inconsistent with general contracting principles:

> Billions of dollars of federal money are spent each year on projects performed by people and institutions with contracts with the Government. These contractors act for and are paid by the United States. They are responsible to the United States for compliance with the specifications of a contract or grant, but they are largely free to select the means of its implementation. . . . Similarly, by contract, the Government may fix specific and precise conditions to implement federal objectives. Although such regulations are aimed at assuring compliance with goals, the regulations do not convert the acts of entrepreneurs or state government bodies into federal government acts.

Id. at 815-16.

Simply put, contractor documents should not be admitted under Federal Rule of Evidence 803(8) because they are not agency documents in any sense. See Marsee v. United States Tobacco Co., 866 F.2d 319, 325 (10th Cir. 1989) (neither an International Agency for Research on Cancer nor a National Institute of Health report qualified as a Government record under FRE 803(8)(B) because their contents were drawn from “a conference attended by scientists from various countries” and “a panel of scientists and non-scientists after a conference at which invited speakers present papers,” rather than the agency itself). As such, they do not fit the rationale for the FRE 803(8) hearsay exception. Zeus Enterprises, Inc. v. Alphin Aircraft, Inc., 190 F.3d 238, 241 (4th Cir. 1999). [4]

---

[4] In another SNF case, Yankee Atomic Electric Co. v. United States, No. 98-126C, 2004 WL 2450874 (Fed. Cl. Sept. 17, 2004) (unpublished), this Court admitted contractor-created documents at the plaintiff’s request. We respectfully disagree with the rationale of that decision. However, regardless of that disagreement, the Court’s ruling in this case must be based upon the evidence presented in this case. To the extent that the Court evaluated other evidence in Yankee that was not submitted here and that caused the Court to find that contractor-created documents somehow constitute “admissions” by the Government, that fact is irrelevant to the Court’s

Further, the contractor documents that SMUD seeks to retain in evidence do not constitute admissions by DOE pursuant to Federal Rule of Evidence 801(d)(2). FRE 801(d)(2) provides that a statement is not hearsay if

> [t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity, or (B) a statement of which the party has manifested an adoption or belief in its truth, or © a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment . . . The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision ©, [or] the agency or employment relationship and scope thereof under subdivision (D) . . . .

FRE 801(d)(2).

SMUD has presented no evidence that any of the contractor documents that it seeks to retain in evidence were made by individuals "authorized" by DOE to make the statements contained in those documents. Further, contractors are not "agents" of DOE. Since none of the 25 contractor documents that SMUD seeks to retain in evidence indicate that DOE has adopted these documents as DOE's own statements or policy, these documents are pure hearsay and are not subject to any exception. Because SMUD has identified no proper basis for their admission as evidence in this case, the Court should exclude these documents.[5]

---

evaluation of this issue here since this Court's decision must be based upon the evidence submitted to the Court in <u>this</u> case.

[5] In its March 16, 2005 pre-trial order in this case, the Court tentatively granted SMUD's motion with respect to the designation of the prior testimony of Ed Benz, Robert Burgoyne, and Billy Cole, but reserved the right "to change such admissibility ruling and not rely on such testimony." Based upon the testimony of Mr. Kouts, the Court also should reconsider its preliminary decision regarding Messrs. Benz, Burgoyne, and Cole and exclude their previous testimony from the record in this case.

## II. NEWSPAPER AND JOURNAL ARTICLES

Another category of hearsay documents that SMUD seeks to retain in evidence are 11 exhibits comprised of newspaper articles, journal articles, and sections of books.[6] Because these documents constitute inadmissible hearsay, and often hearsay within hearsay, the Court should exclude these documents.

Federal Rule of Evidence 801© defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or the hearing, offered in evidence to prove the truth of the matter asserted." As explained in Federal Rule of Evidence 802, "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Further, pursuant to Federal Rule of Evidence 805, "[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Courts have routinely recognized that documents such as the ones that SMUD seeks to introduce into evidence constitute hearsay. See Mayor of The City of Philadelphia v. Educational Equality League, 415 U.S. 605, 618 n.19 (1973) (acknowledging that newspaper account of events constituted hearsay); Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (concluding that newspaper article should have been stricken from summary judgment filing because it constitutes inadmissible hearsay).

For example, PX 421, PX 426, PX 462, PX 619, PX 705 and PX 974 all appear to be excepts from the publication "Nuclear Fuel." Not only do these exhibits constitute inadmissible

---

[6] These documents include: PX 190; PX 265; PX 421; PX 426; PX 462; PX 522; PX 619; PX 705; PX 972; PX 973; PX 974.

hearsay, but SMUD has laid absolutely no foundation to support the admission of these exhibits into evidence. Further, these documents appear to be excerpted articles of larger publications and, therefore, are incomplete.

Similarly, PX 190 appears to be an excerpt of a book entitled "Proving Business Damages." However, SMUD did not seek to use this document with any witness, and laid no foundation for its introduction into evidence. Further, this exhibit is incomplete, as it appears to be only a small portion of a much larger book.

Consequently, because each of the identified exhibits constitute inadmissible hearsay, and often hearsay within hearsay, the Court should exclude these exhibits from the record in this case.

## III. UNATTRIBUTABLE PAPERS

Another category of documents that SMUD seeks to retain in evidence are papers that lack any sign of an identified author. Because SMUD has failed to lay the proper foundation or authentication for these documents, they should be excluded from the record in this case.

For example, PX 586, a draft article concerning the potential co-disposal of Greater-Than-Class-C radioactive low-level waste ("GTCC") with high-level waste lacks an identified author. Similarly, PX 861 is a pre-decisional draft paper concerning GTCC that lacks an author. SMUD has failed to lay any foundation for the admissibility of these papers. Consequently, because these papers constitute inadmissible hearsay and lack the requisite foundation and authentication, the Court should exclude them from evidence in this case.

IV. CORRESPONDENCE FROM AND TO OTHER UTILITIES

In addition, SMUD seeks to introduce into evidence at least 11 documents reflecting correspondence from other utilities to DOE, as well as correspondence from DOE to other utilities.[7] Because these documents have absolutely no relevance to SMUD's alleged damages in this case, the Court should exclude these documents from evidence. Indeed, at least two of these documents, PX 287 and PX 307, are letters from the Yankee utilities concerning issues related to DOE's acceptance of their fuel and, therefore, constitute inadmissible hearsay. Further, SMUD has failed to lay any foundation that would otherwise allow the Court to receive PX 302 and PX 307 into evidence. Consequently, because these documents are both irrelevant and, in some cases, contain inadmissible hearsay, the Court should exclude these documents from evidence in this case.

V. MISCELLANEOUS HEARSAY OBJECTIONS

In addition to the previously discussed categories of objectionable documents, SMUD also seeks to admit into evidence other documents containing inadmissible hearsay. For example, PX 966 appears to be a submission by Portland General Electric Company to the Nuclear Regulatory Commission concerning decommissioning. SMUD did not call any witness to lay the necessary foundation for this document at trial, and this document constitutes inadmissible hearsay.

[7] These documents include: PX 251; PX 278; PX 279; PX 287; PX 302; PX 307; PX 417; PX 433; PX 485; PX 745; PX 746.

Similarly, PX 644 is a paper concerning at-reactor storage related to private fuel storage authored by Eileen Supko. This document constitutes inadmissible hearsay and is not subject to any exception. Consequently, there is no basis for this paper to remain in evidence in this case.

PX 791 is a letter from counsel for SMUD to counsel for the Government concerning certain offsets to SMUD's damages claim. SMUD's counsel did not testify at trial, and there is no basis for this letter to be accepted into evidence in this case.

PX 869 is a paper by individuals who work at Pacific Nuclear and Weston regarding the significance of canistered spent fuel. SMUD did not call either of the authors at trial to establish the requisite foundation for this paper, and this paper constitutes inadmissible hearsay.

PX 522 and PX 701 are documents drafted by the NEI organization related to dry storage. Again, SMUD failed to establish any foundation for the introduction of these two documents, and these documents constitute inadmissible hearsay.

PX 583 appears to be a draft of talking points for a meeting between the then-Secretary of Energy and commercial utilities concerning a meeting regarding potential settlement of the spent nuclear fuel litigation. However, SMUD failed to establish that these draft talking points were ever actually presented by the Secretary of Energy (or anyone else at DOE for that matter). Further, the discussion of potential settlement options plainly falls under Federal Rule of Evidence 408, and the Court should exclude this document from evidence in this case. See Power Auth. of the State of New York v. United States, 62 Fed. Cl. 376, 379 (2004) (striking SNF settlement agreement as inadmissible under FRE 408); Florida Power & Light Co. v. United States, No. 48-483C, 2003 WL 24129961 (Fed. Cl. May 21, 2003) (unpublished) (same).

Similarly, the Court should exclude PX 653 from evidence. PX 653 purports to be an amendment to the Standard Contract between the DOE and PECO as a result of a potential settlement between the parties. In addition to being inadmissible pursuant to FRE 408, SMUD failed to elicit any testimony at trial concerning the facts or circumstances behind this document, or the relevance of this document to SMUD's claimed damages.

VI. INCOMPLETE DOCUMENTS

SMUD also seeks to have admitted into evidence three documents that are incomplete. These documents, PX 559, PX 634, and PX 709, appear to be portions of the Government's legal briefs and discovery responses in other cases. Specifically, PX 559 is a portion of the Government's petition for a writ of certiorari in United States v. Northern States Power Company. PX 634 is a portion of the Government's brief in the United States Court of Appeals for the Federal Circuit in Maine Yankee Atomic Power Co. v. United States, Nos. 99-5138, 99-5139, and 99-5140. Finally, PX 709 is a portion of the Government's proposed findings of uncontroverted fact regarding the rate of spent nuclear fuel acceptance in Yankee Atomic Electric Co. v. United States, No. 98-126C.

Putting to one side the questionable relevance of these documents to SMUD's damages in this case, the Government objects to the selective portions of the Government's legal papers that are represented in PX 559, PX 634, and PX 709, and respectfully request that the Court exclude these documents from evidence on the grounds that these documents are incomplete.

VII. DOCUMENTS THAT SMUD SEEKS TO INTRODUCE POST-TRIAL

Finally, SMUD seeks to introduce into evidence 16 documents that it identified post-trial for use in its response to the Court's April 21, 2005 show cause order.[8] On November 10, 2005, seven months after the conclusion of the two-week evidentiary hearing in this case, SMUD moved for leave to file a "third supplemental exhibit list." In addition to the inclusion of "exhibits that SMUD included in witness notebooks at trial that were not previously listed on SMUD's prior exhibit lists," SMUD included on this list "additional exhibits that SMUD relied on in its Response to Memorandum Opinion And Order To Show Cause Dated April 21, 2005."

The Government is unaware of any basis for allowing SMUD to introduce into evidence post-trial exhibits that it had not identified prior to the close of the evidentiary hearing in this case. Indeed, certain of these documents are plainly inappropriate for inclusion as evidence in this case. For example, PX 1017 is an excerpt of DOE employee Christopher Kouts' trial testimony in Indiana Michigan Power Co. v. United States, No. 98-486C. In its March 16, 2005 order, the Court denied SMUD's request to introduce the prior testimony of Government witnesses that the Government called as witnesses at trial in this case. Despite this Court's order, and the fact that Mr. Kouts testified in this case, see Tr.2102-2212 (Kouts), SMUD again seeks to introduce the prior testimony of DOE witnesses that testified at trial. The Court should reject SMUD's attempt to contravene the Court's previous order.

Further, PX 1021 appears to be an article from the publication "Inside INEEL." This document is inadmissable hearsay. In addition, SMUD has failed to lay any foundation for this

[8] These post-trial documents include the following: PX 1014; PX 1015; PX 1016; PX 1017; PX 1018; PX 1019; PX 1020; PX 1021; PX 1022; PX 1023; PX 1024; PX 1025; PX 1026; PX 1027; PX 1028; PX 1029.

document and has failed to establish the authenticity of this document. Therefore, in addition to the fact that SMUD seeks to improperly introduce PX 1021 into evidence post-trial, the Court should exclude this document because it constitutes inadmissible hearsay and lacks foundation or authentication.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant the Government's motion to exclude the documents identified above, none of which were used by SMUD with a witness at trial.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by Scott R. Damelin
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7561
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

JOSHUA E. GARDNER
SCOTT R. DAMELIN
TODD J. COCHRAN
ELIZABETH THOMAS
Trial Attorneys
Department of Justice

November 28, 2005

# ATTACHMENT 1

Sacramento Municipal Utility District v. United States, No. 98-488C

11/21/2005 1:07 PM

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|
| 0007 | DE-105382 | DE-105419 | Comparison of Available Repository Loads and Age of Waste Prior to and at Repository for Reference (1998) and Accelerated (1993) Repository Schedules With and Without Reprocessing (154 GWE) | 05/??/1982 |
| 0010 | SMUD-0011715 | SMUD-0011729 | Letter re American Public Power Assn paper laying out concerns of public power systems with respect to existing draft contract | Fri 01/21/1983 |
| 0012 | SN048683 [D] | SN0486048724 | EEI's Draft Unsolicited Comments on Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste | Tue 01/25/1983 |
| 0014 | EDB-003-0855 | EDB-003-0856 | Memo re Implementation of the Nuclear Waste Policy Act of 1982 | Fri 01/28/1983 |
| 0017 | PNL-150-0439 | PNL-150-0484 | Commercial Spent Fuel Management Plan | 03/??/1983 |
| 0025 | SMUD-0020839 | SMUD-0020839 | Letter re response to Director Rauch's letter of February 14, 1983 | Mon 03/07/1983 |
| 0032 | SMUD-0019851 | SMUD-0019853 | Letter re notification of corrections to standard contract | Fri 04/29/1983 |
| 0037 | SMUD-0012719 | SMUD-0012724 | Meeting Notes of Edison Electric Institute DOE Contract Task Group Meeting | Thu 05/12/1983 |
| 0039 | ZAB-001-1344 | ZAB-001-1346 | Letter re concerns re Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste (10 CFR Part 961) | Fri 05/20/1983 |
| 0040 | SMUD-0019814 | SMUD-0019817 | Letter re notification of corrections to standard contract | Fri 05/27/1983 |
| 0045 | ZAB-001-1462 | ZAB-001-1462 | Letter re Kearney's 5/20/83 letter re Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste | Fri 06/17/1983 |
| 0047 | PA-178238 | PA-178253 | Report on Financing the Disposal of Commercial Spent Nuclear Fuel and/or High-Level Radioactive Waste | 07/??/1983 |
| 0048 | SMUD-0019799 | SMUD-0019799 | Memo re Standard Remittance Advice for Nuclear Waste Fund Disposal Services | 07/??/1983 |
| 0051 | PNL-146-3246 | PNL-146-3314 | DOE Draft Transportation Plan (Volume V) NWPA Mission Plan | Mon 09/26/1983 |
| 0054 | SMUD-0020757 | SMUD-0020757 | Memo re Nuclear Engineering's Position on Federal Interim Storage of Spent Nuclear Fuel | Mon 10/24/1983 |
| 0056 | PNL-021-0233 | PNL-021-0243 | Letter re FY 1984 Program Guidance for Nuclear Waste Fund (NWF) Evaluations | Fri 12/02/1983 |
| 0057 | SN069588 [D] | SN069600 [D] | Draft Civilian Radioactive Waste Management Program Mission Plan, Volume 1, Overview and Current Program Plans | Thu 12/15/1983 |
| 0058 | SN045165 [D] | SN0451645166 | Letter requesting comments re enclosed Informal Draft Civilian Radioactive Management Program Mission Plan (Volume I) Overview and Current Program Plans dated 12/20/83 | Tue 12/20/1983 |
| 0060 | PNL-023-0176 | PNL-023-0176 | Memo re Revised Waste Acceptance Schedule from Draft Mission Plan | Tue 01/24/1984 |
| 0061 | SN069588 | SN069600 | Report: Proceedings of the 1983 Civilian Radioactive Waste Management Information Meeting, December 12-15, 1983 | 02/??/1984 |

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|
| 0062 | PNL-173-0225 | PNL-173-0264 | Statement before the Subcommittee on Energy Conservation and Power and House Committee on Energy and Commerce | Wed 02/22/1984 |
| 0071 | PNL-020-1491 | PNL-020-1657 | Final Draft of Preliminary Analysis of the Total System Life Cycle Cost of the Commercial High-Level Radioactive Waste Disposal Program | Fri 04/27/1984 |
| 0073 | PA-105469 | PA-105470 | Letter re implementation of Nuclear Waste Policy Act | Wed 05/30/1984 |
| 0075 | SN044976 [D] | SN044976 [D] | Associated Press article re disposal of nuclear and highly radioactive wastes | Wed 06/13/1984 |
| 0076 | ZAB-001-1329 | ZAB-001-1329 | Washington Post article re Waste-Disposal Advances | Fri 06/15/1984 |
| 0078 | PA-177336 | PA-177349 | Second Annual Report: Nuclear Waste Fund Fee Adequacy: An Assessment | 07/??/1984 |
| 0082 | | | Letter re General Counsel's 5/30/84 letter re implementation of Nuclear Waste Policy Act | Fri 09/07/1984 |
| 0086 | DER-003-0966 | DER-003-0983 | Report: Nuclear Waste Policy Act, Nuclear Waste Fund Fee Adequacy: An Assessment | 02/??/1985 |
| 0089 | PA-176450 | PA-176675 | Analysis of the Total System Life Cycle Cost for the Civilian Radioactive Waste Management Program | 04/??/1985 |
| 0090 | DER-003-0821 | DER-003-0828 | Nuclear Waste Policy Act—The Need for and Feasibility of Monitored Retrievable Storage-A Preliminary Analysis | 04/??/1985 |
| 0094 | PNL-030-0093 | PNL-030-0100 | Facility Limited Spent Fuel Acceptance Analysis | Thu 10/10/1985 |
| 0110 | HQR-065-0523 | HQR-065-0588 | Report to Congress in Response to Public Law 99-240 entitled "Recommendations for Management of Greater-Than-Class-C Low-Level Radioactive Waste" (NTIS) | 02/??/1987 |
| 0111 | HQR-077-0660 | HQR-077-0682 | Memorandum re forwarding of Report to Congress required by Public Law 99 240 | Thu 02/05/1987 |
| 0112 | | | Definition of "High-Level Radioactive Waste" 52 Fed. Reg. 5992 | Fri 02/27/1987 |
| 0116 | PA-142473 | PA-142480 | Letter re Draft Mission Plan Amendment | Fri 04/03/1987 |
| 0117 | CTR-006-0427 | CTR-006-0260 | Letter requesting a ruling interpreting, clarifying, or amending the scope of the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste | Tue 04/28/1987 |
| 0120 | PA-176705 | PA-176998 | Analysis of the Total System Life Cycle Cost for the Civilian Radioactive Waste Management Program - Volume I: The Analysis and Its Results | 06/??/1987 |
| 0122 | | | 1987 Annual Review of the Adequacy of the 1.0 mill per kWh Waste Disposal Fee, prepared for the U.S. DOE Under Contract, DE-AC06-76RLO 1830 | 07/??/1987 |
| 0128 | PNL-028-1142 | PNL-028-1146 | Letter re response to Jedrey's 4/28/87 letter requesting a ruling interpreting, clarifying, or amending the scope of the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste | Fri 10/02/1987 |
| 0145 | CTR042-2216221 | CTR042-2216221 | Letter re 1988 Draft Mission Plan Amendment | Mon 08/29/1988 |

Sacramento Municipal Utility District v. United States, No. 98-488C

11/21/2005 1:07 PM

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| | Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|---|
| | ** | 8, CTR-0422128-21 4 | 8, CTR-0422128-21 4 | ** | ** |
| | 0146 | PNL-098-1106 | PNL-098-1144 | Letter re Functional Description for the Delivery Commitment Schedule Processing Approval, and Management Control System - Resource Management Programs - Milestones 1046-A, B, C, D | Tue 08/30/1988 |
| | 0154 | PNL-070-2306 | PNL-070-2669 | Final Version Dry Cask Storage Study | 02/??/1989 |
| | 0156 | PA-177145 | PA-177334 | Analysis of the Total System Life Cycle Cost for the Civilian Radioactive Waste Management Program | 05/??/1989 |
| | 0167 | Supko Work Papers | Supko Work Papers | Letter re dual purpose cask program | Wed 09/20/1989 |
| | 0170 | PA-172230 | PA-172424 | Nuclear Waste: Is There a Need for Federal Interim Storage? | 11/??/1989 |
| | 0173 | SMP087 2116 | SMP087 2116 | Office Memorandum re labor loading rates | Mon 01/22/1990 |
| | 0179 | COF0012513 | COF0012513 | Letter re no 1989 Annual Capacity Report | Fri 04/27/1990 |
| | 0181 | HQ0015217 | HQ0015251 | Memorandum attaching copies of original 34 issues submitted to purchasers | Fri 06/08/1990 |
| | 0183 | HQR-036-2077 | HQR-036-2095 | Comment Response Document for The Secretary of Energy's "Report to Congress on Reassessment of the Civilian Radioactive Waste Management Program" | 11/??/1990 |
| | 0184 | HQ0013579 | HQ0013612 | Draft Cost Estimates of Operating On-Site Spent Fuel Pools after Final Reactor Shutdown | 11/??/1990 |
| | 0186 | SMP087 2115 | SMP087 2115 | Office Memorandum re labor loading rates | Wed 11/07/1990 |
| | 0187 | DF-101718 | DF-101730 | Draft DOE Position on the Acceptance of Non-Fuel Assembly Hardware Under the 10 CFR 961 Standard Contract | Thu 11/29/1990 |
| | 0190 | EXS001 1816 | EXS001 1832 | Proving Business Damages - Second Edition (excerpts) | 01/??/1991 |
| | 0192 | PNL-041-2110 | PNL-041-2119 | Determination of Cost Effective Waste Management System Receipt Rates | 01/??/1991 |
| | 0194 | SMP087 2113 | SMP087 2114 | Office Memorandum re labor loading rates | Tue 02/05/1991 |
| | 0195 | CTR0002188 | CTR0002212 | Letter enclosing issue paper of analysis of impact of altering acceptance right allocation time period | Thu 02/21/1991 |
| | 0199 | PNL0980413 | PNL0980427 | 1991 Acceptance Priority Ranking Report | 04/??/1991 |
| | 0203 | HQ0001537 | HQ0001538 | Memorandum re Approval for Issuance of a Comment Draft of the Annual Acceptance Priority Ranking | Thu 04/25/1991 |
| | 0216 | CTR-024-0150 | CTR-024-0152 | Letter re Review of Draft Delivery Commitment Schedule Instructions | Thu 08/22/1991 |

Sacramento Municipal Utility District v. United States, No. 98-488C

11/21/2005 1:07 PM

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|
| 0223 | PNL 180 1238 | PNL 180 1240 | Fax attaching outline and information re Cooperative Demonstration Goals, "FYI per our telecon." | Mon 10/07/1991 |
| 0234 | SMUD-0005892 | SMUD-0005893 | Staffing Summary Sheet re Approval of Request for Proposal No. 3449 to solicit technical and financial/administrative proposals for acquisition of dual purpose casks | Mon 12/09/1991 |
| 0235 | SMP087 2111 | SMP087 2112 | Office Memorandum re labor loading rates | Tue 12/10/1991 |
| 0237 | HQR-003-0314 | HQR-003-0315 | ACR Issues Status Report | Tue 12/31/1991 |
| 0239 | SMUD-0005505 | SMUD-0005540 | Request for Proposal 3449 for Acquisition of Dual-Purpose Spent Nuclear Fuel Casks and Cask System | Wed 01/15/1992 |
| 0243 | SMP087 2109 | SMP087 2110 | Office Memorandum re labor loading rates | Mon 02/03/1992 |
| 0250 | SMUD-0006645 | SMUD-0006660 | Alternate Proposal for Nuhoms®-24 Dual Purpose Cask System for Sacramento Municipal Utility District Cask Demonstration Program | Wed 04/01/1992 |
| 0254 | CTR0001507 | CTR0001550 | Memorandum re Proposed Contract Changes, (Revision 0) dated April 13, 1992 | Mon 04/13/1992 |
| 0261 | SMUD0006509 | SMUD0006511 | Board Agenda Item - Staffing Summary Sheet | Tue 07/07/1992 |
| 0262 | SMP087 2107 | SMP087 2108 | Office Memorandum re labor loading rates | Tue 07/14/1992 |
| 0276 | SMUD0023464 | SMUD0023465 | Letter re Rancho Seco NUHOMS? Dual Purpose Cask Project - Transmittal of Project Plan and Preliminary Design Information | Fri 11/20/1992 |
| 0278 | HQ0011319 | HQ0011320 | Letter re review of Delivery Commitment Schedules | Tue 12/01/1992 |
| 0279 | YDK045242 | YDK045243 | Letter re DOE's review of three DCSs | Tue 12/01/1992 |
| 0280 | SMP087 2105 | SMP087 2106 | Office Memorandum re labor loading rates | Fri 12/04/1992 |
| 0282 | SMUD 0022576 | SMUD 0022593 | Letter enclosing Pacific Nuclear's notes from the 10/27/92 NRC meeting | Wed 12/16/1992 |
| 0287 | HQ0011334 | HQ0011337 | Letter re rejection of DCSs | Thu 01/07/1993 |
| 0302 | HQ0011338 | HQ0011339 | Letter resolving issues surrounding submittal of corrected DCSs | Thu 04/08/1993 |
| 0304 | CTR0030001 | CTR0030030 | Standard Contract Issue Resolution Process: An Overview and Status | Thu 04/29/1993 |
| 0305 | HQ0002314 | HQ0002355 | 1992 Annual Capacity Report - Revision 1 | 05/??/1993 |
| 0307 | HQ0011353 | HQ0011363 | Letter re impasse in 6/04/93 meeting re accelerated acceptance of Yankee's spent nuclear fuel | Thu 06/10/1993 |
| 0308 | HQR-036-1102 | HQR-036-1103 | Letter re issues discussed at 05/05/93 meeting with House representatives | Tue 06/15/1993 |
| 0309 | HQR-036-1079 | HQR-036-1080 | Letter re response to meeting re decommissioning project | Tue 06/15/1993 |

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|
| 0321 | HQR-060-2141 | HQR-060-2157 | DOE Acceptance of SNF in Dual Canisters | Thu 09/02/1993 |
| 0326 | NVR002 0071 | NVR002 0164 | Multi-Purpose Canister (MPC) Implementation Program Conceptual Design Phase Report, Vol. I - MPC Conceptual Design Summary Report, Final Draft | Thu 09/30/1993 |
| 0328 | SMUD-0018759 | SMUD-0018760 | Summary of Spent Fuel Casking and DOE Demonstration Program Activities | Thu 10/21/1993 |
| 0332 | | | Letter re radioactive waste management program. | Thu 12/23/1993 |
| 0337 | SMP087 2103 | SMP087 2104 | Office Memorandum re 1994 labor loading rates | Wed 01/19/1994 |
| 0340 | CTR-015-0095 | CTR-015-0096 | Memorandum re Program Guidance | Fri 02/18/1994 |
| 0366 | IDF-009-0097 | IDF-009-0217 | Greater Than-Class C Low-Level Radioactive Waste Characterization: Estimated Volumes, Radionuclide Activities, and Other Characteristics | 09/??/1994 |
| 0376 | SMUD-0036522 | SMUD-0036524 | Staffing Summary Sheet re Board approval of a Cooperative Agreement between SMUD and DOE to demonstrate a Transportable Storage System for Rancho Seco's spent nuclear fuel | Tue 11/08/1994 |
| 0383 | SMUD 061837 | SMUD 061840 | Fax attaching Draft DOE and Sacramento Municipal Utility District Sign $2 Million Cooperative Agreement dated 11/00/94 | Wed 12/21/1994 |
| 0387 | SMP087 2102 | SMP087 2102 | Office Memorandum re 1995 labor loading rates | Fri 01/13/1995 |
| 0397 | NVR0020181 | NVR0020186 | Decision Makers' Summit, U.S. Radwaste Management, Record Notes and Memo re: Naval Spent Fuel Alternatives for Multi-Purpose Canister EIS | 03/??/1995 |
| 0400 | DC-101117 | DC-101118 | Memo re "Acceptable" vs. "Standard" Waste | Wed 03/15/1995 |
| 0413 | Supko Work Papers | Supko Work Papers | Information Notice 95-29, Oversight of Design and Fabrication Activities for Metal Components Used in Spent Fuel Dry Storage Systems | 06/??/1995 |
| 0416 | HQR-036-1043 | HQR-0361047 | Statement for the Record, Presentation to U.S. NRC, "Status of Multi-Purpose Canister System, Activities Associated With the Civilian Radioactive Waste Management Program" | Fri 06/09/1995 |
| 0417 | YDK-025-106850 | YDK-025-106850 | Letter re Approval of Yankee Atomic DCS | Wed 06/14/1995 |
| 0441 | | | Assumption of Lead Responsibility for an Environmental Impact Statement Evaluating Container System for the Management of Spent Nuclear Fuel, 60 Fed. Reg. 62828 | Thu 12/07/1995 |
| 0443 | SMP087 2101 | SMP087 2101 | Office Memorandum re 1996 labor loading rates | Fri 12/29/1995 |
| 0462 | Supko Work Papers | Supko Work Papers | Article from Nuclear Fuel "NRC Tightens Dry Storage Application Standards; Faults Holtec Submittal" | Mon 05/06/1996 |
| 0463 | NVR002 0251 | NVR002 0253 | Idaho Agreement and Spent Fuel Matters | Fri 05/10/1996 |
| 0467 | Supko Work | Supko Work | NRC Bulletin 96-04: Chemical, Galvanic, or Other Reactions in Spent Fuel Storage and | Fri 07/05/1996 |

Sacramento Municipal Utility District v. United States, No. 98-488C

11/21/2005 1:07 PM

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| | Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|---|
| | ** | Papers | Papers | Transportation Casks | ** |
| | 0468 | Supko Work Papers | Supko Work Papers | News Release: NRC Staff Asks for Information, Action on Spent Fuel Casks in Light of Recent Incident at Point Beach Plant | Fri 07/05/1996 |
| | 0475 | NVR002 0024 | NVR002 0070 | Letter re Preferred Alternative for Container System for Management of Naval Spent Nuclear Fuel | Thu 08/01/1996 |
| | 0479 | SMP087 2100 | SMP087 2100 | Office Memorandum re new labor loading rates | Thu 08/22/1996 |
| | 0485 | | | Voided DCS submissions | Wed 09/18/1996 |
| | 0493 | SMUD0032283 | SMUD0032287, SMP040 2380 | Fax of Rancho Seco NUHOMS? Project Items for Weekly Status Meetings | Wed 10/30/1996 |
| | 0501 | HQR-039-0789 | HQR-039-0789 | DOE Press Release "Notifies Utilities of Anticipated Delay in Accepting Commercial Spent Nuclear Fuel" | Tue 12/17/1996 |
| | 0504 | SMP087 2099 | SMP087 2099 | Office Memorandum re new labor loading rates | Tue 12/31/1996 |
| | 0508 | | | Record of Decision for a Dry Storage Container System for the Management of Naval Spent Nuclear Fuel, 62 Fed. Reg. 1095 | Wed 01/08/1997 |
| | 0516 | HQR 038 0304 | HQR 038 0328 | Routing Slip attaching MRS System Study Summary Report for June 1989 | Wed 02/12/1997 |
| | 0517 | SN120329 | SN120329 | Letter re denial of approval of Delivery Commitment Schedule | Thu 02/13/1997 |
| | 0522 | Supko Work Papers | Supko Work Papers | Report - Dry Fuel Storage Generic Action Plan, NEI 97-01 | 03/??/1997 |
| | 0530 | YMP 012-2650 | YMP 012-2687 | PowerPoint - Program History Briefing | Thu 03/27/1997 |
| | 0531 | RS 006027 | RS 006028 | Memo re Request for Washington, D.C. Congressional Visit | Fri 03/28/1997 |
| | 0535 | NVR001 0022 | NVR001 0037 | Letter re enclosed Dept of Navy's second Record of Decision related to container system for management of naval spent nuclear fuel | Fri 04/18/1997 |
| | 0541 | MA009925 | MA009943 | "Civilian Radioactive Waste Management System - Total System Description," Revision 0 | 06/??/1997 |
| | 0543 | | | Respondent's (DOE's) Response to Petitions for a Writ of Mandamus in Northern States Power Company, et al. v. DOE, and State of Michigan, et al. v. DOE | 06/??/1997 |
| | 0549 | Supko Work Papers | Supko Work Papers | NRC Information Notice 97-51: Problems Experienced with Loading and Unloading Spent Nuclear Fuel Storage and Transportation Casks | Fri 07/11/1997 |
| | 0557 | SMUD-0036545 | SMUD-0036546 | Letter re Dept's letter dated 6/3/97 re Dept's position as to applicability of certain clauses in Standard Contract to Dept's anticipated delay in beginning spent nuclear fuel disposal by 1/31/98 | Thu 09/18/1997 |

Sacramento Municipal Utility District v. United States, No. 98-488C

11/21/2005 1:07 PM

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|
| 0559 | | | Petition for a Writ of Certiorari in DOE v. Northern States Power Company, et al. | 10/??/1997 |
| 0564 | | | Respondent's (DOE's) Petition for Rehearing and Suggestion for Rehearing En Banc in Northern States Power Company, et al. | Mon 12/01/1997 |
| 0565 | HQR 266 0352 | HQR 266 0356 | Estimated Utility Cost Backup for the OMB Briefing - February 1998 | Mon 12/15/1997 |
| 0569 | | | Response of DOE to the Yankee Atomic Electric Company's Petition for Rehearing in Yankee Atomic Electric Company v. DOE | Thu 01/22/1998 |
| 0572 | HQR-041-2229 | HQR-041-2230 | Press Release "Statement by Lake Barrett Acting Director of the Office of Civilian Radioactive Waste Management on the DOE Obligation to Accept Waste on January 31, 1998 | Fri 01/30/1998 |
| 0573 | SMUD 062544 | SMUD062563 | Rancho Seco Nuclear Fuel Dry Storage Project Status Report | Tue 02/03/1998 |
| 0582 | HQR-029-1765 | HQR-029-1766 | Memo re ACTION: Nuclear Waste Litigation Utility Meeting and Letters of Invitation to 5/18/98 meeting with utility representatives re settlement proposals | Tue 05/12/1998 |
| 0583 | HQR-038-0571 | HQR-038-0576 | Secretary Peña's Talking Points for Meeting With Utilities | Mon 05/18/1998 |
| 0586 | HQR-073-024 | HQR-073025_ | Draft Discussion Paper re Co-Disposal of GTCC LLW With High-Level Radioactive Waste: Statutory and Regulatory Provisions | Sun 06/28/1998 |
| 0592 | SMUD-0036534 | SMUD-0036534 | Letter re status of Cask Materials List under Cooperative Agreement | Thu 08/20/1998 |
| 0593 | Supko Work Papers | Supko Work Papers | Draft RFP for Acquisition of Waste Acceptance and Transportation Services for the Office of Civilian Radioactive Waste Management | 09/??/1998 |
| 0604 | | | Viability Assessment of a Repository at Yucca Mountain: Volume 2: Preliminary Design Concept for the Repository and Waste Package | 12/??/1998 |
| 0604A | | | Viability Assessment of a Repository at Yucca Mountain: Overview | 12/??/1998 |
| 0609 | SMUD-0036520 | SMUD-0036521 | Letter re MP-187 Cask Materials to be Transferred to DOE Upon Termination of Cooperative Agreemnt DE-FC06-94RL12449, Revision 1 | Wed 01/27/1999 |
| 0613 | | | Defendant's Responses to Yankee Atomic's Second Set of Interrogatories in Yankee Atomic Electric Company v. United States | Thu 01/28/1999 |
| 0618 | SMP087 2096 | SMP087 2096 | Office Memorandum re new labor loading rates | Thu 07/29/1999 |
| 0630 | | | Department of Energy's Opposition Brief in the Federal Circuit Court of Appeals in Northern States Power Company v. United States | Fri 10/29/1999 |
| 0634 | | | Department of Energy's Brief in Maine Yankee Atomic Power Company, et al. v. United States, Case Nos. 99-5138, 99-5139, and 99-5140 | Mon 11/08/1999 |
| 0636 | HQR-037-0577 | HQR-037-0690 | 1999 Design Basis Waste Input Report for Commercial Spent Nuclear Fuel | 12/??/1999 |

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|
| 0638 | HQR141-0151 | HQR141-0152 | Memo re Transmittal of Greater-Than-Class C Low-Level Radioactive Waste Program Management Plan - DOE/LLW 257 | Wed 12/29/1999 |
| 0639 | HQR 165 0148 | HQR 165 0152 | Memorandum re Development of an Environmental Impact Statement on Disposal of Greater than Class C Radioactive Waste | ??/??/2001 |
| 0644 | | | Report - Utility At-Reactor Spent Fuel Storage Costs for the Private Fuel Storage Facility Cost Benefit Analysis, Revision 2, ERI-2025-0001 | 04/??/2000 |
| 0649 | HQR-058-0749 | HQR-058-0806 | Civilian Radioactive Waste Management System Requirements Document, Revision 5 | 05/??/2000 |
| 0654 | SMUD-0038701 | SMUD-0038709 | Letter enclosing executed Modification M003 | 08/??/2000 |
| 0659 | SMUD 054222 | SMUD 054222 | Memo re fuel | Wed 09/06/2000 |
| 0682 | HQR145 0001 | HQR145 0056 | Civilian Radioactive Waste Management System Requirements Document, Revision 5 | 05/??/2002 |
| 0691 | | | Transcript of Proceedings to consider the U.S. motion filed 1/9/01 asking the Chief Judge "to reassign to a single judge cases involving alleged breaches of the standard contract published at 10 CFR 961." | Thu 06/14/2001 |
| 0694 | SMUD 086039 | SMUD 086041 | Memorandum re Precision Components Corporation review of time and material invoice process | Wed 07/11/2001 |
| 0695 | HQR SFEE110701, Slides 1-9 | HQR SFEE110701, Slides 1-9 | PowerPoint presentation " Plans for Managing Greater than Class C Waste (GTCC)" | Wed 07/11/2001 |
| 0699 | HQR0750003 | HQR0750035 | Total System Description, Revision 2 | 09/??/2001 |
| 0701 | Supko Work Papers | Supko Work Papers | Guidelines for CFR 72-48 Implementation, NEI 96-07 | Wed 09/26/2001 |
| 0707 | | | Final Rule -- Disposal of High-Level Radioactive Wastes in a Proposed Geologic Repository at Yucca Mountain, NV, 66 Fed. Reg. 55732 | Fri 11/02/2001 |
| 0709 | | | Defendants' Proposed Findings of Uncontroverted Fact Regarding the Rate of Spent Nuclear Fuel Acceptance in Yankee Atomic Electric Company v. U.S. | Thu 11/08/2001 |
| 0712 | SMUD 086043 | SMUD 086047 | Memo re Audit of Transnuclear West, Inc. | Tue 11/27/2001 |
| 0713 | | | Report to Congressional Requesters entitled "NUCLEAR WASTE—Technical, Schedule, and Cost Uncertainties of the Yucca Mountain Repository Project" | 12/??/2001 |
| 0720 | | | Total System Life Cycle Cost for Site Recommendation Letter Report | 02/??/2002 |
| 0723 | TDR-WAT-NU-00 0002 Rev 1 | TDR-WAT-NU-00 0002 Rev 1 | Calculation Method for the Projection of Future Spent Nuclear Fuel Discharges | Fri 02/01/2002 |

| | Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|---|
| | 0724 | | | Letter re approval of Yucca Mountain Site | Thu 02/14/2002 |
| | 0727 | | | Defendants' Proposed Stipulation of Facts in Yankee Atomic Electric Company v. U.S. | Fri 03/01/2002 |
| | 0729 | HQR 239 0929 | HQR 239 0935 | Email attaching Revised Canister Table | Mon 03/04/2002 |
| | 0730 | | | Statement of Lake H. Barrett re 2003 budget request and license application for geologic repository at Yucca Mountain | Thu 03/14/2002 |
| | 0732 | HQR 241 0269 | HQR 241 0320 | Email re Contract Changes to Implement Canister Acceptance and attaching a standard contract modified to incorporate contract language allowing delivery of SNF in canisters | Mon 03/18/2002 |
| | 0734 | | | 30(b)(6) Notice of Deposition of designated representative in Yankee Atomic Electric Company, et al. v. U.S. | Wed 04/03/2002 |
| | 0736 | | | 30(b)(6) Notice of Deposition of designated representative in Yankee Atomic Electric Company, et al. v. U.S. | Thu 04/18/2002 |
| | 0737 | | | Defendant's Response to Utility Plaintiffs' Requests for Admissions in Yankee Atomic Electric Company, et al. v. U.S. | Thu 04/18/2002 |
| | 0745 | | | Letter re no new Annual Capacity Report | Wed 08/14/2002 |
| | 0746 | | | Letter re no new Annual Capacity Report | Wed 08/14/2002 |
| | 0752 | | | BSC Engineering Study - TDR-CRW-SE-000029 - Revision 00A (DRAFT) - 2003 Total System Life Cycle cost Waste Stream Assumptions | Fri 06/20/2003 |
| | 0757 | MOF069191 | MOF069203 | Letter enclosing "Strategic Plan for the Safe Transportation of Spent Nuclear Fuel and High-Level Radioactive Waste to Yucca Mountain: A Guide to Stakeholder Interactions" | Mon 12/01/2003 |
| | 0769 | | | Yucca Mountain Project - Design and Operations in 2010 | Wed 05/26/2004 |
| | 0821 | SMUD 0019089 | SMUD 0019096 | Different Options Identified by S. Levy Inc. and R. Huebner | ??/??/1990 |
| | 0827 | | | Issue Paper: GTCC Waste Program | To Be Determined |
| | 0830 | | | FY2000 Financial Statements | To Be Determined |
| | 0831 | HQR0650452 | HQR0650480 | Greater-Than-Class C Low-Level Radioactive Waste Program Management Plan | To Be Determined |
| | 0842 | PNL1801902 | PNL1801908 | Cooperative Agreement History | To Be Determined |
| | 0861 | HQR165-0028 | HQR165-0033 | Pre-Decisional DRAFT ISSUE PAPER | To Be Determined |
| | 0874 | | | Methodology for the Projection of Spent Nuclear Fuel Discharges, conference paper | To Be Determined |
| | 0898 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Summary of Costs Supported from FMIS Electronic Detail, FMIS Period," showing detail for 1992 through 1/10/99 | To Be Determined |

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|
| 0899 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Summary of Costs Supported with FMIS Electronic Detail, FMIS and SAP Periods," showing detail for 1992 through 2003 | To Be Determined |
| 0900 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Summary of Costs by Category - FMIS and SAP Periods" showing detail for 1992 through Oct. 1999 and Nov. 1999 through 2003 | To Be Determined |
| 0901 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Summary from FMIS Electronic Detail, Summary of Outside Services Charges by Work Order and Year, FMIS Period" showing detail for 1992 through 1998 and Jan. to Oct. 1999 | To Be Determined |
| 0902 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Outside Services Detail per FMIS Electronic Files" | To Be Determined |
| 0903 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Outside Services: Work Order No. 704025, 604026, 701547, 701804, 702468 and 705184, Per FMIS Electronic Files, Sorted in Dollar Order;" handwritten caption "Total FMIS Outside Services" | To Be Determined |
| 0904 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Outside Services - FMIS Reconciliation to Payments" | To Be Determined |
| 0905 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Materials: Work Order 604025, 604026, 701547, 701804, 702468, and 701584, per FMIS Electronic Files, Sorted in Dollar Order;" handwritten caption "List of Materials Received by B & Co." | To Be Determined |
| 0906 | Brinig Work Papers - 14 001 | Brinig Work Papers - 14 001 | Chart entitled "Summary from FMIS Electronic Detail, Labor Costs, by Work Order and Year, FMIS Period" showing dates from 1992 through 1998 and Jan. to Oct. 1999 | To Be Determined |
| 0907 | Brinig Work Papers - 14 002 | Brinig Work Papers - 14 002 | Chart entitled "Summary from FMIS Electronic Detail, Work Order 701547 - FMIS Period" showing dates from 1992 through 1999 | To Be Determined |
| 0908 | Brinig Work Papers - 14 003 | Brinig Work Papers - 14 003 | Chart entitled "Summary from FMIS Electronic Detail, Work Order 604026 - FMIS Period" showing dates from 1992 through 1999 | To Be Determined |
| 0909 | Brinig Work Papers -14 004 | Brinig Work Papers -14 004 | Chart entitled "Summary from FMIS Electronic Detail, Work Order 701804 - FMIS Period" showing dates from 1992 through 1999 | To Be Determined |
| 0910 | Brinig Work Papers - 14 005 | Brinig Work Papers - 14 025 | Chart entitled "FMIS Detail Report - Work Order 701547, Per Electronic Excel Files" | To Be Determined |
| 0911 | Brinig Work Papers - 14 026 | Brinig Work Papers - 14 061 | Chart entitled "FMIS Detail Report - Work Order 604026, Per Electronic Excel Files" | To Be Determined |
| 0912 | Brinig Work Papers -14 062 | Brinig Work Papers -14 112 | Chart entitled "FMIS Detail Report - Work Order 701804, Per Electronic Excel Files" | To Be Determined |
| 0913 | SMUD 090692 | SMUD 091107 | Detail of Labor (2000) | To Be Determined |

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|
| 0914 | SMUD 091109 | SMUD 091222 | Chart entitled "Labor Methodology (November 1, 1999 - December 31, 2003" and supporting documents | To Be Determined |
| 0915 | SMUD 090422 | SMUD 090424 | Chart entitled "Exhibit 3 to Written Report, SMUD v. United States, Comparative Income Statements per Financial Statements (in thousands of dollars)" | To Be Determined |
| 0916 | SMUD 090426 | SMUD 090426 | Chart entitled "SMUD v. United States, Summary of Past Dry Storage Costs | To Be Determined |
| 0917 | SMUD 090427 | SMUD 090427 | Chart entitled "Exhibit 4 to Written Report, SMUD v. United States, Past Dry Storage Costs - Pre and Post 1999" | To Be Determined |
| 0919 | SMUD 090429 | SMUD 090429 | Chart entitled "SMUD v. United States, Summary of Past Dry Storage Costs, November 1, 1999 - December 31, 2003" | To Be Determined |
| 0920 | SMUD 090430 | SMUD 090457 | Detail of Past Dry Storage Costs | To Be Determined |
| 0921 | SMUD 090459 | SMUD 090462 | Chart entitled "Outside Services Methodology (November 1, 1999 - December 31, 2003," with backup chart entitled Exhibit 6 to Written Report, Outside Services Testing Summary | To Be Determined |
| 0922 | SMUD 090463 | SMUD 090503 | Detail of Outside Services | To Be Determined |
| 0923 | SMUD 090504 | SMUD 090505 | Chart entitled "SMUD v. U.S., Pre 10/31/99 Methodology (January 1, 1997 - October 31, 1999)" | To Be Determined |
| 0924 | SMUD 090506 | SMUD 090507 | Chart entitled "Exhibit 5 to Written Report, SMUD v. U.S., Major Vendor Charges: 1/1/97-10/31/99" | To Be Determined |
| 0925 | SMUD 090509 | SMUD 090510 | Chart entitled "SMUD v. United States, Materials Methodology (November 1, 1999 - December 31, 2003)" | To Be Determined |
| 0926 | SMUD 090511 | SMUD 090511 | Chart entitled SMUD v. U.S., Materials Testing Summary | To Be Determined |
| 0927 | SMUD 090512 | SMUD 090560 | Detail of Materials | To Be Determined |
| 0928 | SMUD 090562 | SMUD 090562 | Chart entitled "April 16, 2005, Damages Information - provided pursuant to March 23, 2004 Scheduling Order. Past Dry Storage Resulting from the Government's Breach" | To Be Determined |
| 0929 | SMUD 090565 | SMUD 090605 | Detail of Outside Services | To Be Determined |
| 0930 | SMUD 090606 | SMUD 090606 | Chart entitled "Summary of Outside Services by Document Type" | To Be Determined |
| 0931 | SMUD 090607 | SMUD 090630 | Chart entitled "Summary of Outside Services Invoices (RE)" | To Be Determined |
| 0932 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Summary of Payments/Invoices re Contract E776, January 1, 1992 - December 31, 1996" | To Be Determined |
| 0933 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Summary of Payments/Invoices re Contract F465" | To Be Determined |

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| | Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|---|
| | 0934 | Brinig Work Papers | Brinig Work Papers | Chart entitled "Summary of Payments/Invoices Re Contract No. E995" | To Be Determined |
| | 0944 | SMP096 0113, SMP096 0108, SMP096 00 | SMP096 0116, SMP096 0112, SMP096 00 | Invoices | To Be Determined |
| | 0948 | SMUD103057, SMP0490021 | SMUD103132, SMP0490038 | SMUD Cost Center Descriptions 2001-2003 w/attchmt | To Be Determined |
| | 0954 | | | All documents listed in the government's exhibit list | To Be Determined |
| | 0959 | SMP0280356 | SMP0280356 | Letter regarding changes to canister basket | Mon 09/18/1995 |
| | 0960 | SMP0280356 | SMP0280356 | Letter regarding NRC questioning and Responses | Wed 09/06/1995 |
| | 0966 | Supko Work Papers | | Annual Report of the Status of Decommissioning Fund for the Trojan Nuclear Plant in Accordance with 10 CFR 50.75(f)(1) | Thu 03/27/2003 |
| | 0968 | On-Site Production at Rancho Seco | | Record of Payment from SMUD to Transnuclear West, Inc. on 11/8/01 in the amount of $77,952.00 with the accompanying invoice and supporting matterial | Thu 11/08/2001 |
| | 0974 | EXS0010891 | EXS0010893 | Article Entitled "Panel Says Uncertainties of DOE Program Reason It Didn't Suggest Unlinked MRS" | Mon 12/25/1989 |
| | 1014 | | | Statement of Theodore J. Garrish, Deputy Director, OCRWM, U.S. DOE, Subcommittee on Energy and Air quality, Committee on Energy and Commerce, U.S. House of Representatives | Thu 03/10/2005 |
| | 1015 | HQR3490001 | HQR3490077 | OCRWM Annual Report To Congress | 12/??/2004 |
| | 1016 | | | Pre-Hearing Questions, Subcommittee on Nuclear Regulation, U.S. Senate | Thu 04/23/1987 |
| | 1017 | | | Indiana Michigan Trial Transcript | Wed 03/10/2004 |
| | 1018 | HQR3540858 | HQR3540931 | Nuclear Waste, DOE Should Provide More Information on Monitored Retrievable Storage | 06/??/1987 |
| | 1019 | | | Why Yucca Mountain?, Frequently Asked Questions | To Be Determined |
| | 1020 | HQR0421338 | HQR0421346 | COE Cooperative Agreement, No. DE-FC01-92NE37990, dated 11/27/91, amended 03/19/92 | Thu 03/19/1992 |
| | 1021 | | | Inside INEEL | ??/??/2001 |
| | 1022 | HQR3541580 | HQR3541592 | Nuclear Waste; Yucca Mountain Project Management and Funding Issues | Thu 07/01/1993 |
| | 1023 | HQR3541521 | HQR3541579 | Nuclear Wasted, Yucca Mountain Project Behind Schedule and Facing Major Scientific Uncertainties | 05/??/1983 |

Plaintiff's Exhibits Not Used At Trial Or Post-Trial

| | Trial Ex. # | Bates - Begin | Bates - End | Full Name | Date |
|---|---|---|---|---|---|
| | 1024 | HQR3540231 | HQR3540261 | Nuclear Waste, Quarterly Report on DOE's Nuclear Waste Program as of June 30, 1987 | 08/??/1987 |
| | 1025 | HQR3540155 | HQR3540177 | Nuclear Waste, Quarterly Report on DOE's Nuclear Waste Program as of September 30, 1986 | 11/??/1986 |
| | 1026 | HQR3540055 | HQR3540105 | Nuclear Waste, Quarterly Report on DOE's Nuclear Waste Program as of December 31, 1985 | 01/??/1986 |
| | 1027 | HQR3541928 | HQR3541981 | Status Of The Department Of Energy's Implementation Of The Nuclear Waste Policy Act Of 1982 As Of December 31, 1984 | Thu 01/31/1985 |
| | 1028 | HQR3540629 | HQR3540691 | Nuclear Waste, Institutional Relations Under the Nuclear Waste Policy Act of 1982 | 02/??/1987 |
| | 1029 | HQR3500001 | HQR3500001 | Program Financial and Budget Information | Mon 02/28/2005 |

CERTIFICATE OF FILING

I hereby certify that on this 28th day of November 2005, a copy of foregoing "DEFENDANT'S MOTION TO EXCLUDE CERTAIN DOCUMENTS NOT USED WITH A WITNESS BY PLAINTIFF AT TRIAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Russell Shultis by Scott R. Damelin