IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | |
| Plaintiff, | ) | No. 98-488 C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO FILE**
**PLAINTIFF'S CONDITIONAL MOTION TO**
**EXCLUDE CERTAIN DOCUMENTS RELIED UPON BY DEFENDANT**

Plaintiff Sacramento Municipal Utility District ("SMUD") respectfully files this motion for leave to file a protective and conditional motion to exclude certain documents relied upon by Defendant in the event that the Court grants Defendant's Motion to Exclude Certain Documents Not Used With A Witness By Plaintiff At Trial.[1] Although the government seeks to exclude 235 of SMUD's exhibits, the government did not withdraw its own exhibits that would be excluded under the arguments set forth in its motion. SMUD does not believe the government's motion is well-founded and will respond in full in the response to be filed on December 19, 2005. SMUD files this protective and conditional motion at this time, however, to insure that any ruling by this Court would apply equally to the government's exhibits.

[1] SMUD understands that the government sought an extension of time through November 28, 2005, to file motions to exclude (Dckt. # 343). Based on the substantial overlap in the types of exhibits upon which both parties rely, and in recognition of the Court's statements that it was not inclined to exclude exhibits, SMUD did not file a motion to exclude on November 28, 2005. SMUD seeks to file this conditional motion now, rather than waiting until its Response to the government's motion, in order to give the government full notice that, to the extent the Court grants the government's motion to exclude various exhibits, the same principles should apply to the government's exhibits. For these reasons, SMUD respectfully seeks leave to file this conditional motion at this time.

To the extent that the government seeks to exclude plaintiff's exhibits not used with a witness at trial, SMUD notes that the government likewise seeks to keep exhibits in the record that were not used with a witness at trial. To the extent the Court grants the government's motion, SMUD similarly requests that the Court also exclude 96 defendant's exhibits that were not used with a witness at trial.[2]

In addition, it appears that the government seeks to retain in evidence its own exhibits that fall into similar categories upon which the government seeks to exclude SMUD exhibits, including:

1. Contractor Documents: DX 131, DX 476, DX 525, DX 529, DX 541, DX 712, DX 788, DX 956, DX 957, DX 1060, DX 1067, DX 1069, DX 1085, DX 1094, DX 1096, DX 1106, DX 1125, DX 1147, DX 1184, DX 1355, DX 1362;

2. Newspaper, Journal, Press Releases: DX 1339, DX 1340, DX 1342;

3. Unattributable Documents: DX 33;

4. Correspondence Between Non-Parties: DX 215, DX 336, DX 707, DX 739, DX 740, DX 742, DX 779, DX 788, DX 1089, DX 1094, DX 1096, DX 1115, DX 1147, DX 1170, DX 1171, DX 1175, DX 1355;

[2] This category includes the following exhibits: DX 10, DX 33, DX 41, DX 101, DX 106, DX 111, DX 122, DX 131, DX 133, DX 135, DX 139, DX 141, DX 144, DX 160, DX 174, DX 175, DX 179, DX 188, DX 217, DX 222, DX 255, DX 276, DX 283, DX 293, DX 336, DX 353, DX 365, DX 376, DX 381, DX 453, DX 476, DX 497, DX 521, DX 524, DX 525, DX 526, DX 529, DX 541, DX 552, DX 555, DX 707, DX 708, DX 712, DX 719, DX 739, DX 740, DX 742, DX 743, DX 779, DX 788, DX 815, DX 820, DX 822, DX 873, DX 879, DX 891A, DX 919, DX 936, DX 940, DX 951, DX 956, DX 957, DX 972, DX 1056, DX 1059, DX 1060, DX 1064, DX 1067, DX 1069, DX 1081, DX 1085, DX 1088, DX 1089, DX 1094, DX 1096, DX 1106, DX 1110, DX 1115, DX 1125, DX 1147, DX 1151, DX 1158, DX 1170, DX 1171, DX 1175, DX 1184, DX 1185, DX 1305, DX 1306, DX 1307, DX 1332, DX 1342, DX 1355, DX 1359, DX 1362, DX1363.

5. Miscellaneous Hearsay Objections: DX 10, DX 41, DX 133, DX 365, DX 549, DX 1305, DX 1306, DX 1307, DX 1331; and

6. Incomplete Documents: DX 297.

To the extent that the Court grants defendant's motion, SMUD similarly requests that the Court also exclude the exhibits identified above.

Dated this 29th day of November, 2005.

Respectfully submitted,

s/ Howard Cayne by s/ Timothy R. Macdonald
Howard Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5899
Counsel of Record for
Plaintiff Sacramento Municipal Utility District

Of Counsel:
David S. Neslin
Timothy R. Macdonald
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF FILING

I certify that I caused a copy of the foregoing Motion for Leave to File Plaintiff's Conditional Motion To Exclude Certain Documents Relied Upon By Defendant to be filed electronically through the Court of Federal Claims Case Management/ Electronic Case Filing System on November 29th, 2005. I understand that all parties may access the filing through the Court's CM/ECF System, including:

Alan Lo Re
Russell A. Shultis
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Timothy R. Macdonald