# Exhibit 7

Written Direct Testimony of Brian P. Brinig Supporting Table C

*SMUD v. USA* 98-488c

# Material & Contract Services
## Request For Contract File No.

Vendor No. 12303-001

Contract File No.: #672 Date: 8/21/98

From: John Bell Broad Class: OK

CSR Log No. C98169

1. Contractor Name: CTR Technical Services, Inc.
2. Address: ~~5619 Misty Crest Drive~~ 950 Sugarloaf Road
   ~~Arlington, TX 76017~~ Manitou Springs, CO 80829
3. Contract Purpose: Evaluate Spent Fuel Burnup Assumptions
4. Contract Representative: Charles T. Rombough
   800-524-9328
5. Telephone No.: ~~817 561 0200~~ Fax No.: ~~817 478 1826~~
6. Cost Center: 624 Activity No. 604026 Resource Code: 712
7. Award Date: 8/25/98 Solicitation No.: Sole Source
8. Start Date: 9/1/98 Ending Date: 10/31/98
9. Contract Amount: $6000 CSR: PRW 38450
10. SMUD Technician/Rep: John Walkin MS: N301 EXT: ~~4142~~ 4885
11. Contract [illegible]

"Quality Technical Support for the Nuclear Industry"

**CTR Technical Services, Inc.**

Reactor Physics, Computer Software, Core Monitoring

**Charles T. Rombough, PhD, P.E.**

~~5619 Misty Crest Drive~~
~~Arlington, Texas 76017~~

~~Fax: (817) 561-0200~~
~~Voice: (817) 478-1826~~

[illegible] HR [illegible] HRS [illegible]

Rancho Seco

Contnob.dot gc

12/11/97

SMUD
SACRAMENTO MUNICIPAL UTILITY DISTRICT ☐ P. O. Box 15830, Sacramento CA 95852-1830, (916) 452-3211
AN ELECTRIC SYSTEM SERVING THE HEART OF CALIFORNIA

October 6, 1998

CTR TECHNICAL SERVICES, INC.
950 SUGARLOAF ROAD
MANITOU SPRINGS CO 80829

**SMUD PROFESSIONAL SERVICES CONTRACT NO. H672**

This contract by and between the Sacramento Municipal Utility District (hereinafter "District"), and CTR Technical Services, Inc. (hereinafter "Contractor"), sets forth the terms and conditions under which the Contractor will provide the services described herein. The District and the Contractor agree as follows:

**1. SCOPE OF SERVICES**

The Contractor agrees to furnish all labor, materials, support, equipment and to review Contract G553 results to evaluate effects of revising spent fuel burnup assumptions at Rancho Seco Nuclear Station.

**2. TERM OF AGREEMENT**

The term of this agreement shall be from October 6, 1998 to December 30, 1998, unless changed by mutual written agreement of the contracting parties.

**3. CONTRACT MANAGEMENT**

The Contractor shall report to and receive work assignments from the District Contract Manager.

**4. NOTICE TO PROCEED**

A. The Contractor shall not commence work hereunder until issued written Notice to Proceed from the Contract Manager which shall be issued at the earliest practical date after execution of the Contract documents and acceptance of any required bonds, certifications, affidavits and evidence of insurance. Contractor shall, upon receipt of Notice to Proceed commence, with diligence, performance of Contract work.

B. The contract Manager or his/her designee shall have the right to reject defective services provided hereunder. Rejected services shall be corrected to the satisfaction of the Contract Manager and without charge to the District. If the Contractor fails to proceed at once with correction of defective services, the District may, at its sole discretion, correct such services, the charges and cost thereof are to be borne and charged to the Contractor.

**5. PERSONNEL**

All Contractor personnel assigned to this contract shall be approved by the District prior to their assignment to contract activities. The Contractor shall confirm that the technical qualifications of all personnel assigned to this contract meet the applicable industry standards. The qualifications standards and procedures used to provide personnel to perform required services under this agreement shall be made available for District review upon request. The Contractor shall ensure that, to the extent within his control, the personnel approved will remain on the project for the full term of the assigned task.

**6. PERFORMANCE STANDARDS**

Services shall be performed in accordance with the terms of this contract, applicable laws and regulations, existing licenses, District procedures and quality assurance standards, and industry technical guidelines. Work in progress, deliverables, and finished products will be reviewed by the District for completeness, compliance with required standards, and responsiveness to contract requirements.

The Contractor warrants that the services provided hereunder shall conform with the highest standard of care and practice appropriate to the nature of the technical and professional services rendered, that the personnel furnishing said services shall be qualified and competent to perform the services assigned to them, and that the recommendations, guidance, and performance of such personnel shall reflect their best professional knowledge and judgment, but makes no other warranty, express or implied. The Contractor shall be required to correct, at its own cost and expense, all deficiencies in the performance of the contract services which are detected within one year from the date of completion of the defective service.

**7. CONTRACT PRICE AND COMMERCIAL TERMS**

The District will compensate the Contractor as follows:

The total compensation due to Contractor under the terms of this Agreement shall not exceed $6,000 for all work performed pursuant hereunder. Said compensation shall constitute the District's maximum financial obligation under this agreement, any expenditures in excess of the amount set forth above shall not be reimbursed by the District and shall be deemed to have been incurred at Contractor's sole expense.

**8. MANNER AND TIME OF PAYMENT**

The Contractor shall submit monthly invoices in duplicate to the District.

Each copy of the invoice shall include a description of the work performed.

All invoices shall be mailed or delivered to:

Accounting Department, Mail Stop B302
Sacramento Municipal Utility District
6201 S Street, P. O. Box 15830
Sacramento, CA 95852-1830

The District shall process all uncontested invoices within 30 days following receipt thereof. The Contractor shall maintain books and accounts of personnel and other recoverable costs in accordance with generally accepted accounting principles and practices.

## 9. ADMINISTRATIVE DATA

The following administrative data pertains to this contract:

| | | |
|---|---|---|
| Contract Managers: | Jim Field | (916) 732-4803 |
| | John Walkin | (916) 732-4885 |
| Contract Administrator: | John Bell | (916) 732-6514 |

Charge Costs To: Cost Center 624; Activity Code/Work Order 604026
Resource Code 712

## 10. INSURANCE REQUIREMENTS

Without limiting any of the other obligations or liabilities of the Contractor, the Contractor shall provide and maintain until the work is completed and accepted by the District, insurance coverage in accordance with requirements established in Form X-2 which is included as Appendix A to this contract and by this reference is made a part hereof.

Contractor agrees, at all times hereunder, to provide the District a currently valid certificate of insurance, that names the District, its directors, officers, employees and agents as additional insureds on Contractor's general and auto liability policies with respect to work performed pursuant to or incidental to this agreement and provides a cross liability provision as specified herein. Such additional insured endorsement shall be on an unamended ISO Form CG-20-10-11-85 (Form B), or with prior approval of the District, such other form as the District may approve. The endorsement shall provide the District at least the same scope of coverage(s) as such policy provides for the Contractor and shall state that such coverage shall be primary to the District's coverages in all respects.

## 11. INDEMNITY

Contractor shall indemnify, defend, and hold harmless the District, its directors, officers, agents, and employees against all claims, loss, damage, expense, and liability asserted or incurred by other parties, including, but not limited to, District's employees and Contractor's employees, arising out of or in any way connected with the performance of this contract and excepting only such loss, damage, or liability as may be caused by the intentional acts or the sole negligence of the District.

**12. APPLICABLE LAW**

It is agreed that in the event of any litigation arising hereunder, the Contractor at the request of the District shall submit to the jurisdiction of any court of competent jurisdiction within the State of California and will comply with all requirements necessary to give such Court jurisdiction, and that all matters arising hereunder shall be determined in accordance with the law and practice of such court. It is further agreed that service of process in any such litigation may be made in the manner provided for in Section 415.4 of the California Code of Civil Procedure or in any other manner provided for in said code for service upon a person outside the State of California.

**13. ASSIGNMENT**

The Contractor shall not assign this contract or any monies due or to become due to him hereunder without the written consent of the District.

**14. CHANGES**

The District may initiate changes to the general scope and the general and special conditions of this contract as circumstances dictate. Changes which affect price, performance, schedule, warranties, or other significant items will be equitably adjusted by mutual agreement prior to the implementation of the change. All changes to this agreement shall be in writing and signed by the duly authorized representative of the parties hereto.

**15. FORCE MAJEURE**

Neither party hereto shall be considered in default in the performance of its obligations hereunder to the extent that the performance of any such obligation is prevented or delayed by any cause, existing or future, which is beyond the reasonable control of the affected party.

**16. TERMINATION**

The District may terminate Contractor's services under this agreement by giving the Contractor ten (10) days prior written notice of such termination. In the event of such termination, the District shall pay to the Contractor all personnel costs and recoverable costs incurred in the performance of such services, plus all reasonable costs incurred as a result of such termination. However, the Contractor agrees to waive any claim for damage, including loss of anticipated profit, resulting from contract termination.

**17. DISCHARGE AND CANCELLATION OF TASKS AND SERVICES**

The District may, at its sole discretion, discharge Contractor from performing any particular task or service to be provided or performed under the terms of this agreement, in whole or in part, upon giving Contractor written notice of such discharge. The District may also, at its sole discretion, cancel any task or service, in whole or in part, that has been assigned to Contractor to be performed under the terms of this Agreement upon giving Contractor written notice of such cancellation. The

District agrees to pay the Contractor all personnel costs and other similar recoverable costs incurred in the performance of such services prior to notice of discharge or cancellation as set forth herein. The Contractor agrees to waive all claims for damage including, but not limited to, incidental and consequential damages such as loss of anticipated profit resulting from such discharge, discontinuance and/or modification as provided herein.

## 18. ASSIGNED PERSONNEL

The District reserves the right in its sole discretion, upon giving notice thereof to the Contractor, to suspend, dismiss, or otherwise discontinue and terminate the services, in whole or in part, provided by an individual assigned by Contractor, notwithstanding any other provision of this contract, to perform services under this contract. In the event of such suspension, dismissal, discontinuance or termination of Contractor personnel, the Contractor shall have the right, subject to the terms and conditions of this contract, to provide suitable replacement personnel.

## 19. SECURITY

Access to District facilities is controlled in accordance with specific site requirements. The Contractor's personnel must comply with the District's security requirements and guidelines.

## 20. AUDITS

The District shall have the right, during the Contractor's normal business hours for the duration of this Contract and for a period of three (3) years thereafter, to conduct the following audits either on District property or at the Contractor's offices, as the District may deem necessary:

- Audits of the Contractor's performance of services under this contract.
- Audits of books and accounts maintained to accumulate, record, and segregate personnel and other recoverable costs billed under this contract.

However, the Contractor will not be required to relocate records from their normal location.

Contractor shall include an audit provision providing the District with the audit rights set forth herein in all subcontracts entered into by Contractor hereunder.

Such audits shall be performed either by District personnel or by an independent third party whom the District may employ for the purpose of making such audits. The District and the Contractor shall establish procedures for performing such audits and shall preserve the confidential and proprietary status of audited documents and information.

## 21. INDEPENDENT CONTRACTOR

It is understood that the Contractor is an Independent Contractor and not an employee of the District and, as such, is responsible for any obligation of which an Independent Contractor has including, but not limited to, state and federal income tax, worker's compensation payments, social security,

and unemployment insurance costs. Contractor agrees to indemnify, defend, and hold harmless the District from any liability which may result from the determination of any entity that the Contractor was not an Independent Contractor or did not fulfill his obligations as an Independent Contractor. Specifically, the Contractor understands that the District will file form 1099 with the appropriate state and federal agencies under certain circumstances.

Contractor's employees assigned to perform Contract Work hereunder are and shall, at all times relevant hereto, remain the Contractor's employees. No person assigned to perform work hereunder shall be considered an employee of the District for any purpose. No contractor employee assigned to perform Contract Work hereunder shall have or possess any right, entitlement or benefit of employment applicable to District employees, either generally or specifically, pursuant to the District's established employment practices, policies and procedures, Civil Service Rules and/or any Memorandum of Understanding between the District and a recognized employee collective bargaining representative. No Contractor employee assigned to perform Contract Work hereunder shall be entitled to participate in any District employee benefit plan or be eligible to receive any employment benefit made available to District employees.

Contractor agrees, at its sole cost and expense, to indemnify, defend, and hold harmless the District from and against any and all liability, cost, damage, loss or expense arising from any claim that Contractor and/or any of Contractor's employees are employees of the District for any purpose or to any extent and/or that Contractor did not fulfill any of its obligations as the employer of said employees, including, but not limited to, the payment of wages and overtime; the provision of employee benefits; the withholding and payment of federal, state and/or local payroll taxes as applicable; withholding and payments of social security taxes on behalf of Contractor's employees; payment of unemployment and disability insurance; payment for and provision of Worker's compensation benefits; and etc.

## 22. FRANCHISE TAX

The District shall withhold an amount equal to seven percent (7%) from payments made pursuant to the terms and conditions of this contract as set forth herein, to all independent contractors who are not residents of the State of California and who have not received an exemption from this requirement from the California Franchise Tax Board. This requirement applies to all contractors performing personal services in California, for which the district pays in excess of fifteen hundred dollars ($ 1,500.00) annually. California Franchise Tax Form 590 is provided as Appendix B.

(Ref. Cal. Rev. & Tax. Code §§ 18662,18668)

## 23. EQUAL EMPLOYMENT OPPORTUNITY

The Contractor shall not discriminate against any employee or applicant for employment on account of race, religion, gender or sex, color or national origin, handicap or age. Contractor shall ensure that this requirement is applied to applicants and employees in actions including, but not limited to employment, upgrading, promotion, demotion or transfer, recruitment or recruitment advertising, layoff or termination, rates of pay or other forms of compensation and selection for training, including apprenticeships.

**24. MINORITY/WOMEN OWNED BUSINESS ENTERPRISES**

It is the policy of the District that minority and women business enterprises shall have the maximum opportunity to participate in the District's contracts. In this regard, Contractor shall take all necessary and reasonable steps to ensure that minority and women business enterprises have the maximum opportunity to participate in this contract to the extent applicable. Contractor shall not discriminate on the basis of race, religion, sex, color or national origin, handicap or age in the award or performance of this contract or any subcontract resulting from or relating to these services.

**25. ASBESTOS NOTIFICATION**

Numerous District buildings were constructed with some asbestos-containing components. An asbestos information sheet is provided in Appendix C, which shall be provided to all of Contractor's employees and to any subcontractor performing work within such District buildings.

**26. SAFETY PROGRAM**

The personal safety and health of the general public, District employees, and Contractor employees is of paramount importance. Contractor shall, prior to commencing work under this Agreement, execute and submit a written certification on the form provided in Appendix D to this Agreement, that the Contractor has:

A. An effective Injury and Illness Prevention Program, which meets the requirements of all applicable laws and regulations, including but not limited to, California Labor Code Section 6401.7; (This section does not apply if Contractor does not perform any work under this agreement within the State of California.) and

B. Contractor agrees that it is fully responsible for the acts and omissions of its subcontractors and all persons either directly or indirectly employed by Contractor.

Such certification shall be made by the person with the authority and responsibility for implementing and administering Contractor's Injury and Illness Prevention Program.

The Contractor shall immediately notify the Contract Manager of any OSHA reportable accident occurring on/in District premises, facilities or work sites.

**27. COMPLIANCE WITH LAWS, PERMITS AND LICENSES**

The Contractor, its subcontractors, and employees shall keep themselves fully informed of and in compliance with all laws, ordinances and regulations that may affect employees performing work, related to the materials used in the work, or in any way affecting the execution of any work performed hereunder. Contractor shall also keep itself informed of and in compliance with all orders and decrees of bodies or tribunals having any jurisdiction or authority over the job site or the work. All permits and licenses required and/or necessary for Contractor's performance hereunder shall be the responsibility of the Contractor. The Contractor shall pay all permit fees, license fees,

and any other costs incurred to meet compliance with the terms thereof, and shall give all necessary notices incident to the due and lawful prosecution of work whether such permits or licenses are obtained by the District or by the Contractor. These costs include any incurred due to requirements imposed by any agency as a result of the Contractor's operations or Contractor's failure to otherwise meet the requirements of the permits or licenses. A copy of all required permits and licenses obtained by the Contractor shall be provided to the Contract Manager immediately after issuance.

**28. INCORPORATION**

All appendices, exhibits and attachments referenced above are hereby incorporated herein by this reference.

**29. ENTIRE AGREEMENT**

This Agreement, together with any and all appendices, exhibits and/or attachments attached hereto and any amendments, modifications, change orders, addendum and/or any other documents attached hereto and incorporated herein constitutes the entire agreement between the parties hereto and no changes, alterations, or modifications hereof shall be effective unless made in writing and signed by duly authorized representatives of both parties to this Agreement.

ACCEPTED FOR THE
SACRAMENTO MUNICIPAL UTILITY DISTRICT

By: [signature] Date: 10/6/98
John Bell
Principal Contract Administrator

ACCEPTED FOR
CTR TECHNICAL SERVICES, INC.

By: [signature] Date: 10/21/98

President
Type or Print Title

# invoices

# CONTRACT PAYMENTS ACCOUNT SEGREGATION

ACCOUNTING USE ONLY

| | | |
|---|---|---|
| | P.O. / CONTRACT NO. | RELEASE / SUB NO. |
| | ATTACHMENTS YES ☐ | 1099 YES ☐ |
| ENTERED STAMP | NO OF INVOICES | DUE DATE |

SHEET 1 OF 1

| |
|---|
| P.O. / CONTRACT NO. H672 |
| PAY ESTIMATE NO. 1 |
| PERIOD ENDING 11/5/98 |

**VENDOR #** 17303-001

**VENDOR NAME:** CTR TECHNICAL SERVICES

**COMPANY CODE:**

| INVOICE NO. | INVOICE DATE | LINE CODE | CC | DISTRIBUTION | RES | SUBLEDGER | URC | DESCRIPTION | LINE AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| H672-1 | 110998 | | 624 | 604026 | 712 | | | REVIEW of BURNUP ASSUMPTIONS | 6000 00 |

| | | |
|---|---|---|
| PREPARED BY | | DATE |
| APPROVED BY | [signature] | DATE 12/1/98 |
| APPROVED BY | | DATE |
| APPROVED BY | | DATE |

SMUD-0140 5/93

| | |
|---|---|
| GROSS AMOUNT | 600000 |
| RETENTION WITHHELD | |
| DISCOUNT | |
| TOTAL | |

# MATERIAL AND CONTRACT SERVICES
## INVOICE ROUTE FORM

DATE: 11/11/98

TO: 1 John Walkin MS N301 4 ______ MS ____
2 Jim Field MS N301 5 ______ MS ____
3 John Bell MS E101 6 ______ MS ____

FROM: JJ Bell MS E101

CONTRACT NO.: H672 INV/PAY EST NO.: H672-1 PERIOD ENDING: 11/5/98

CONTRACTOR: CTR Technical Services EXPIRE DATE: ______

| | | |
|---|---|---|
| **INVOICE AMOUNT:** | Gross Invoice Amount | $ 6000 |
| | Less Amount Withheld | - |
| | Net Payment | $ |
| | Gross Payment to Date | $ |
| | Less Withhold to Date | - |
| | New Payment to Date | $ |
| **CONTRACT STATUS:** | Total Contract Amount (including changes) | $ |
| | % Complete (Total Gross T.D.) / (Total Contract Amt.) | % |

**COMMENTS:** ______

INVROUTE.doc

**INVOICE # H672-1**

November 5, 1998

Contract H-672

Employer ID # 54-1408381

Invoice for work performed by CTR Technical Serv. 10/27 - 11/5

Review of Burnup Assumptions in Project G553 $ 6,000

| | |
|---|---|
| Contract: | $ 6,000.00 |
| Spent: | 6,000.00 |
| Remaining: | 0.00 |

Total Invoice = $ 6,000.00

NOTE: No services were performed in California so no franchise tax should be withheld

ACCOUNTING DEPT.
Discount ____________

NOV 09 1998

Checked By ____________
Pymt. Appvd. ____________

Please send check to:

CTR Technical Services, Inc.
950 Sugarloaf Road
Manitou Springs, CO 80829

CTR Technical Services, Inc.