IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 98-488C<br>(Judge Braden) |

DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSIVE DIRECT TESTIMONY

Defendant, the United States, respectfully requests that the Court grant leave to the Government to file the attached written direct testimony of Stephen Kiraly related to proposed adjustments made by plaintiff, Sacramento Municipal Utility District ("SMUD"), to Table A in the above-captioned case. Counsel for SMUD has indicated that SMUD reserves its right to object to this pleading pending review of Mr. Kiraly's testimony. This additional testimony is needed because, on July 21, 2006, SMUD filed the direct testimony of its accounting expert, Brian Brining, in support of a proposed revised Table A which increased SMUD's claim for damages in this matter by approximately $2.6 million. The Government did not receive SMUD's proposed revision to Table A until July 20, 2006. See Defendant's Filing Of Tables A, B and C, dated July 21, 2006.[1] The inclusion of additional testimony by Mr. Kiraly will assist the Court in fully understanding the Government's position regarding the proper calculation of damages pursuant to the Court's March 31, 2006, Order in this matter.[2]

---

[1] Pursuant to the Court's Order dated June 28, 2006, the parties filed a joint submission of Tables A, D and E on July 7, 2006.

[2] Notwithstanding this request, the Government continues to object to the Court's reliance upon any post-trial testimony in this matter because such testimony constitutes a reopening of the record after SMUD has failed to meet its burden of proof. See Leonetti v.

For the foregoing reasons, the Government requests that the Court permit defendant to file written direct testimony of Stephen Kiraly related to SMUD's proposed adjustments to Table A.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

---

Leonetti, 28 B.R. 1003, 1010 (E.D. Pa. 1983) ("Where an unsuccessful party has had ample opportunity to produce evidence at trial, but failed to do so, courts do not allow the unsuccessful party to relitigate the case by presenting evidence previously ignored") (citing Bell Telephone Laboratories, Inc. v. Hughes Aircraft, Co., 73 F.R.D. 16 (D. Del. 1976)). SMUD made the strategic decision not to present any evidence associated with the costs concerning the transportation-related features of its dry storage cask, even in the face of the Government's presentation of such evidence. Under these circumstances, we object to what amounts to a relitigation of an issue in which SMUD plainly failed to meet its burden of proof.

s/ Harold D. Lester, Jr
HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN LO RE
Senior Trial Counsel

JOSHUA E. GARDNER
SCOTT A. DAMELIN
Trial Counsel

July 28, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 28th day of July 2006, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE RESPONSIVE DIRECT TESTIMONY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joshua E. Gardner