IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 98-488 C<br><br>(Judge Braden) |

**SUPPLEMENTAL WRITTEN DIRECT TESTIMONY OF JAMES FIELD SUPPORTING REVISED TABLE B**

(1) Since completing my original written direct testimony, I have continued to consider whether SMUD incurred any other costs that are attributable to dual purpose, transportable features of the dry storage system. I have identified one additional category of such costs. It is the labor expended after May 15, 1997 by Precision Components Corporation ("PCC") that is attributable to those components of the canister basket assembly that constitute transportable features: fabrication and installation of the additional spacer discs; and installation of the neutron-absorbing material (boral).[1] The tables attached as Exhibits 1 through 5 to my original testimony account for the material cost of this work, but do not include the associated PCC labor.

(2) To calculate the cost of this labor, I used milestone payment schedules for canister fabrication set forth in PCC invoices which were attached to invoices from Transnuclear West ("TNW"). Two of these milestone payments, totaling $43,600, were specific to fabrication of the canister basket, which includes the additional spacer discs and neutron-absorbing material, among other things. I multiplied this amount by 20 because PCC fabricated a total of 20 canisters. I then ratioed this amount to account for the fact that only some of the spacer discs are "transportable features," and then added TNW's markup of 12% and sales tax of 7.75%. These adjustments were previously explained in paragraphs 13 and 16 of my original testimony.

(3) I concluded that the cost attributable to this fabrication work totals $728,212, as set forth in the spreadsheet attached as Exhibit 1. This cost was incurred

[1] As I previously explained, 18 of the 26 spacer discs were added to increase the robustness of the canister for off-site transportation and therefore constitute transportable features. The neutron-absorbing material was added to address hypothetical transportation accidents and therefore likewise constitutes a transportable feature. See Written Direct Testimony of James Field Supporting Table B at ¶¶ 12-13.

after May 15, 1997, and increases the total amount of project costs that were incurred during that period and are attributable to transportable features to $2,168,321.

(4) I determined that there were no additional TNW or SMUD labor costs attributable to this fabrication work. Any TNW labor is already included in Exhibit 4 to my original testimony. SMUD was not involved in this work, and any minimal labor that it might have incurred is offset by my use of a more conservative markup rate as explained in paragraph 16 of my original testimony.

Dated the 18th day of August, 2006.

Respectfully submitted,

/s/ Howard N. Cayne
Howard N. Cayne
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5656

Counsel of Record for
Plaintiff Sacramento Municipal
Utility
District

Of Counsel:
David S. Neslin
Timothy R. Macdonald
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 863-1000

CERTIFICATE OF FILING

I certify that I caused a copy of the foregoing **Supplemental Written Direct Testimony of James Field Supporting Revised Table B** to be filed electronically through the Court of Federal Claims Case Management/ Electronic Case Filing System on August 18, 2006. I understand that all parties may access the filing through the Court's CM/ECF System, including:

Harold D. Lester, Jr.
Russell A. Shultis
Commercial Litigation Branch, Civil Division
Attention: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Timothy R. Macdonald