**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 98-488C<br>(Judge Braden) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION TO READMIT TWO EXHIBITS INTO THE RECORD**

Defendant, the United States, respectfully responds to the "Motion To Readmit Two Exhibits Into The Record," that plaintiff, Sacramento Municipal Utility District ("SMUD"), submitted in this case on October 12, 2006.

INTRODUCTION

In its motion, SMUD asks that the Court admit into evidence two exhibits that SMUD did not use in either the March 2005 trial or the August 2006 evidentiary hearing in this matter and which SMUD expressly removed from its exhibit list prior to its submission to the Court. As we set forth below, the Government objects to SMUD's post hoc attempt to meet its burden of proof in this case.

DISCUSSION

The Government opposes SMUD's latest attempt to try and meet its burden – after failing to do so both in the March 2005 trial and the August 2006 evidentiary hearing – through the supplementation of the record in this case with documents that were never used by any witnesses or included in its post-trial exhibit list submitted to the Court. First, SMUD had every opportunity to introduce into evidence PX 64, a Department of Energy ("DOE") draft document

from February 29, 1984, and PX 67, a DOE memorandum from March 30, 1984, during the March 2005 trial in this case. This Court established a post-trial procedure for introducing exhibits into evidence through the filing of exhibit lists. Having failed to either use these documents with any witness or include these exhibits in the final exhibit list that it filed with the Court, SMUD should not now be permitted to introduce these documents into evidence over one-and-a-half years after the conclusion of the trial in this case.[1]

Second, SMUD has established absolutely no foundation for the introduction of PX 64 and PX 67 into evidence. Because SMUD failed to use these documents with any witness at trial, it has not established any foundational basis for the admission of these two exhibits into evidence. See United States v. Hathaway, 798 F.2d 902, 907 (6th Cir. 1986) (explaining that proper foundation must be laid prior to admission of evidence); Shea v. Fairman, No. 90-C-0715, 1991 WL 160332, at *3 (Aug. 19, 1991) (noting that plaintiff must lay a proper foundation establishing that document is accurate and reliable prior to being admitted into evidence). Consequently, absent the establishment of a proper foundational basis for these two exhibits, introduction of PX 64 and PX 67 into evidence is improper.

Finally, to the extent that SMUD intends to rely upon PX 64 and PX 67 in an attempt to establish the foreseeability of dual-purpose dry storage at the time that SMUD signed the Standard Contract in June 1983, these two exhibits are irrelevant.[2] Both PX 64 and PX 67 are

---

[1] Although SMUD characterizes its motion as one to "readmit" two exhibits, the Court never previously admitted PX 64 and PX 67 into evidence.

[2] In SMUD's post-trial brief, it refers to these two exhibits as documents upon which the Court relied in Yankee Atomic Electric Co. v. United States, No. 98-126, 2006 WL 2848615 (Fed. Cl. Oct. 4, 2006), in determining that dual-purpose dry storage was foreseeable. Pl. Post-Trial Brief at 10, n.11.

dated 1985 – two years after SMUD signed the Standard Contract. Because foreseeability is measured from the time of the execution of the Standard Contract, see Sacramento Municipal Utility District v. United States, 70 Fed. Cl. 332, 360 (2006) (citing Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1373 (Fed. Cir. 2005) & Restatement (Second) of Contracts, § 351(1)), reliance upon two exhibits that post-date contract execution by two years to establish foreseeability is inappropriate.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny SMUD's motion to admit into evidence two exhibits that it did not use at trial or include in its post-trial exhibit list submitted to the Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Russell Shultis by Joshua E. Gardner
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn. Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

JOSHUA E. GARDNER
SCOTT R. DAMELIN
Trial Attorney

Department of Justice

October 17, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 17th day of October, 2006, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF’S MOTION TO READMIT TWO EXHIBITS INTO THE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joshua E. Gardner