# In the United States Court of Federal Claims

No. 98-488C
Filed December 29, 2006
**TO BE PUBLISHED**

| | |
|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT, Plaintiff, v. THE UNITED STATES, Defendant. | U.S. CONST. AMEND V. |

**Howard N. Cayne**, Arnold & Porter, LLP, Washington, D.C.; **David S. Neslin** and **Timothy R. Macdonald**, Arnold & Porter, LLP, Denver, Colorado, counsel for Plaintiff.

**Russell Alan Shultis**, **Alan J. Lo Re**, **Scott R. Damelin**, **Joshua E. Garnder**, **Todd J. Cochran**, and **Elizabeth Thomas**, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION AND ORDER CLARIFYING THE COURT'S DECEMBER 1, 2006 FINAL JUDGMENT REGARDING DAMAGES

**BRADEN,** *Judge.*

On December 1, 2006, the court issued a Memorandum Opinion on Reconsideration and Final Judgment Regarding Damages, awarding Plaintiff, Sacramento Municipal Utility District ("SMUD"), $39,796,234 in mitigation damages for the Government's January 31, 1998 partial breach of the June 14, 1983 Standard Contract. *See Sacramento Mun. Util. Dist.* v. *United States*, No. 98-488, slip. op. at 11 (Fed. Cl. December 1, 2006).

On December 18, 2006, SMUD filed an Unopposed Motion for Clarification of the Court's December 1, 2006 Opinion and Order as it relates to the disposition of SMUD's claims alleged under the Just Compensation Clause of the United States Constitution.

Count IV of the August 30, 2004 Amended Complaint alleged that SMUD had a vested contract right "to demand that the Government dispose of SMUD's spent nuclear fuel in a timely manner" that was taken without just compensation when the Government failed to meet its obligations under the Standard Contract. *See* Am. Compl. ¶¶ 70-80; *see also* U.S. CONST. AMEND V ("Nor shall private property be taken for public use, without just compensation[.]"). Count V of the August 30, 2004 Amended Complaint further alleged that SMUD's real property was taken without just compensation when the Government's failure to dispose of SMUD's spent nuclear fuel "forced SMUD to devote economically valuable real property to the storage of spent nuclear fuel." *See* Am. Compl. ¶¶ 81-83.

The United States Court of Appeals for the Federal Circuit has held that when the government acts as a contractual partner in a commercial venture, the rights and responsibilities of the parties must be analyzed with reference to the contract: "The concept of a taking as a compensable claim theory has limited application to the relative rights of party litigants when those rights have been voluntarily created by contract. In such instances, interference with such contractual rights generally gives rise to a breach claim not a taking claim." *Hughes Commc'ns Galaxy, Inc.* v. *United States*, 271 F.3d 1060, 1070 (Fed. Cir. 2001) (*quoting Sun Oil Co.* v. *United States*, 572 F.2d 786, 818 (1978)). Therefore, such claims "rarely arise under government contracts because the Government acts in its commercial or proprietary capacity in entering contracts, rather than in its sovereign capacity. Accordingly, remedies arise from the contracts themselves, rather than from the constitutional protection of private property rights." *Id.* at 1070; *cf. Feltner* v. *Columbia Pictures Television, Inc.*, 523 U.S. 340, 345 ("Before inquiring into the applicability of [a constitutional claim], we must first ascertain whether a construction of the statute is fairly possible by which the [constitutional] question may be avoided." (citations omitted)).

In this case, SMUD contracted to pay the Government to dispose of SMUD's spent nuclear fuel. Accordingly, the allocation of costs associated with the failure of this commercial agreement first must be adjudicated under contract law. *See Hughes Commc'ns*, 271 F.3d at 1070.

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**